IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMIAH M., HANNAH M. and HUNTER M. by their next friend Lisa Nicolai; MARY B. and CONNOR B. by their next friend Charles Ketcham; DAVID V., GEORGE V., LAWRENCE V., KAREN V., and DAMIEN V. by their next friend Michelle Caldwell; and RACHEL T., ELEANOR T. and GAYLE T. by their next friend Rebecca Fahnestock, individually and on behalf of all other similarly situated,<br><br>                  Plaintiffs,<br><br>  vs.<br><br>ADAM CRUM, Director, Alaska Department of Health and Social Services, in his official capacity; KIM GUAY, Director, Office of Children's Services, in her official capacity; ALASKA DEPARTMENT OF HEALTH AND SOCIAL SERVICES; and ALASKA OFFICE OF CHILDREN'S SERVICES,<br><br>                  Defendants. | Case No. 3:22-cv-00129-JMK<br><br>**ORDER ON MOTION FOR EXPEDITED CONSIDERATION AND MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** |

       Pending before the Court is Defendants Adam Crum, Kim Guay, the Alaska Department of Health and Social Services, and Alaska Office of Children's Services'

(collectively, the "Defendants") Motion for Expedited Consideration at Docket 9 ("Motion to Expedite"). Defendants request expedited consideration of their underlying Motion for an Extension of Time to Respond to Plaintiffs' Complaint ("Motion for Extension of Time").[1] For the following reasons, the Court GRANTS Defendants' Motion to Expedite and also GRANTS Defendants' underlying Motion for Extension of Time.

## I. BACKGROUND

The Complaint in this putative class action was filed on May 20, 2022.[2] According to Defendants, the summons and a listing of the parties were delivered to the offices of Mr. Crum, Ms. Guay, and the Alaska Department of Law on May 25, 2022.[3] Defendants assert that service was defective under Federal Rule of Civil Procedure 4(j)(2) because the May 25, 2022, deliveries did not include a copy of the Complaint.[4]

In their Motion for Extension of Time, Defendants request a 45-day extension of their deadline to file an Answer or Rule 12(b) motion.[5] Allowing an additional 45 days after the 21-day deadline imposed by the Federal Rules of Civil Procedure would set Defendants' new deadline to respond to the Complaint at 66 days after the date of service.[6] Defendants seek expedited consideration of their Motion for Extension of Time, arguing that if the Motion proceeds on a standard briefing schedule, briefing may not be completed until the eve of their deadline to respond to the Complaint.[7]

---

[1] Docket 9-2.
[2] Docket 1.
[3] Docket 9-3 at 2.
[4] Docket 9-2 at 3.
[5] *Id.* at 5.
[6] *Id.*; *see also* Fed. R. Civ. P. 12(a)(1).
[7] Docket 9 at 3.

*Jeremiah M., et al. v. Crum, et al.*     Case No. 3:22-cv-00129-JMK
Order on Motion for Expedited Consideration and Motion for Extension of Time     Page 2
Case 3:22-cv-00129-JMK    Document 10    Filed 06/22/22    Page 2 of 6

"[I]n an attempt to avoid unnecessary motion practice" related to service of process, Defendants' counsel contacted Plaintiffs' counsel on June 9, 2022, to inform Plaintiffs of the defects in service.[8] Defendants' counsel also requested additional time to respond to the Complaint once service was properly effectuated.[9] On June 15, 2022, Plaintiffs' counsel confirmed with Defendants that Plaintiffs had failed to properly serve a copy of the Complaint.[10] Plaintiffs' counsel also stated that Plaintiffs would consent to Defendants' request for an extension of time only if Defendants agreed to produce Alaska Office of Children's Services ("OCS") records for each of the named Plaintiffs "so the parties could begin to work on a discovery plan."[11] Defendants stated that they were not in a position to agree to Plaintiffs' request because "the production of OCS records for each plaintiff requires a sequence of internal approvals, careful review (and potentially, redaction), adherence to confidentiality and privilege protections, and multiple protective orders issued by different courts."[12] Defendants then filed their Motion for Extension of Time and accompanying Motion to Expedite.[13]

## II. DISCUSSION

### A. Motion to Expedite

Local Civil Rule 7.3(1)(A) provides that any motion for expedited consideration must be supported by a declaration or affidavit "showing good cause for a

---

[8] Docker 9-3 at 2.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 2–3.
[13] *See* Docket 9.

*Jeremiah M., et al. v. Crum, et al.*     Case No. 3:22-cv-00129-JMK
Order on Motion for Expedited Consideration and Motion for Extension of Time     Page 3
Case 3:22-cv-00129-JMK    Document 10    Filed 06/22/22    Page 3 of 6

determination on expedited consideration, including any efforts to resolve the matter between the parties . . . ." Defendants have satisfied these requirements. Defendants submitted a Declaration of Counsel with their Motion to Expedite, which describes the parties' communications regarding the extension and indicates that a prompt decision from this Court is needed to avoid running up against Defendants' deadline to respond under the Federal Rules of Civil Procedure.[14] Accordingly, the Court finds that expedited consideration is proper here and issues this Order in advance of the June 24, 2022, decision date requested by Defendants.

B. **Motion for Extension of Time**

Federal Rule of Civil Procedure 6(b)(1)(A) provides that the court may extend time for good cause "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." "'Good cause' is a non-rigorous standard."[15] As such, requests for extensions of time made before the applicable deadline has expired ordinarily should "be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."[16]

Defendants filed their Motion for Extension well in advance of their deadline to respond the Complaint. In fact, the parties appear to agree that service in this matter was defective, meaning that the 21-day deadline under the Federal Rules of Civil Procedure has

---

[14] *See generally* Docket 9-3.
[15] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).
[16] *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

*Jeremiah M., et al. v. Crum, et al.*     Case No. 3:22-cv-00129-JMK
Order on Motion for Expedited Consideration and Motion for Extension of Time     Page 4

Case 3:22-cv-00129-JMK    Document 10    Filed 06/22/22    Page 4 of 6

not yet been triggered.[17] Further, Defendants clearly have met the "non-rigorous" good cause standard. Defendants assert they need additional time to respond to the Complaint because (i) this case is factually complex and Defendants need time to investigate the factual allegations related to the thirteen named Plaintiffs; (ii) this case involves complicated questions of law; (iii) Plaintiffs request broad relief, including five declaratory judgments and eighteen injunctions; (iv) the briefing of a potential motion to dismiss implicates foundational and jurisdictional questions which will require significant attorney time to research; (v) the Alaska Department of Health and Social Services recently was split into two separate departments, which complicates Defendants' counsel's ability to interact with client representatives; and (vi) Defendants' counsel has several competing upcoming court deadlines and appearances.[18] Together, these circumstances constitute good cause for an extension and do not indicate that Defendants have acted in bad faith. Moreover, there is no evidence that Plaintiffs will be prejudiced by allowing Defendants a modest extension in this complex case. On the contrary, the Court and the parties will each benefit from a complete and fulsome response to the Complaint.

        Finally, the Court takes this opportunity to emphasize that it expects meaningful cooperation between the parties throughout the pendency of this complex litigation. Reasonable requests for extensions, such as this one, should be seriously

---

[17] *See* Docket 9-3 at 2; *see also* Fed. R. Civ. P. 12(1)(A)(i) (providing that a defendant must serve an answer "within 21 days after being served with the summons and complaint.").

[18] Docket 9-2 at 5–7.

*Jeremiah M., et al. v. Crum, et al.*      Case No. 3:22-cv-00129-JMK
Order on Motion for Expedited Consideration and Motion for Extension of Time      Page 5

Case 3:22-cv-00129-JMK    Document 10    Filed 06/22/22    Page 5 of 6

considered by the opposing party. Going forward, the Court anticipates that the parties will work together to resolve issues as best they can prior to seeking judicial intervention.[19]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Expedite and Motion for Extension of Time are GRANTED. Accordingly, IT IS ORDERED THAT:

1. Plaintiffs shall file a Notice with this Court indicating when service has been perfected.

2. Defendants shall have 66 days from the date of service to answer or otherwise respond to the Complaint.

IT IS SO ORDERED this 22nd day of June, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[19] *See* L. Civ. R. 1.1(c)(3) ("Parties and their lawyers must work cooperatively to achieve the purposes of these rules.").

*Jeremiah M., et al. v. Crum, et al.*     Case No. 3:22-cv-00129-JMK
Order on Motion for Expedited Consideration and Motion for Extension of Time     Page 6
Case 3:22-cv-00129-JMK   Document 10   Filed 06/22/22   Page 6 of 6