IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMIAH M., HANNAH M. and HUNTER M. by their next friend Lisa Nicolai; MARY B. and CONNOR B. by their next friend Charles Ketcham; DAVID V., GEORGE V., LAWRENCE V., KAREN V., and DAMIEN V. by their next friend Michelle Caldwell; and RACHEL T., ELEANOR T. and GAYLE T. by their next friend Rebecca Fahnestock, individually and on behalf of all other similarly situated,<br><br>                Plaintiffs,<br><br>   vs.<br><br>ADAM CRUM, Director, Alaska Department of Health and Social Services, in his official capacity; KIM GUAY, Director, Office of Children's Services, in her official capacity; ALASKA DEPARTMENT OF HEALTH AND SOCIAL SERVICES; and ALASKA OFFICE OF CHILDREN'S SERVICES,<br><br>                Defendants. | Case No. 3:22-cv-00129-JMK<br><br>**INTERIM PROTECTIVE ORDER** |

To facilitate Defendants' production of the OCS Files to Plaintiffs, the Court, after considering the Unopposed Motion for Interim Protective Order, and pursuant to Federal Rule of Civil Procedure 26, finds:

Defendants have agreed to produce to Plaintiffs the Office of Children's Services (OCS) file for each of the fourteen named Plaintiffs (the "OCS Files"). The OCS Files contain documents and information that is confidential under Federal Rule of Civil Procedure 26(c) as well as Alaska and federal statutes.[1]

The OCS Files are highly sensitive, private, confidential, and/or privileged. If publicly released, it would result in embarrassment, invasion of privacy, and/or might result in other harm to the parties as well as non-parties. The OCS Files also may include protected information, including protected health information ("PHI") as described in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations,[2] drug and alcohol treatment information, and information concerning the physical and mental condition and treatment of the named Plaintiffs, health and other public benefits they receive, and other records associated with the administration of Alaska state programs as they pertain to named Plaintiffs.

Based on the parties' Unopposed Motion for Interim Protective Order and applicable case law governing the entry of protective orders, the Court finds good cause for entry of this Interim Protective Order ("Protective Order") to protect against disclosure of the OCS Files to individuals not authorized to receive the documents or the information contained therein.

**IT IS HEREBY ORDERED** as follows:

---

[1] *See, e.g.,* Alaska Stat. § 47.10.093.
[2] 45 C.F.R. § 164.512.

1.      Subject to the provisions of this Protective Order, the parties and their attorneys are hereby AUTHORIZED to use and disclose the OCS Files, including information contained therein that is protected by the statutes and regulations described above, to the extent necessary to prosecute or defend the claims in the above captioned matter.  Use of the OCS Files shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, competitive, or other purpose.

2.      The parties shall be permitted to use information derived from OCS Files in their public filings, provided that all information identifying the Plaintiffs is properly redacted and pseudonyms are used where appropriate.  Pseudonyms or redactions, as appropriate, should be used for the following categories of information:  the names and nicknames of Plaintiffs and their family members, foster families, guardians (not including guardians ad litem), friends, and acquaintances (for the Named Plaintiffs, the pseudonyms under which they appear in the Amended Complaint[3] may be used); social security numbers; names of the Plaintiffs' teachers; names of Plaintiffs' health care providers; names of the Plaintiffs' school(s) (current or former); and names of towns and cities in which a Plaintiff or family member lives or has lived.

3.      If portions of the OCS Files that contain individually identifiable information are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:  **CONFIDENTIAL—FILED UNDER SEAL**.  Portions

---

[3] Docket 16.

of the OCS Files that do not contain individually identifiable information may be filed publicly.

4. If a party is filing any portion of the OCS Files that contains protected individually identifiable information, that party shall reference this Protective Order in submitting the documents filed under seal and shall follow the procedures in Paragraph 2 and the Local Rules.[4]

5. Except as set forth in this Protective Order, use of any portion of the OCS Files, including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Counsel of record for the parties (including Assistant Attorneys General, partners, and associates employed by counsel of record's firms), and the administrative staff of counsel of record's firms.

    b. In-house or outside counsel for the parties, and the administrative staff for each in-house or outside counsel.

    c. Any party to this action who is an individual, including the party's next friend, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

---

[4] *See* D. Alaska Loc. Civ. R. 7.3(f).

d. Independent consultants or expert witnesses (including partners, associates, and employees of the firm that employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, litigation technology and service providers, trial support firms, and translators who are engaged by the parties during the litigation of this action.

6. Prior to being shown any OCS Files, any person listed under Paragraph 4(c) or 4(d) (except if that person is the producer or original recipient of the document or the designating party) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as **Exhibit A**.

7. This Protective Order does not restrict the use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation except that such use shall comply with Paragraphs 2 and 3 of this Protective Order. Should a dispute arise as to any specific information or document, the burden shall

be on the party claiming that such information or document was not lawfully obtained through means and sources outside of this litigation.

8. Within thirty days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential," as applicable, to respective counsel, or counsel may certify in writing that all copies of confidential information in the possession of the receiving party have been destroyed.

9. Nothing in this Order shall be interpreted as requiring any party to produce any information or documents. Nor shall this Protective Order constitute a waiver of any party's or non-party's right to move to stay discovery, oppose discovery, or any particular discovery request, or object to the admissibility of any document, testimony, or other information.

10. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of the OCS Files, or other modifications, subject to order by the Court.

11. The restrictions on disclosure and use of the OCS Files shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

*Jeremiah M., et al. v. Adam Crum, et al.*  
INTERIM PROTECTIVE ORDER

Case No. 3:22-cv-00129-JMK  
Page 6 of 8

12. It is agreed that if either party discloses privileged information or protected trial preparation materials, the parties understand that there will be no waiver of privilege or protection. A party may assert the privilege or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege or protection must promptly present the information to the Court under seal for a determination of the claim. Under Fed. R. Evid. 502(d), absent an expressed agreement to waive, the presumption will be in favor of privilege or protection.

13. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order. Disclosure of the OCS Files, or the contents thereof, to the media or via social media, is prohibited, except as provided in this Protective Order.

IT IS SO ORDERED this 30th day of August, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

# EXHIBIT A

I, _____, have been advised by counsel of record for _____ in *Jeremiah M.., et al. v. Adam Crum, et al.,* U.S. Dist. Ct. Alaska, Case No. 3:22-cv-00129-JMK of the Protective Order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the Protective Order and agree to abide by its terms.

_____
Signed

_____
Printed