IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMIAH M., HANNAH M. and HUNTER M. by their next friend Lisa Nicolai, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> ADAM CRUM, Director, Alaska Department of Health and Social Services, in his official capacity; *et al.*, <br><br> Defendants. | Case No. 3:22-cv-00129-JMK <br><br> **ORDER DENYING AS MOOT DEFENDANTS' MOTION TO STAY DISCOVERY** |

Pending before the Court at Docket 39 is Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss. Plaintiffs responded in opposition at Docket 40. Defendants filed a reply at Docket 41. For the following reasons, Defendants' Motion is DENIED AS MOOT.

## I. BACKGROUND

This is a putative class action alleging that the administration of the Alaska child welfare system violates Plaintiffs' rights under the United States Constitution and

several federal statutes.[1] Plaintiffs brought this action on May 20, 2022.[2] On July 15, 2022, Plaintiffs filed an Amended Complaint.[3] On August 26, 2022, Defendants moved to dismiss Plaintiffs' Amended Complaint on multiple grounds, including several doctrines of abstention, lack of standing, and failure to state a claim upon which relief can be granted.[4] Defendants' Motion to Dismiss is now fully briefed and oral argument is set for December 20, 2022.[5]

On October 17, 2022, Defendants filed the present Motion, seeking to stay discovery pending the outcome of their Motion to Dismiss.[6] Defendants indicate that they agreed to voluntarily produce the Office of Children's Services ("OCS") files for the fourteen Named Plaintiffs in this action.[7] At this time, Defendants have produced OCS files for eight of the fourteen Named Plaintiffs.[8] No other discovery has taken place, the parties have not engaged in a Federal Rule of Civil Procedure Rule 26(f) Conference, and the Court has not set issued a Rule 16 Scheduling Order.[9]

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."[10]

---

[1] *See* Docket 16.
[2] Docket 1.
[3] Docket 16.
[4] *See* Docket 23.
[5] *See* Docket 30; Docket 37; Docket 38.
[6] Docket 39.
[7] *Id.* at 1.
[8] *Id.* at 6.
[9] *Id.* at 3–4.
[10] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600–01 (D. Nev. 2011).

*Jeremiah M. et al v. Crum et al.* Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery Page 2
Case 3:22-cv-00129-JMK   Document 42   Filed 11/17/22   Page 2 of 10

Nevertheless, district courts have broad discretion to control discovery and, as such, may enter a protective order staying discovery when appropriate.[11] While Federal Rule of Civil Procedure 26(c)(1) provides that the Court may issue a protective order limiting discovery upon a showing of good cause, neither the Federal Rules of Civil Procedure nor Ninth Circuit case law provides specific standards to assess whether a court should stay discovery pending a potentially dispositive motion.[12]

Although a uniform standard is lacking here, the Ninth Circuit has provided some guidance that is helpful for this analysis. The Ninth Circuit has found that "a district may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."[13] The Ninth Circuit has also suggested that discovery stays are appropriate (1) in complex cases, such as antitrust cases, "because the costs of discovery in such actions are prohibitive";[14] and (2) when the pending motion to dismiss requires resolution of threshold issues, like jurisdiction or immunity.[15] Finally, the Ninth Circuit has found that it is improper to impose a discovery stay when the pending dispositive motion would benefit from additional discovery.[16]

---

[11] *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011).

[12] *E.g.*, *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-cv-0580-AC, 2016 WL 6963039, at *4 (D. Or. Nov. 28, 2016).

[13] *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981)).

[14] See *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

[15] *Jeter v. President of the United States*, 670 F. App'x 493, 494 (9th Cir. 2016); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

[16] See *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993); see also *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Since the appellants' complaint did not raise factual issues that required discovery for their resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss.").

*Jeremiah M. et al v. Crum et al.*     Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery     Page 3
Case 3:22-cv-00129-JMK    Document 42    Filed 11/17/22    Page 3 of 10

District courts within the Ninth Circuit have taken differing approaches to evaluating the propriety of granting discovery stays.[17] Courts within this Circuit often apply a two-part test, inquiring: (1) whether "the pending motion is dispositive of the entire case, or at least dispositive on the issue at which the discovery is aimed," and (2) whether "the pending, potentially dispositive motion can be decided absent additional discovery."[18] If both prongs are answered in the affirmative, the court may issue a stay.[19] In applying this test, the court takes a "preliminary peek" at the merits of the pending motion to dismiss to assess whether a stay is warranted.[20] Other courts engage in a "case-specific inquiry framed by a set of relevant factors."[21] Finally, courts within this Circuit often comment that a party seeking a stay of discovery "carries the heavy burden of making a 'strong

---

[17] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (discussing the different approaches taken by district courts in the Ninth Circuit).

[18] *Serenium, Inc. v. Zhou*, No. 20-cv-02132-BLF (NC), 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021); *see also Dorian v. Amazon Web Servs., Inc.*, No. 2:22-cv-00269, 2022 WL 3155369, at *1 (W.D. Wash. Aug. 8, 2022); *Bralich v. Sullivan,* No. CIVIL NO. 17-00547 ACK-RLP, 2018 WL 11260499, at *1 (D. Haw. Mar. 20, 2018); *Mlejnecky v. Olympus Imaging Am., Inc.,* No. 2:10-cv-02630, 2011 WL 489743, at *6–7 (E.D. Cal. Feb. 7, 2011).

[19] *Serenium*, 2021 WL 7541379, at *1 (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 220 F.R.D. 349, 351 (N.D. Cal. 2003)).

[20] *Id.* Some courts frame this as a three-part test, with the "preliminary peek" as the third prong. *See Kramer v. JPMorgan Chase Bank, N.A.,* No. 2:21-cv-01585-RFB-BNW, 2021 WL 5889527, at *2 (D. Nev. Dec. 13, 2021).

[21] *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-cv-0580-AC, 2016 WL 6963039, at *5 (D. Or. Nov. 28, 2016); *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) ("Factors the court should consider include: '[T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.'") (quoting *Hachette Distribution, Inc. v. Hudson County News Company,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

*Jeremiah M. et al v. Crum et al.*     Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery     Page 4
Case 3:22-cv-00129-JMK    Document 42    Filed 11/17/22    Page 4 of 10

showing' why discovery should be denied."[22]  To meet this burden, the moving party must "show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."[23]

### III. DISCUSSION

Defendants move to stay discovery in this proceeding pending the outcome of their Motion to Dismiss because: (1) their Motion to Dismiss concerns threshold jurisdictional issues and is potentially dispositive of the entire case; (2) the Motion to Dismiss may be decided without discovery; and (3) discovery costs will be prohibitive.[24] Defendants also argue that any prejudice Plaintiffs may incur from a discovery stay is mitigated by the fact that (1) the Alaska superior court presents a competent forum "ready, willing, and able to address any concerns that [the Named Plaintiffs] might have about their treatment in OCS custody"; (2) Defendants already have produced OCS files for certain of the Named Plaintiffs; and (3) discovery in this case will fall almost exclusively on Defendants.[25]  In opposition, Plaintiffs argue that the Court may find good cause to stay discovery only when "there is an immediate and clear possibility" that the pending dispositive motion will be granted or when the court is "*convinced*" that the plaintiff will be unable to state a claim.[26]  Plaintiffs also urge that, when considering a discovery stay, a

---

[22] *See, e.g.*, *Micron Tech., Inc. v. United Microelectronics Corp.,* No. 17-CV-06932-JSW, 2018 WL 7288018, at *1 (N.D. Cal. Mar. 16, 2018); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).
[23] *Gray*, 133 F.R.D. at 40 (quoting *Blankenship*, 519 F.2d at 429).
[24] Docket 39 at 5–9.
[25] *Id.* at 9.
[26] Docket 40 at 2–3.

*Jeremiah M. et al v. Crum et al.* Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery Page 5
Case 3:22-cv-00129-JMK   Document 42   Filed 11/17/22   Page 5 of 10

court should weigh the equities pursuant to *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005).[27]

At the outset, the Court notes that Defendants' Motion places the Court in the peculiar position of assessing whether discovery should be stayed before discovery has been opened. Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except . . . when authorized by these rules, by stipulation, or by court order." Rule 26(f)(1) requires the parties to confer regarding discovery "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)" except when the court orders otherwise. Here, the parties have not yet held a Rule 26(f) conference.[28] Accordingly, in the absence of a stipulation or a court order allowing discovery before a Rule 26(f) conference, discovery is not yet permitted in this action.[29] Defendants' Motion to Stay Discovery therefore is premature because "[d]iscovery cannot be stayed until it is opened."[30] Accordingly, Defendants' Motion is DENIED AS MOOT.

Regarding the timing of discovery in this case, the Court recognizes that Plaintiffs requested Defendants' participation in a Rule 26(f) conference to kickstart the discovery process.[31] Defendants refused to participate "[s]ince discovery arguably

---

[27] *Id.* at 3–4, 17–20.
[28] Docket 39 at 4 n.6.
[29] Fed. R. Civ. P. 26(d)(1).
[30] *Contentguard Holdings, Inc. v. ZTE Corp.*, CASE NO. 12cv1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013).
[31] Docket 39 at 4 n.6. Plaintiffs have not moved to compel Defendants' participation in a Rule 26(f) conference or sought a court order allowing discovery before such a conference. Courts

*Jeremiah M. et al v. Crum et al.*     Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery     Page 6
Case 3:22-cv-00129-JMK   Document 42   Filed 11/17/22   Page 6 of 10

commences after the conference, [they] are presently reluctant to participate and risk waiving their argument that discovery should be stayed."[32] The Court finds that there is good cause for delay in issuing a scheduling order under Rule 16(b)(2) and will order that the parties shall conduct a Rule 26(f) Conference after a ruling on the Defendants' Motion to Dismiss.[33] Therefore, pursuant to Rule 26(d), absent a stipulation or court order, discovery will not commence until after the Motion to Dismiss has been ruled on. Good cause exists for this delay because, without opining on the merits of Defendants' arguments, the Defendants' Motion to Dismiss has the potential to significantly change the scope of this litigation, as it challenges this Court's jurisdiction, Plaintiffs' standing, and the sufficiency of the Amended Complaint.[34] "[D]elaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources."[35]

---

within this circuit require a party moving to compel participation in a Rule 26(f) Conference or to permit early discovery to demonstrate good cause. *Yagman v. Garcetti*, Case No. CV 20-02722 DMG (JEMx), 2020 WL 8125658, at *1 (C.D. Cal. Sept. 3, 2020) (collecting cases); *Zappia v. World Sav. Bank FSB*, No. 14cv1428-WQH DHB, 2015 WL 1608921, at *2 (S.D. Cal. Apr. 10, 2015). Good cause often is found lacking where, as here, the pleadings have not been resolved. *Yagman*, 2020 WL 8125658, at *1 (collecting cases); *Vineyard Investigations v. E. & J. Gallo Winery*, No. 1:19-cv-01482-NONE-SKO, 2020 WL 7342632, at *3 (E.D. Cal. Dec. 14, 2020).
[32] Docket 39 at 4 n.6.
[33] The Court will issue its Order Re Initial Scheduling and Planning Report following its decision on Defendants' Motion to Dismiss. This Order will contain a deadline for scheduling a Rule 26(f) conference and instructions on how to prepare a Scheduling and Planning Report.
[34] *See* Docket 23.
[35] *In re Morning Song Bird Food Litig.*, No. 12cv1592 JAH (RBB), 2013 WL 12143948, at *3 (S.D. Cal. Apr. 3, 2013); *see also Vineyard Investigations*, 2020 WL 7342632, at *2 ("This Court and others within the Ninth Circuit have declined to require participation in a Rule 26(f) conference where it is not 'practicable,' given the stage of the proceedings.").

*Jeremiah M. et al v. Crum et al.*  Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery  Page 7
Case 3:22-cv-00129-JMK   Document 42   Filed 11/17/22   Page 7 of 10

The Court acknowledges that the practical effect of its delaying the Rule 26(f) conference is the same as if Defendants' Motion to Stay Discovery were granted. In that vein, the Court notes that, even if discovery already had been triggered, this case presents with many of the features that district courts and the Ninth Circuit have held warrant a stay of discovery. The pending Motion to Dismiss potentially is dispositive of the entire case and neither party disputes that discovery unnecessary to its resolution. The Motion to Dismiss concerns preliminary "threshold" issues, like abstention and standing.[36] Further, this is a complex case which likely will involve voluminous and costly discovery of sensitive information.[37]

While, after a "peek" at Defendants' Motion to Dismiss, the Court is not convinced Plaintiffs are unable to state a claim for relief or that there is an immediate and clear possibility that the Motion will be granted, Ninth Circuit law does not support Plaintiffs' contention that these are only two ways to demonstrate good cause for a

---

[36] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity.") (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Jeter v. President of the United States*, 670 F. App'x 493, 494 (9th Cir. 2016) (no abuse of discretion in granting defendants' motion for a discovery stay when pending motion to dismiss required resolution of jurisdictional issues); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (no abuse of discretion where the district court stayed discovery pending the resolution of an immunity issue).

[37] *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Est. of Graham v. Sothebys Inc*, No. 2:11-cv-08604-JHN-FFM, 2012 WL 13227047, at *1 (C.D. Cal. Mar. 28, 2012) ("[I]n the context of a constitutional challenge to a longstanding California statute, staying discovery pending a decision in the 12(b)(6) motions makes good sense because a decision in favor of Defendants will dispose of the case completely and avoid the burdens and costs associated with discovery.").

*Jeremiah M. et al v. Crum et al.*     Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery     Page 8
Case 3:22-cv-00129-JMK     Document 42     Filed 11/17/22     Page 8 of 10

discovery stay.[38] Additionally, this Court is not convinced by Plaintiffs' argument that the Court should import the standard governing *Landis* stays to assess a motion to stay discovery.[39] Under *Landis* and its progeny, district courts have discretionary power to stay proceedings pending the outcome of independent proceedings in another tribunal.[40] The *Landis* line of cases therefore typically apply to a stay of entire proceedings, not to stays of discovery.[41] Further, Defendants do not argue that the outcome of a parallel proceeding will potentially impact this action. Thus, Plaintiffs do not assert an adequate legal basis for the Court's consideration of their argument that the equities, including ongoing harm to Plaintiffs and the public interest in the expeditious resolution of this litigation, militate against a stay in this case. Even if the Court were to consider Plaintiffs' prejudice arguments, Plaintiffs have not demonstrated how a modest "stay" of discovery would cause them prejudice. As discussed above, Plaintiffs are not prejudiced by their inability to seek discovery to which they currently are not entitled under the Federal Rules of Civil Procedure. Lastly, any delay in discovery will be brief in the larger context of this

---

[38] *See Page v. Shumaker Mallory,* LLP, No. 2:21-cv-02002-KJD-BNW, 2022 WL 1308286, at *1 (D. Nev. Apr. 29, 2022) (collecting cases and interpreting Ninth Circuit case law to mean that when a court is convinced plaintiff could not state a claim for relief is one scenario where it would be appropriate to stay discovery but not the only scenario); *see also Clardy v. Gilmore,* 773 F. App'x 958, 959 (9th Cir. 2019) (affirming discovery stay without discussing "convinced" or "immediate and clear possibility" standards); *Jeter v. President of the United States,* 670 F. App'x 493, 494 (9th Cir. 2016) (same); *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984) (same).

[39] Docket 40 at 3 (citing *Lockyer v. Mirant Corp.,* 398 F.3d 1098 (9th Cir. 2005)).

[40] *See Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1112 (9th Cir. 2005); *Johnson v. City of Mesa,* No. CV-19-02827-PHX-JAT, 2022 WL 137619, at *3 (D. Ariz. Jan. 14, 2022) (granting *Landis* stay pending the outcome of an interlocutory appeal).

[41] *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

*Jeremiah M. et al v. Crum et al.*     Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery     Page 9
Case 3:22-cv-00129-JMK    Document 42    Filed 11/17/22    Page 9 of 10

litigation, as the Court is set to hear argument on Defendants' Motion to Dismiss next month.

## V. CONCLUSION

Defendants' Motion to Stay Discovery pending the outcome of their Motion to Dismiss is DENIED AS MOOT. Discovery has not yet begun and therefore cannot be stayed. The Court finds there is good cause to delay the Rule 26(f) conference and the issuance of a Scheduling Order until after the resolution of Defendants' Motion to Dismiss. Accordingly, absent a stipulation or a court order to the contrary, discovery obligations will not be triggered until the resolution of Defendants' Motion to Dismiss.

IT IS SO ORDERED this 17th day of November, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Jeremiah M. et al v. Crum et al.* Case No. 3:22-cv-00129-JMK
Order Denying as Moot Defendants' Motion to Stay Discovery Page 10
Case 3:22-cv-00129-JMK   Document 42   Filed 11/17/22   Page 10 of 10