Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Julia K. Tebor (*pro hac vice*)
jtebor@abetterchildhood.org
Anastasia Benedetto (*pro hac vice*)
abenedetto@abetterchildhood.org
David Baloche (*pro hac vice*)
dbaloche@abetterchildhood.org
**A BETTER CHILDHOOD**
355 Lexington Avenue, Floor 16
New York, NY 10017
Telephone: (646) 795-4456

Elena M. Romerdahl, AK Bar No. 1509072
eromerdahl@perkinscoie.com
Hannah Paton, AK Bar No. 2309095
hpaton@perkinscoie.com
**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501
Telephone: (907) 279-8561

James J. Davis, Jr., AK Bar No. 9412140
jdavis@njp-law.com
Nicholas Feronti, AK Bar No. 2106069
nferonti@njp-law.com
Savannah V. Fletcher, AK Bar No. 1811127
sfletcher@njp-law.com
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Telephone: (907) 308-3395

Mark Regan, AK Bar No. 8409081
mregan@dlcak.org
**DISABILITY LAW CENTER OF ALASKA**
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone: (907) 565-1002

*Attorneys for Plaintiffs*

Motion to Compel Site Inspection
*Jeremiah M. et al. v. Kim Kovol et al.* Case No. 3:22-cv-00129-SLG
Case 3:22-cv-00129-SLG   Document 152   Filed 12/02/24   Page 1 of 9

| | |
|---|---|
| Jeremiah M., Hannah M. and Hunter M. by their next friend Lisa Nicolai; Mary B. and Connor B. by their next friend Charles Ketcham; David V., George V., Lawrence V., Karen V., and Damien V. by their next friend Merle A. Maxson; Rachel T., Eleanor T. and Gayle T. by their next friend Rebecca Fahnestock, and Lana H. by her next friend Melissa Skarbek, individually and on behalf of all other similarly situated<br><br>                    Plaintiffs,<br><br>  v.<br><br>KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity; KIM GUAY, Director, Office of Children's Services, in her official capacity; ALASKA DEPARTMENT OF FAMILY AND COMMMUNITY SERVICES; and ALASKA OFFICE OF CHILDREN'S SERVICES,<br><br>                    Defendants. | Case No. 3:22-cv-00129-SLG |

# PLAINTIFFS' MOTION TO COMPEL INTERVIEWS AT SITE INSPECTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1(c), Plaintiffs move to compel Plaintiffs' Request to Enter Onto Land and Inspect Premises and Documents. Defendants have agreed to allow Plaintiffs' expert to enter the Alaska Psychiatric Institute ("API") but will not agree to allow Plaintiffs' expert to interview willing children and staff members at the facility.[1]

The parties have conferred pursuant to Local Rule 37.1(b) and are unable to come to an agreement. Accordingly, Plaintiffs respectfully request that the Court compel Defendants to allow Plaintiffs' expert to perform interviews at API.

## I. BACKGROUND

On October 15, 2024, Plaintiffs served Defendants with a Request to Enter Onto Land and Inspect Premises and Documents, seeking permission for Plaintiffs' Americans with Disabilities Act ("ADA") expert to inspect four facilities, speak with staff and youth in OCS custody, and review records related to foster youth in OCS care at: (1) North Star Hospital; (2) Providence Alaska Medical Center Discovery Unit; (3) AK Child & Family; and (4) Alaska Psychiatric Institute ("API"). Ex. A.[2] All four facilities are ones in which OCS places

---

[1] Plaintiffs' Request to Enter Onto Land and Inspect Premises also requested the ability to inspect three other facilities: (1) North Star Hospital; (2) Providence Alaska Medical Center Discovery Unit; and (3) AK Child & Family. Defendants claim that they do not have possession or control over these facilities because they are run by third parties. Plaintiffs plan to separately address these other facilities, and do not address the inspection of facilities other than API through this motion.

[2] Plaintiffs' exhibits are attached to the Declaration of Marcia Lowry ("Decl.") dated

foster children. Decl. ¶ 2 (citing M069232).

In an email dated October 18, 2024, Defendants informed Plaintiffs that they would tentatively allow only a visit to API but would not permit interviews at API. *See* Ex. B. Effectively, Plaintiffs' expert could walk around that one facility without speaking to anyone or asking any questions. Defendants served official Responses and Objections on November 14, 2024. Ex. C. Throughout subsequent correspondence between the parties, Defendants maintained their objections to any interviews at API. Exs. D-E. Plaintiffs informed Defendants that they would move to compel if the parties could not reach a compromise.

## II. LEGAL STANDARD

A party moving to compel discovery must address "why the [nonmoving party's] objections are not justified or why the response provided is deficient, and how proportionality and the other requirements of the Federal Rules of Civil Procedure 26(b) are met." *Norbert v. S.F. Sheriff's Dep't*, No. 19-cv-02724-SK, 2020 U.S. Dist. LEXIS 250985, at *14 (N.D. Cal. Jan. 23, 2020).

Rule 26(b) permits "discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought "need not be admissible at the trial"; however, it must appear to be "reasonably calculated to lead to the discovery of admissible evidence." *Estate of Mazon v. Cty. of Riverside,* 12-cv-2240, 2014 U.S. Dist. LEXIS 206712, at *7 (C.D. Cal. Mar. 26, 2014). Relevance for the purposes of discovery is defined broadly. *See Garneau v. City of Seattle,* 147 F.3d 802, 812

(9th Cir. 1998) (holding information is relevant to the subject matter if it might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement).

Rule of Civil Procedure 34(a)(2) governs sites inspections. This rule permits a party to "serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). *See Estate of Mazon*, 2014 U.S. Dist. LEXIS 206712 at *4 (affirming pursuant to Fed. R. Civ. P. 34(a)(2), a party has the right to request a site inspection on its own "reasonable terms" and the objecting party bears the burden of showing that inspection on those terms would create an undue burden or danger).

Rule 34 is intended to be liberally construed, and the requested inspections meet the broad relevance standard for discovery. *See Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961) ("Rule 34, like the other rules relating to discovery, is to be liberally construed").

### III. ARGUMENT

#### A. Plaintiffs are Permitted to Interview Children and Staff

Defendants object to Plaintiffs' expert conducting interviews with staff and children at API. However, as most courts, including those within the Ninth Circuit, have recognized, Rule 34 inspections may properly extend to interviews. In *Morales v. Tubman*, 59 F.R.D. 157 (E.D. Tex. 1972), the court interpreted Rule 34 to permit "the broadest sweep of access" including allowing experts to speak freely to inmates and staff at a Texas youth institution.

Motion to Compel Site Inspection
*Jeremiah M. et al. v. Kim Kovol et al.* Case No. 3:22-cv-00129-SLG
Case 3:22-cv-00129-SLG   Document 152   Filed 12/02/24   Page 5 of 9

Similarly, in *New York State Ass'n for Retarded Children v. Carey*, 706 F.2d 956 (2d Cir. 1983), the Second Circuit held that a district court did not abuse its discretion in permitting plaintiff's counsel to interview staff members at an institution for children with developmental disabilities under Rule 34. Other cases, such as *Coleman v. Schwarzenegger,* No. 90-cv-0520 LKK JFM P, 2007 U.S. Dist. LEXIS 99928 (E.D. Cal. Oct. 30, 2007), and *United States v. Erie Cty.*, No. 09-cv-849S, 2010 U.S. Dist. LEXIS 25646 (W.D.N.Y. Mar. 17, 2010), also support the conclusion that Rule 34 permits interviews in the context of site inspections.[3] Defendants' argument that interviews are not permissible under Rule 34 is thus meritless.

### B. The Inspections and Interviews Are Relevant to Plaintiffs' Claims

Defendants argue in their Responses and Objections that the requested inspections and interviews are unlikely to lead to relevant information. Ex. C. This argument overlooks the strong relevance of the requested inspections in relation to Plaintiffs' claims under the ADA, particularly regarding the risk of unnecessary institutionalization of foster children. As established in *Olmstead v. L.C. by Zimring,* 527 U.S. 581, 119 S. Ct. 2176 (1999), the ADA mandates that individuals with disabilities, including children in foster care, be provided services in the most integrated setting appropriate to their needs.

The requested inspections are essential for applying the three-step *Olmstead*

---

[3] Defendants contest Plaintiffs' expert's ability to perform interviews by citing one case from the District Court in the U.S. Virgin Islands. But in *United States v. Terr. of the V.I.*, 280 F.R.D. 232, 236 (D.V.I. 2012), the court addressed the scope of interviews, not the authority to conduct them.

framework: (1) determining if community-based services are appropriate for the foster children, (2) assessing whether the children object to institutionalization, and (3) evaluating whether placing the children in the community would be a reasonable accommodation. *Id*. Pl

Plaintiffs' ADA expert seeks the ability to perform interviews of willing staff members and children at API in order to better understand whether children are properly institutionalized. A site inspection with interviews of a sample of facilities where OCS places foster children is thus vital to informing Plaintiffs' ADA expert's evaluation and understanding of OCS's practices. Through interviews, Plaintiffs' expert can understand whether foster children remain unnecessarily institutionalized for prolonged periods of time and whether children who could be served by community-based services are unnecessarily institutionalized. Interviews at API by Plaintiffs' ADA expert are not only relevant, but essential for evaluating the extent of unnecessary institutionalization and the potential for less restrictive community-based placements.

Moreover, the need for the inspection outweighs any minor disruption to the facility. *See N.Y. State Ass'n for Retarded Children v. Carey*, 706 F.2d 956, 958 (2d Cir. 1983); *Safeco Ins. Co. of Am. v. Monroe*, No. 15-cv-1471, 2016 U.S. Dist. LEXIS 190260, at *8-9 (C.D. Cal. Jan. 11, 2016). Any disruption can be minimized by scheduling inspections at times that are less intrusive to the operations of the facility.

### C. Plaintiffs will Propose a Reasonable Time, Place, and Manner for the Inspection

Once Defendants either agree or are ordered by this Court to allow for interviews, Plaintiffs will promptly provide proposed dates and work to schedule the visit in a manner

that best suits the needs of the Parties and the facility. Plaintiffs have also already agreed to negotiate with Defendants regarding the manner of the inspection so as to ensure that the interviews are minimally disruptive to the facility.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Defendants to agree the requested interviews.

DATED: December 2, 2024.

Respectfully submitted,

/s/ *Marcia Robinson Lowry*

Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Julia K. Tebor (*pro hac vice*)
jtebor@abetterchildhood.org
Anastasia Benedetto (*pro hac vice*)
abenedetto@abetterchildhood.org
David Baloche (*pro hac vice*)
dbaloche@abetterchildhood.org
**A BETTER CHILDHOOD**
355 Lexington Avenue, Floor 16
New York, NY 10017
Telephone: (646) 795-4456

Elena M. Romerdahl, AK Bar No. 1509072
eromerdahl@perkinscoie.com
Hannah Paton, AK Bar No. 2309095
hpaton@perkinscoie.com
**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501
Telephone: (907) 279-8561

Motion to Compel Site Inspection
*Jeremiah M. et al. v. Kim Kovol et al.* Case No. 3:22-cv-00129-SLG
Case 3:22-cv-00129-SLG   Document 152   Filed 12/02/24   Page 8 of 9

James J. Davis, Jr., AK Bar No. 9412140
jdavis@njp-law.com
Nicholas Feronti, AK Bar No. 2106069
nferonti@njp-law.com
Savannah V. Fletcher, AK Bar No. 1811127
sfletcher@njp-law.com
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Telephone: (907) 308-3395

Mark Regan, AK Bar No. 8409081
mregan@dlcak.org
**DISABILITY LAW CENTER OF ALASKA**
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone: (907) 565-1002

*Attorneys for Plaintiffs*

Motion to Compel Site Inspection
*Jeremiah M. et al. v. Kim Kovol et al.* Case No. 3:22-cv-00129-SLG
Case 3:22-cv-00129-SLG   Document 152   Filed 12/02/24   Page 9 of 9