TREG TAYLOR
ATTORNEY GENERAL

Christopher A. Robison (Alaska Bar No. 2111126)
Margaret Paton-Walsh (Alaska Bar No. 0411074)
Katherine Demarest (Alaska Bar No. 1011074)
Jennifer Teitell (Alaska Bar No. 2405054)
Max J. Jenkins-Goetz (Alaska Bar No. 2408085)
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: chris.robison@alaska.gov
margaret.paton-walsh@alaska.gov
kate.demarest@alaska.gov
jennifer.teitell@alaska.gov
maxwell.jenkins-goetz@alaska.gov
Attorneys for State of Alaska

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| Jeremiah M., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Kim Kovol, et al., <br><br> Defendants. | Case No.: 3:22-cv-00129-SLG |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO QUASH OR MODIFY DEFENDANTS' THIRD-PARTY SUBPOENA DUCES TECUM TO AUTUMN SMITH-AMY**

**INTRODUCTION**

The defendants learned about Autumn Smith-Amy for the first time in October 2024 when her name appeared as one of 102 potential witnesses on the

plaintiffs' initial witness list.[1] That list provided no contact information nor any description of the subjects of her prospective testimony. The defendants located her, and she explained that she submitted an intake form to the plaintiffs' counsel, which led to this litigation.

After speaking to Ms. Smith-Amy, the defendants subpoenaed her for a deposition and requested that she produce two categories of communications—(1) her communications with the State regarding the Office of Children's Services (OCS) and (2) her communications with the plaintiffs' counsel regarding the lawsuit. The plaintiffs then moved to quash or modify the subpoena, asserting that Ms. Smith-Amy's communications with them are protected attorney work product.[2]

The motion should be denied for several reasons. First, the plaintiffs fail to meet their burden of establishing work product protection because they have not provided a privilege log allowing the defendants and the Court to assess the doctrine's applicability to the requested materials. Second, the materials requested can only be *at most* partially protected; *Ms. Smith-Amy's* communications are not *counsel's* work product. Third, to the extent that any of the requested documents do contain plaintiffs' counsel's mental impressions, the plaintiffs waived any protection by (1) not disclosing them on a privilege log months ago; and (2) sharing them with Ms. Smith-Amy (a non-party) and listing her

---

[1] Declaration of Chris Robison (Robison Dec.) at Ex. 4, Plaintiffs' Initial Witness List at 2.

[2] Docket No. 177.

*Jeremiah M., et al. v. Kovol, et al.*　　　　　　　　　　　　　　Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify　　　　Page 2 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG　Document 197　Filed 12/27/24　Page 2 of 17

as a key witness. Finally, even if the court concludes that the communications are attorney work product and protections have not been waived, the defendants have a substantial need for those materials. Ms. Smith-Amy is a key witness, and the defendants' first opportunity to discover anything about her testimony was in October 2024.

## BACKGROUND

**I.  The plaintiffs kept the state in the dark about Ms. Smith-Amy—apparently a key witness—through most of discovery.**

The plaintiffs served Rule 26(a)(1) Initial Disclosures on January 19, 2024.[3] The only non-State witnesses the plaintiffs named as having discoverable information were "the Next Friends named in the First Amended Complaint" (in other words, there was no mention of Ms. Smith-Amy).[4] Those disclosures have never been supplemented.

Ten months later, on October 15, 2024, the plaintiffs served their initial discovery witness list, listing 102 potential witnesses and identifying "Autumn Smith" for the first time.[5] But they provided no contact information nor any description of any witnesses' testimony. On October 31, "Autumn Smith" appeared again as one of 29 witnesses on the plaintiffs' final discovery witness list.[6] That list again provided no contact information for Ms. Smith nor any description of subjects about which she would testify.

---

[3]  Robison Dec. at Ex. 1, Plaintiffs' Initial Disclosures.

[4]  *Id*. at 4.

[5]  Robison Dec. at Ex. 4, Plaintiffs' Initial Witness List at 2.

[6]  Robison Dec. at Ex. 5, Plaintiffs' Final Witness List at 2.

*Jeremiah M., et al. v. Kovol, et al.*  Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify  Page 3 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

## II. The defendants contacted Ms. Smith-Amy, who reported that her communication of information to the plaintiffs' attorneys led to this lawsuit.

After learning about Ms. Smith-Amy through plaintiffs' witness lists and tracking down her contact information, the State's counsel contacted her on December 5, 2024 and asked about her relationship to the case.[7] Ms. Smith-Amy explained that she contacted the plaintiffs' attorneys at A Better Childhood and submitted an intake form alerting them to her concerns about Alaska's child welfare system.[8] She also said she has interacted with OCS as a consultant for families with children in the foster care system.[9]

The defendants served Ms. Smith-Amy with a subpoena to appear for a deposition and to produce documents.[10] The subpoena requested that she produce:

(1) Communications with the Office of Children's Services (OCS), other state agencies, or the State Legislature regarding child welfare in Alaska.

(2) Communications with any of the attorneys representing the plaintiffs in *Jeremiah M. et al. v. Kovol, et al.*[11]

---

[7] Robison Dec. at ¶ 2.
[8] *Id.*
[9] *Id.*
[10] Docket No. 178-1, Subpoena at 4.
[11] *Id.*

*Jeremiah M., et al. v. Kovol, et al.*                                Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify         Page 4 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG     Document 197     Filed 12/27/24     Page 4 of 17

Through counsel she retained to represent her at her deposition, Ms. Smith-Amy has expressed that she does not intend to assert that her communications with the plaintiffs' counsel are protected.[12]

The plaintiffs now move to quash or modify the subpoena.[13] They contend that their communications with Ms. Smith-Amy are uniformly and completely protected by the attorney work product doctrine.[14]

## GAL STANDARDS

Rule 26 requires initial disclosures providing the name and known contact information for individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," as well as "the subjects of that information."[15] The rule also requires

---

[12] Robison Dec. at Ex. 2, December 18 e-mail from Ms. Smith-Amy's counsel ("[U]nless they make an argument that completely subverts my concept of the privilege, we won't be joining a motion to quash on those grounds.").

[13] Docket No. 177.

[14] *Id.* at 6. The motion also asserts that "the first part of the subpoena is overly broad and unduly burdensome given that it requests 'any communications' with the state regarding child welfare, including with Defendants themselves." *Id.* at 4. But "[a] party generally lacks standing under Federal Rules of Civil Procedure Rule 45(c)(3) to challenge a subpoena issued to a non-party 'unless the party claims a personal right or privilege with respect to the documents requested in the subpoena.'" *Loop AI Labs Inc v. Gatti*, 2016 WL 787924, at *2 (N.D. Cal. Feb. 29, 2016) (quoting *In re REMEC, Inc. Sec. Litig.*, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008)). The defendants therefore focus on plaintiffs' work product protection arguments.

[15] Fed. R. Civ. P. 26(a)(1)(A)(i).

*Jeremiah M., et al. v. Kovol, et al.*            Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify            Page 5 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

initial disclosures to be supplemented in a timely manner.[16] The Advisory Committee Notes to the rule explain that "a major purpose" of the initial disclosure requirement "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information . . . ."[17]

Prior to trial, the parties must provide "the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises."[18] Failure to identify the subjects of a prospective witness's discoverable information may be grounds for exclusion of the witness's testimony.[19] Parties are "not required to blindly search for suit-related information that [the other side] possessed but failed to disclose."[20]

Otherwise discoverable information is sometimes protected by the work product doctrine. Rule 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for

---

[16] Fed. R. Civ. P. 26(e)(1).

[17] Fed. R. Civ. P. 26, Advisory Committee Notes; *Risinger v. SOC, LLC*, 306 F.R.D. 655, 661 (D. Nev. 2015).

[18] Fed. R. Civ. P. 26(a)(3)(A)(i).

[19] *E.g.*, *Rigby v. Philip Morris USA Inc.*, 717 F. App'x 834, 835 (11th Cir. 2017) (explaining that the plaintiffs "failed to disclose witnesses as required by Rule 26" because their disclosure "listed only [one person] as a person likely to have discoverable information . . . by name only" without describing "the subjects of that information" or providing contact information, and characterizing "the failure to include a description of the witness's discoverable information" as inexcusable).

[20] *Id.*

*Jeremiah M., et al. v. Kovol, et al.*                                 Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify            Page 6 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG     Document 197     Filed 12/27/24     Page 6 of 17

another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."[21] Such materials may nevertheless be discoverable if:

> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.[22]

Establishing work product protection therefore requires a showing that the document was prepared: (1) in anticipation of litigation; (2) by a party or its representative; and (3) not in the ordinary course of business.[23] The burden to establish the protection is on the proponent, and the argument for protection must be "specifically raised and demonstrated."[24] A party seeking to quash a subpoena bears the burden of persuasion to show the protection applies.[25]

The work product doctrine's "primary purpose" is to protect an attorney's thought processes, advice, and strategy from exploitation by the opposing party.[26] "[C]ommunications *from non-parties* to counsel for parties in a lawsuit," however,

---

[21] Fed. R. Civ. P. 26(b)(3).

[22] *Id.*

[23] *Ricoh Co., Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66, 68 (S.D.N.Y.2003)

[24] *S. Union Co. v. Sw. Gas Corp.*, 205 F.R.D. 542, 549 (D. Ariz. 2002).

[25] *BBK Tobacco & Foods LLP v. Skunk Inc.*, 2020 WL 2395104, at *2 (D. Ariz. May 12, 2020) (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)).

[26] *Holmaren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992).

*Jeremiah M., et al. v. Kovol, et al.*　　　　　　　　　　　　　　Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify　　　　Page 7 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG　　Document 197　　Filed 12/27/24　　Page 7 of 17

"generally do not qualify as attorney work product."[27] The work product doctrine also "does not protect against disclosure of facts or facts contained within work product."[28]

When an attorney communicates his or her work product "in a way inconsistent with keeping it from an adversary," the protection may be waived.[29] Waiver occurs where disclosure of protected work product to the third party is inconsistent with maintaining secrecy against opponents or "substantially increases the opportunity for potential adversaries to obtain the protected information."[30] Work product protection can also be waived "when an attorney attempts to use the work product as testimony or evidence."[31]

Finally, even if protections have not been waived, attorney work product materials can be obtained if "they are otherwise discoverable under Rule 26(b)(1); and . . . the party

---

[27] *Carpenter v. Churchville Greene Homeowner's Ass'n*, 2011 WL 4711961, at *10 (W.D.N.Y. Sept. 29, 2011) (emphasis added).

[28] *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2017 WL 11630961, at *6 (C.D. Cal. Dec. 1, 2017).

[29] *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020); *Ocean Beauty Seafoods, LLC v. Captain Alaska*, 2022 WL 16532799, at *3 (W.D. Wa. October 28, 2022) ("[E]ven if Hogan's communications to his friends contained mental impressions that would not be subject to discovery if Hogan had kept them to himself, he waived that work product immunity when he shared the work product with third parties . . . .").

[30] *Samuels v. Mitchell*, 155 F.R.D. 195, 200 (N.D. Cal. 1994); *Sec. & Exch. Comm'n v. Xia*, 2022 WL 377961, at *2 (E.D.N.Y. Feb. 8, 2022); *see also Lakehal-Ayat v. St. John Fisher Coll.*, 2022 WL 17687822, at *7 (W.D.N.Y. Dec. 15, 2022) ("[W]here a party has communicated with a third-party witness in preparation for that witness providing testimony in a matter, the opposing party should be entitled to inquire into the extent to which, if at all, the witness was coached or influenced.").

[31] *Hughes*, 2017 WL 11630961, at *8.

*Jeremiah M., et al. v. Kovol, et al.*  Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify  Page 8 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG   Document 197   Filed 12/27/24   Page 8 of 17

shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[32]

# ARGUMENT

## I. Plaintiffs' blanket assertion of work product is insufficient to meet their burden.

"The burden of establishing protection of materials as work product is on the proponent, and it must be specifically raised and demonstrated rather than asserted in a blanket fashion."[33] Meeting this burden requires presenting a privilege log or other supporting information to show that the work product protection applies to specific materials.[34] Merely "assert[ing] that the attorney work product doctrine applies because the documents sought by the subpoena were prepared for litigation" is insufficient.[35]

Here, the plaintiffs fail to meet their burden. They provide no privilege log nor any other tool from which the defendants and the Court can discern whether the

---

[32] Fed. R. Civ. P. 26(b)(3).

[33] *S. Union Co.*, 205 F.R.D. at 549.

[34] *Briggs v. Cnty. of Maricopa*, 2021 WL 1192819, at *8 (D. Ariz. Mar. 30, 2021); *Wickersham v. Eastside Distilling, Inc.*, 692 F. Supp. 3d 1052, 1069 (D. Or. 2023), aff'd in part, modified in part, 713 F. Supp. 3d 1013 (D. Or. 2024) ("If any of the subpoenaed third parties withhold any documents based on privilege or work product, they shall promptly produce a privilege log that makes a prima facie showing that the materials are privileged by identifying '(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated'") (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)).

[35] *Briggs*, 2021 WL 1192819, at *8.

Jeremiah M., et al. v. Kovol, et al.                                       Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify         Page 9 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG     Document 197     Filed 12/27/24     Page 9 of 17

communications in fact contain plaintiffs' counsel's mental impressions in preparation for litigation along with Ms. Smith-Amy's communication of facts known to her and her opinions, which would not qualify as work product. A suitable privilege log or other description would show each purportedly protected communication, its date, the parties to the communication (from whom and to whom), the general subject matter, and whether any attached documents were exchanged along with the communications. A log would give the defendants and the Court information to assess whether parts, all, or none of the document contained attorneys' mental impressions and whether part or all of the document was instead discoverable factual information.

The plaintiffs offer none of this. They simply ask us to take their word for it, making a blanket assertion that all "communications [with Ms. Smith-Amy] are protected work product because they were prepared in anticipation of litigation."[36] "A party resisting discovery must specifically detail the reasons why each request is objectionable, and may not rely on boilerplate, generalized, conclusory or speculative arguments."[37]

The plaintiffs assert that *all* the communications in question were "made while formulating legal strategies," and therefore "contain mental impressions, opinions, and strategies related to the litigation . . . ."[38] That is simply a circular recitation of the

---

[36] Docket No. 177 at 6.

[37] *Delta Saloon, Inc. v. AmeriGas Propane, Inc.*, 2022 WL 20471408, at *4 (D. Nev. Dec. 15, 2022).

[38] *Id.*

Jeremiah M., et al. v. Kovol, et al.  Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify  Page 10 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG   Document 197   Filed 12/27/24   Page 10 of 17

definition of attorney work product. It is not an argument applying the doctrine to specific materials the defendants have requested.

And the requested material cannot all be protected. For example, defendants are aware of at least one responsive document that could not possibly include protected work product: an intake communication Ms. Smith-Amy explained that she submitted to the plaintiffs' counsel.[39] Based on Ms. Smith-Amy's account, the communication was prepared by Ms. Smith-Amy alone, not in any part by counsel.[40]

## II. Any work product protection that might apply has been waived.

Any protection the plaintiffs could potentially establish by providing a privilege log, as they were required to do, has been waived. "The Advisory Committee Notes to Rule 26(b)(5) make clear that withholding otherwise discoverable materials on the basis they are privileged or subject to the work product doctrine without notifying the other parties as provided in the Rule by describing the nature of the information so as to enable them to assess the claim, 'may be viewed as a waiver of the privilege or protection.'"[41]

Here, the defendants first requests for production, served in March 2024, asked the plaintiffs to produce documents supporting the various factual allegations in their

---

[39]  Robison Dec. at ¶ 2.

[40]  *Id.*

[41]  *Delta Saloon, Inc.*, 2022 WL 20471408, at *4 (D. Nev. Dec. 15, 2022). ("Rule 26(b)(5) contains language similar to Rule 45(e)(2)(A)(ii); therefore, this should apply equally to objections based on attorney-client privilege or work product doctrine under Rule 45.").

*Jeremiah M., et al. v. Kovol, et al.*                                                                                         Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify        Page 11 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG    Document 197    Filed 12/27/24    Page 11 of 17

complaint.[42] Based on the assertions in the plaintiffs' motion, their communications with Ms. Smith-Amy clearly would have been responsive to that request, and therefore should have been produced or listed on a privilege log months ago.

But the plaintiffs provided no hint that they were withholding responsive communications with Ms. Smith-Amy. Seven more months passed before the plaintiffs even disclosed her as a potential witness. Even now, their motion provides no itemization of the requested material nor any information beyond conclusory statements from which to evaluate the applicability of the doctrine. The Court should find that by failing to identify these responsive communications when the State requested them, and by failing to put them on a privilege log then or now, the plaintiffs waived work product protection.

The plaintiffs waived any protection for a second reason as well. By sharing alleged mental impressions[43] with a non-party who the plaintiffs intend to call as a key witness, the plaintiffs waived their right to have those mental impressions protected.[44]

---

[42] Robison Dec. at Ex. 3, Plaintiffs' First Responses to Defendants' First Set of Requests for Production at 3-6.

[43] Again, the only thing the court has before it to evaluate at this point is plaintiffs' blanket assertion of work product.

[44] To hold otherwise would enable the plaintiffs to inappropriately shield information communicated to and from a non-party fact witness. *See, e.g.*, *Gonzales v. U.S.*, 2010 WL 1838948, at *2 (N.D. Cal. May 4, 2010) ("Plaintiff has created the current dilemma by communicating with a third-party fact witness . . . . Under Plaintiff's approach, Plaintiff would improperly shield communications with a non-party fact witness that would not otherwise be protected").

*Jeremiah M., et al. v. Kovol, et al.*   Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify   Page 12 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG   Document 197   Filed 12/27/24   Page 12 of 17

Attorney work product protections are waived when disclosure is made either directly "to an adversary in litigation" or in a way that "has substantially increased the opportunities for potential adversaries to obtain the information."[45] "Under this standard, the voluntary disclosure of attorney work product to an adversary or a conduit to an adversary waives work-product protection for that material."[46] This waiver rule prevents a party from "meet[ing] with a non-party witness, show[ing] him documents and ask[ing] him questions, and then mask[ing] the entire preparation session in the cloak of work product protection."[47]

Here, Ms. Smith-Amy is apparently a key witness; she is one of just a few on plaintiffs' list who is not employed by the State.[48] She also appears to have been, at least in part, the genesis for this lawsuit.[49] Yet the plaintiffs offer no information about the subject matter of her testimony or her role in the case, while seeking to protect all of her communications with them from discovery. In other words, plaintiffs want to wield the work product doctrine as a sword—to gather factual allegations from Ms. Smith-Amy and call her as a witness to testify against OCS about those facts at trial—and as a

---

[45] *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2020)).

[46] *Id.* (quoting *United States v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010)

[47] *Lakehal-Ayat*, 2022 WL 17687822, at *6 (quoting *Gupta*, 281 F.R.D. at 173).

[48] *See*, *e.g.*, Robison Dec. at Ex.'s 1, 4, and 5.

[49] Robison Dec. at ¶ 2.

*Jeremiah M., et al. v. Kovol, et al.*                                Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify       Page 13 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG     Document 197     Filed 12/27/24     Page 13 of 17

shield—forcing the defendants to depose her without any context for meaningful inquiry into the information the plaintiffs intend to present in their case. That is improper.

In short, to the extent any of the requested documents contain plaintiffs' counsel's mental impressions prepared for litigation, work product protection was waived because (1) plaintiffs did not identify the communications as responsive and list them on a privilege log; and (2) plaintiffs' counsel shared them with Ms. Smith-Amy, who plaintiffs now seek to call as a key non-party witness.

## III. The defendants have a substantial need for the communications sought.

If the court concludes that Ms. Smith-Amy's communications with the plaintiffs' counsel are attorney work product and the protections have not been waived, the analysis does not end there. The State can still obtain them upon a showing of "substantial need for the materials" which "cannot, without undue hardship," be obtained by other means.[50]

The defendants have a substantial need for the communications. As explained above, the plaintiffs failed to include Ms. Smith-Amy in their initial disclosures or to identify the communications with her. Because Ms. Smith-Amy was a source of the

---

[50] Fed. R. Civ. P. 26(b)(3). The plaintiffs assert that because the defendants seek materials from a third-party, they must make a "stronger-than-usual showing of relevance" Docket No. 177 at 7. But as the case the plaintiffs quote makes clear, this standard applies when a non-party asserts that requested materials are not relevant pursuant to Rules 26(b)(3)(A)(i) and 26(b)(1), not where, as here, the opposing party asserts that materials sought from a non-party are privileged or otherwise protected. Once again, Ms. Smith-Amy does not object to producing her communications with the plaintiffs. Robison Dec. at Ex. 2.

*Jeremiah M., et al. v. Kovol, et al.*                                    Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify       Page 14 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

factual allegations in this case, the plaintiffs were obligated to provide that information as part of their initial disclosures. Yet the plaintiffs never mentioned her until October, and they still have not disclosed the subjects on which she had discoverable information.

The plaintiffs likewise failed to identify communications with Ms. Smith-Amy in April, when they responded to defendants' request for production of documents supporting the allegations in the complaint.[51] And when they finally included Ms. Smith-Amy on discovery witness lists, they provided no contact information nor any details about her prospective testimony.[52]

Because the plaintiffs have neglected their obligation under the discovery rules to disclose Ms. Smith-Amy and describe her knowledge and the subjects of her anticipated testimony, the defendants can only obtain that information by reviewing her communications with plaintiffs' counsel and asking her questions about the subjects covered in those materials. Without the communications, Ms. Smith-Amy's deposition will be a guessing game in which the State can only hope to ask the right questions to hit upon the anticipated subjects of her trial testimony.

---

[51] Robison Dec. at Ex. 3.

[52] *Id.* at Ex. 4-5.

*Jeremiah M., et al. v. Kovol, et al.*                                                   Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify       Page 15 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG     Document 197     Filed 12/27/24     Page 15 of 17

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny the plaintiffs' Motion to Quash or Modify Subpoena so Ms. Smith-Amy can proceed with her stated intention of complying with the subpoena.

DATED: December 27, 2024.

                        TREG TAYLOR
                        ATTORNEY GENERAL

By:   */s/Christopher Robison*
       Christopher R. Robison
       (Alaska Bar No. 2111126)
       Margaret Paton-Walsh
       (Alaska Bar No. 0411074)
       Department of Law
       1031 West Fourth Avenue, Ste. 200
       Anchorage, AK 99501
       Telephone: (907) 269-5275
       Facsimile: (907) 276-3697
       Email: chris.robison@alaska.gov
       Attorney for State of Alaska

*Jeremiah M., et al. v. Kovol, et al.*           Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify     Page 16 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG    Document 197    Filed 12/27/24    Page 16 of 17

**Certificate of Service**

I certify that on December 27, 2024, the foregoing **Defendants' Opposition to Plaintiffs' Motion to Quash or Modify Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy** was served electronically on:

Marcia Robinson Lowry
Julia Tebor
David Baloche
Anastasia Benedetto
**A BETTER CHILDHOOD**
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
dbaloche@abetterchildhood.org
abenedetto@abetterchildhood.org

Elena M. Romerdahl
Hannah Paton
**PERKINS COIE LLP**
eromerdahl@perkinscoie.com
hpaton@perkinscoie.com

James J. Davis, Jr.
Nicholas Feronti
Savannah V. Fletcher
**NORTHERN JUSTICE PROJECT, LLC**
jdavis@njp-law.com
nferonti@njp-law.com
sfletcher@njp-law.com

Mark Regan
**DISABILITY LAW CENTER OF ALASKA**
mregan@dlcak.org

/s/ *Margaret Paton-Walsh*
Margaret Paton-Walsh, Chief Assistant Attorney General

*Jeremiah M., et al. v. Kovol, et al.*      Case No. 3:22-cv-00129-SLG
Defendants' Opposition to Plaintiffs' Motion to Quash or Modify      Page 17 of 17
Defendants' Third-Party Subpoena Duces Tecum to Autumn Smith-Amy

Case 3:22-cv-00129-SLG     Document 197     Filed 12/27/24     Page 17 of 17