IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMIAH M., *et al.*,<br><br>              Plaintiffs,<br>   v.<br><br>KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,<br><br>              Defendants. | Case No. 3:22-cv-00129-SLG |

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS SEVERAL NAMED PLAINTIFFS, PLAINTIFFS' MOTION TO SUBSTITUTE NEXT FRIEND, AND DEFENDANTS' CROSS-MOTION TO DISQUALIFY NEXT FRIEND

Before the Court are four motions regarding several Named Plaintiffs in this case: (1) Defendants' Motion to Dismiss Out-of-Custody Named Plaintiffs at Docket 97;[1] Plaintiffs responded in opposition at Docket 104, to which Defendants replied at Docket 107; (2) Defendants' Motion to Dismiss Gayle T. at Docket 140; Plaintiffs responded in opposition at Docket 155, to which Defendants replied at Docket 156; (3) Plaintiffs' Motion to Substitute Next Friend at Docket 110; Defendants responded in opposition at Docket 141, to which Plaintiffs replied at

---

[1] At the time this suit was filed, the Alaska Department of Health and Social Services ("DHSS") was "the principal human services agency of the government of the state of Alaska," and OCS was the subdivision of DHSS "responsible for the safety and welfare of children in foster care in Alaska." Docket 16 at ¶¶ 24-25. "Shortly after Plaintiffs filed their Amended Complaint, DHSS was reorganized into the Department of Family and Community Services (DFCS) and the Department of Health (DOH). . . . OCS is a subdivision of DFCS." Docket 61 at ¶¶ 23-24. The Court therefore amends the case caption, reflecting that Defendants are (1) DFCS; (2) Kim Kovol, the director of DFCS; (3) OCS; and (4) Kim Guay, the director of OCS. *See* Docket 16 at ¶¶ 23-26; Docket 61 at ¶¶ 23-25.

Docket 149; and (4) Defendants' Cross-Motion to Disqualify Next Friend Melissa Skarbek at Docket 141; Plaintiffs responded in opposition at Docket 149, to which Defendants replied at Docket 165. Oral argument was not requested for any of the instant motions and was not necessary to the Court's determinations.

## BACKGROUND

In this putative class action, Plaintiffs—fourteen children who were in the custody of Alaska's Office of Children's Services ("OCS") at the time this suit was filed—seek wide-ranging reform of Alaska's foster care system, alleging that the system harms the children it is designed to protect and violates Plaintiffs' federal rights.[2] Plaintiffs bring claims on behalf of themselves and on behalf of a proposed class consisting of "[a]ll children for whom OCS has or will have legal responsibility and who are or will be in the legal and physical custody of OCS."[3] In addition, Plaintiffs bring claims on behalf of three proposed subclasses:

> [(1)] Alaska Native children who are or will be entitled to federal [Indian Child Welfare Act] ICWA protection (the "Alaska Native Subclass");
>
> [(2)] Children who currently reside or will reside in a kinship foster home—the home of a family member—who meet the criteria to receive foster care maintenance payments under 42 U.S.C. § 672 (the "Kinship Subclass"); and
>
> [(3)] Children who are or will be in foster care and experience physical,

---

[2] Pseudonymously Named Plaintiffs are Jeremiah M., Hannah M., and Hunter M.; Mary B. and Connor B.; David V., George V., Karen V., Lawrence V., and Damien V.; Rachel T.,. Eleanor T., and Gayle T.; and Lana H. Docket 16 at ¶¶ 12-22. For a more detailed summary of Plaintiffs' allegations, see this Court's prior order at Docket 55.

[3] Docket 16 at ¶ 28(a).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 2 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 2 of 20

cognitive, or psychiatric disabilities (the "ADA Subclass").[4]

After this Court granted in part and denied in part Defendants' Motion to Dismiss, four claims remain: (1) violation of substantive due process pursuant to the Fourteenth Amendment[5]; (2) deprivation of the right to parent-child association pursuant to the First, Ninth, and Fourteenth Amendments[6]; (3) violation of the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 670 *et. seq.*;[7] and (4) violations of the Americans with Disabilities Act and the Rehabilitation Act.[8]

Defendants move to dismiss from this case nine of fourteen Named Plaintiffs because they are no longer in OCS custody: Jeremiah M., Hannah M., Hunter M., David V., George V., Lawrence V., Karen V., Damien V., and Gayle T.[9] Plaintiffs

---

[4] Docket 16 at ¶¶ 28(b)-(d).

[5] Docket 16 at ¶¶ 264-69. The substantive due process claim is based on "(a) the right to freedom from the foreseeable risk of maltreatment while under the protective supervision of the State; (b) the right to protection from unnecessary intrusions into the child's emotional wellbeing once the State has established a special relationship with that child; . . . [and] (e) the right to treatment and care consistent with the purpose and assumptions of government custody." *Id.* at ¶ 269. This Court dismissed Plaintiffs' substantive due process claim insofar as it was based on other purported rights. Docket 55 at 41-42.

[6] Docket 16 at ¶¶ 270-76. This Court dismissed this claim insofar as it asserted a violation of familial association with regard to siblings and grandparents. Docket 55 at 45-47.

[7] Docket 16 at ¶¶ 277-80. This Court dismissed Plaintiffs' claim brought pursuant to § 672(a) of the Adoption Assistance and Child Welfare Act. Docket 55 at 56-60.

[8] Docket 16 at ¶¶ 298-315. This claim is based on the "integration mandate" of the ADA which requires that states utilize community-based treatment and do not create a serious risk of institutionalization. Docket 55 at 66-68. This Court dismissed Plaintiffs' claims insofar as they alleged violations based on reasonable accommodations of OCS Safety Plans, healthcare services, and services to foster care providers. Docket 55 at 64-66.

[9] Docket 97 at 2 (sealed); Docket 140 at 1 (sealed).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 3 of 20
Case 3:22-cv-00129-SLG     Document 220     Filed 02/14/25     Page 3 of 20

oppose dismissal. Plaintiffs separately move to substitute Melissa Skarbek as Mary B. and Connor B.'s next friend; Defendants oppose the motion and have filed a cross-motion to disqualify Ms. Skarbek from serving as a next friend for Lana H. The Court addresses each motion in turn.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when plaintiffs fail to meet their burden of establishing subject-matter jurisdiction.[10] Courts lack subject-matter jurisdiction when plaintiffs do not have standing or when their claims are moot.[11] Federal Rule of Civil Procedure 17(c)(2) provides that "[a] minor . . . who does not have a duly appointed representative may sue by a next friend." "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."[12]

## DISCUSSION

### I. Dismissal of Named Plaintiffs

Defendants maintain that Named Plaintiffs Jeremiah M., Hannah M., Hunter M., David V., George V., Karen V., Damien V., and Lawrence V., must be dismissed from this case because they have been reunified with their parents,

---

[10] *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

[11] *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("[S]tanding and mootness both pertain to a federal court's subject-matter jurisdiction . . . .").

[12] *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 4 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 4 of 20

were released from OCS custody, and their state court cases closed in March, May, or June 2024.[13] Defendants also contend that Gayle T. must be dismissed from this case because she got married in 2022, was subsequently released from OCS custody, the state court closed her case, and she is now 19 years old.[14]

Plaintiffs disagree. They maintain that this case falls within an exception to the general rule that named plaintiffs must have a live case or controversy at the time a class is certified.[15] The "exception applies when the pace of litigation and the inherently transitory nature of the claims at issue conspire to make that requirement difficult to fulfill."[16] In Plaintiffs' view, "[t]his case presents a classic example of a transitory claim" because foster care is temporary in nature, the length of time any individual will spend in OCS custody cannot be ascertained, OCS custody could end at any time, and there is no guarantee that any of the Named Plaintiffs will be in OCS custody long enough for the Court to certify a class.[17] Further, "there is high certainty that the 'constantly changing putative class . . . will become subject to these allegedly unconstitutional conditions.'"[18] And,

---

[13] Docket 97 at 3 (sealed).

[14] Docket 140 at 2 (sealed).

[15] Docket 104 at 3.

[16] Docket 104 at 3 (quoting *United States v. Sanchez-Gomez*, 584 U.S. 381, 388 (2018) (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975))).

[17] Docket 104 at 3.

[18] Docket 104 at 3 (alteration in original) (quoting *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir.

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 5 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 5 of 20

relying on *Pitts v. Terrible Herbst, Inc.*, Plaintiffs contend that "[b]ecause the named plaintiffs 'can still file a timely motion for class certification,' they 'may continue to represent the class until the district court decides the class certification issue.'"[19]

Defendants reply that "the test the Supreme Court has set forth for the inherently transitory exception does not hinge on uncertainty about how long the challenged action will last."[20] Rather, Defendants maintain, "the exception applies only if . . . the claims raised are 'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'"[21] And Defendants assert that Plaintiffs cannot satisfy the requirement that a trial court would "not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires" because the Named Plaintiffs who are no longer in OCS custody were in OCS custody for two years after Plaintiffs filed

---

1997)).

[19] Docket 104 at 4 (quoting 653 F.3d 1081, 1091-92 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action. If the named plaintiff can still file a timely motion for class certification, the named plaintiff may continue to represent the class until the district court decides the class certification issue. Then, if the district court certifies the class, certification relates back to the filing of the complaint. Once the class has been certified, the case may continue despite full satisfaction of the named plaintiff's individual claim because an offer of judgment to the named plaintiff fails to satisfy the demands of the class.")).

[20] Docket 107 at 3.

[21] Docket 107 at 3-4 (emphasis omitted) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76 (2013)).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 6 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 6 of 20

their complaint and several other Named Plaintiffs remain in OCS custody.[22]

As a general rule, "[a] litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court."[23] However, in *Sonsa v. Iowa*, the Supreme Court noted that

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.[24]

The relation-back doctrine applies in Rule 23 cases where (1) "it is 'certain that other persons similarly situated' will continue to be subject to the challenged conduct" and (2) "the claims raised are 'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'"[25]

The first question—whether it is certain that other individuals similarly situated will continue to be subject to the challenged OCS conduct—is not in dispute.[26] The Court finds that it is certain that other children will continue to be

---

[22] Docket 107 at 4 (citation omitted).

[23] *Sosna v. Iowa*, 419 U.S. 393, 403 (1975) (citation omitted).

[24] *Id.* at 402 n.11.

[25] *Genesis*, 569 U.S. at 76 (quoting *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991)).

[26] *See* Docket 97 at 8-11 (focusing argument on the second inquiry); Docket 107 at 2 (same).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 7 of 20
Case 3:22-cv-00129-SLG    Document 220    Filed 02/14/25    Page 7 of 20

subject to the challenged OCS conduct.

The Court therefore turns to the second inquiry—whether this Court would not have had enough time to rule on a motion for class certification before a Named Plaintiff's interest expires. In *Gerstein v. Pugh*, the Supreme Court held that a class action by Florida prisoners—who were challenging Florida procedures that did not provide for a probable cause hearing for those held in pretrial detention based on an information—was not moot even though the named plaintiffs had been convicted and were no longer in pretrial detention before the class was certified.[27] The Supreme Court concluded that while a showing that any of the named plaintiffs "were still in custody awaiting trial when the District Court certified the class . . . would be required to avoid mootness under *Sosna*," the case was "a suitable exception to that requirement."[28] That was because "[t]he length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time," and therefore it was "by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class."[29] Additionally, "the constant existence of a class of persons suffering the deprivation is certain."[30]

---

[27] *Gerstein*, 420 U.S. at 105-06, 110 n.11.

[28] *Id.* at 110 n.11.

[29] *Id.*

[30] *Id.*

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 8 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 8 of 20

In *Belgau v. Inslee*, the Ninth Circuit held that a putative class action challenge to the state's payroll deduction of union dues for one year after an employee objected to union membership was not moot even though the named plaintiffs were no longer having dues deducted from their wages. That was because the challenged action was "capped at a period of one year, which is too short for the judicial review to 'run its course.'"[31]

Here, unlike in *Gerstein* and *Belgau*, Plaintiffs' claims concern conduct that has been occurring for multiple years.[32] The Named Plaintiffs whom Defendants seek dismissed were in OCS custody starting in April and May 2021, and they remained in OCS custody until March, May, or June 2024, two years after Plaintiffs

---

[31] *Belgau v. Inslee*, 975 F.3d 940, 949-50 (9th Cir. 2020). The Court notes that the *Belgau* court seemed to collapse the inherently transitory and capable of repetition yet evading review inquiries. *See id.* at 949 (explaining that "an inherently transitory, pre-certification class-action claim falls within the capable of repetition yet evading review mootness exception if (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the named plaintiffs could themselves suffer repeated harm or it is certain that other persons similarly situated will have the same complaint" (internal quotation marks and citations omitted)). And in support of its proposition that one year was too short, the *Belgau* court relied on *Johnson v. Rancho Santiago Community College District*, which applied the capable of repetition yet evading review exception and did not involve a putative class action. 623 F.3d 1011, 1018-20 (9th Cir. 2010). In the Court's view, in a pre-certification putative class action where the named plaintiffs' individual claims are moot, the inherently transitory exception applies when "the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires," and not, as suggested in *Belgau*, when the challenged action is "too short to allow full litigation before it ceases." *McLaughlin*, 500 U.S. at 52; *Belgau*, 975 F.3d at 949. Nevertheless, the Court references *Belgau* to inform its analysis of whether Plaintiffs' claims are inherently transitory.

[32] Docket 16 at ¶ 10 ("These issues are not new. OCS has known about these issues for years but has not made any meaningful improvements to the foster care system.").

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 9 of 20
Case 3:22-cv-00129-SLG    Document 220    Filed 02/14/25    Page 9 of 20

filed their initial complaint.[33] The Court finds that two years is sufficient for a district court "to rule on a motion for class certification" and therefore Plaintiffs' claims do not satisfy the inherently transitory exception to mootness.[34]

However, while the Court finds that Plaintiffs' claims are not inherently transitory, in the interests of fundamental fairness and consistent with the Ninth Circuit's holding in *Pitts*, the Court will permit those Named Plaintiffs whose claims were not moot as of the date that Plaintiffs moved for class certification to remain in this case regardless of their custody status after the motion for class certification was filed.[35] In *Pitts*, the Ninth Circuit held that, "[i]f the named plaintiff can still file a timely motion for class certification, the named plaintiff may continue to represent the class until the district court decides the class certification issue."[36] Here, there were five Named Plaintiffs still in OCS custody when the motion for class certification was filed on November 15, 2024: Mary B., Connor B., Rachel T., Eleanor T., and Lana H.[37] Those five Named Plaintiffs who had live claims as of that date can continue to represent the class until the Court decides class

---

[33] Docket 16 at ¶¶ 12, 16; Docket 97 at 3 (sealed); *see* Docket 1.

[34] *McLaughlin*, 500 U.S. at 52.

[35] The Court recognizes that Defendants' Motion to Dismiss was under advisement with the Court for nearly a year, *see* Docket 23, Docket 55, and seeks to avoid any unfairness caused by Court-attributable delay.

[36] *Pitts*, 653 F.3d at 1092.

[37] *See* Docket 135 at 14-20.

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 10 of 20

Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 10 of 20

certification, regardless of whether their custody status changes after that date.[38]

However, because Jeremiah M., Hannah M., Hunter M., David V., George V., Karen V., Damien V., Lawrence V., and Gayle T. were no longer in OCS custody at the time Plaintiffs moved for class certification in November 2024, their claims were then moot. The Court therefore grants Defendants' Motions to Dismiss Out-of-Custody Named Plaintiffs and to Dismiss Gayle T.[39]

## II. Substitution or Dismissal of Next Friend Ms. Skarbek

Plaintiffs seeks substitution of Melissa Skarbek as the next friend for Named Plaintiffs Mary B. and Connor B.[40] Mary B. and Connor B. initially appeared through next friend Charles Ketcham.[41] However, as Plaintiffs represent in their motion, Mr. Ketcham is "no longer willing and able to assist Plaintiffs in this lawsuit" because attempts to contact him last fall were unsuccessful.[42] Plaintiffs propose substituting Ms. Skarbek as Mary B. and Connor B.'s next friend, contending that she is qualified to serve as such because she "is a former guardian ad litem employed by the Office of Public Advocacy, . . . is dedicated to the Plaintiffs' best

---

[38] *See Cromwell v. Kobach*, 199 F. Supp. 3d 1292, 1308 (D. Kan. 2016) ("[T]he case will not evade review if . . . two [p]laintiffs' individual claims are moot. This case remains justiciable as to [a third plaintiff] so there is no need for [the two plaintiffs'] claims to relate back in order for the case to continue, and in order to pursue a motion for class certification.").

[39] Docket 97; Docket 140.

[40] Docket 110.

[41] Docket 16 at ¶ 15.

[42] Docket 110 at 3; Docket 111 at ¶ 2 (Baloche Decl.).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 11 of 20
Case 3:22-cv-00129-SLG    Document 220    Filed 02/14/25    Page 11 of 20

interests, . . . and is familiar with the allegations in the Amended Complaint and, specifically, those allegations that pertain to Plaintiffs Mary B. and Connor B."[43] Plaintiffs also aver that they "reached out to individuals familiar with Mary B. and Connor B. and were not able to identify a next friend with a relationship to the children,"[44] and contend that the children's biological parents, biological grandmother, and uncle are not suitable next friends, as the children "were removed from the care of each of these individuals."[45]

Defendants oppose substituting Ms. Skarbek as the next friend for Mary B. and Connor B., and they cross-move to disqualify Ms. Skarbek from serving as next friend to Named Plaintiff Lana H.[46] They contend that Ms. Skarbek is not a proper next friend because she "does not know any of the three children's real names, ages, or whereabouts," and "[s]he has never met or spoken to any of them."[47] Further, Plaintiffs maintain that Ms. Skarbek's past employment as an

---

[43] Docket 110 at 3-4.

[44] Docket 110 at 3; Docket 111 at ¶ 2 (Baloche Decl.) ("I also contacted sources who knew Mary B. and Connor B. The sources I contacted were either unresponsive, unable or unwilling to serve as a next friend, had a vested interest in the placement and custody of the children, and/or were unable to identify another adult close to the children who would be willing or able to serve as a next friend.").

[45] Docket 149 at 11 (citing Docket 135 at 15-16).

[46] Docket 141; *see* Docket 16 at ¶ 22 ("Lana appears through her next friend, Melissa Skarbek. Ms. Skarbek is a former guardian ad litem employed by the Office of Public Advocacy. In that role, she advocated for the wellbeing of over one hundred children and was involved in numerous cases involving the foster care system. Ms. Skarbek has spoken to Lana, is aware of her background, and will serve Lana's best interests.").

[47] Docket 141 at 3-4.

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 12 of 20
Case 3:22-cv-00129-SLG    Document 220    Filed 02/14/25    Page 12 of 20

OCS caseworker and a guardian ad litem for foster children, and her present employment providing therapeutic services to children in legal proceedings, "including some of the named plaintiffs in this case," "make her an inappropriate candidate to represent the best interests of Mary B., Connor B., and Lana H."[48]

Plaintiffs, in their reply, counter that Ms. Skarbek's prior employment provides her with "a comprehensive understanding of the system while having no personal interest in the children's placement, thereby ensuring her impartiality and suitability for this role."[49] Regarding the purported lack of a relationship with the Named Plaintiffs, Plaintiffs assert that "case law unequivocally confirms that a stranger Next Friend is not required to have a preexisting relationship with the named plaintiffs," and that "[c]ourts have acknowledged that in extreme circumstances, such as when a minor lacks any willing adult connections, a Next Friend can be appointed even without a close, day-to-day relationship—or, in some cases, with no preexisting relationship at all" in this litigation.[50]

As to Ms. Skarbek continuing to serve as next friend of Lana H., Plaintiffs represent that in July 2022, "an attorney for Plaintiffs had a telephone conversation with Lana H. and Ms. Skarbek where he introduced them, . . . explained the role of Next Friend," and "Lana H. consented to Ms. Skarbek serving as her Next

---

[48] Docket 141 at 4-5.

[49] Docket 149 at 3.

[50] Docket 149 at 3, 6 (citing *Coal. of Clergy v. Bush*, 310 F.3d 1153, 1161 (9th Cir. 2002)).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 13 of 20
Case 3:22-cv-00129-SLG    Document 220    Filed 02/14/25    Page 13 of 20

Friend."[51] Ms. Skarbek also testified that she attempted to contact Lana H. in September 2022 but that she could not reach her at the shelter where she was staying and shelter staff would not disclose Lana's whereabouts.[52] Plaintiffs maintain that Lana H. "has very few significant relationships with adults and none who are willing and suitable to serve as her Next Friend" and "[s]ubstituting a new next friend at this stage would introduce unnecessary delays and potentially harm Lana's representation."[53]

In *Coalition of Clergy v. Bush*, the Ninth Circuit evaluated whether a coalition of clergy, lawyers, and law professors could serve as next friends to petition for a writ of habeas corpus on behalf of persons captured in Afghanistan and held at Guantanamo Naval Base.[54] The Ninth Circuit explained that "[i]n order to establish next-friend standing," the *Whitmore-Massie* standard requires that a "putative next friend must show . . . the next friend has some significant relationship with, and is truly dedicated to the best interests of, the [plaintiff]."[55] And, while "the contours of

---

[51] Docket 149 at 10 (citing Docket 150-1 at 2-3 (Borle Decl.)).

[52] Docket 141-1 at 14-15.

[53] Docket 149 at 11, 13.

[54] 310 F.3d at 1156.

[55] *Coal. of Clergy*, 310 F.3d at 1159-60 (quoting *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001)). A next friend must also show that "the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* There is no dispute here that the Named Plaintiffs were all minors when this suit was filed and, therefore, they cannot litigate this case on their own behalf.

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 14 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 14 of 20

the requisite 'significant relationship' do not remain static, but must necessarily adapt to the circumstances facing each individual" plaintiff, the coalition members failed to show that they had some significant relationship with the detainees because "[t]he record [was] devoid of any effort to even communicate with" them.[56] The Ninth Circuit reasoned that "[c]ertainly the absence of any connection or association by the Coalition with any detainee is insufficient even under an elastic construction of the significant relationship requirement to confer standing."[57] And while "there may be some extreme circumstances necessitating relaxation of the *Whitmore-Massie* standard, the record in [*Coalition of Clergy* was] devoid of such circumstances."[58]

### a. Mary B. and Connor B.

The Court finds that Ms. Skarbek has not satisfied the significant relationship requirement as to Mary B. and Connor B. Like in *Coalition of Clergy*, the record is devoid of any effort by Ms. Skarbek to communicate with these children. Not only does Ms. Skarbek lack a pre-existing relationship with these children, but she also evidently has no present relationship with them. That is "[c]ertainly . . . insufficient even under an elastic construction of the significant relationship requirement to

---

[56] *Id.* at 1162.

[57] *Id.*

[58] *Id.*

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 15 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 15 of 20

confer standing."[59] Further, the Court does not find this to be an extreme circumstance necessitating relaxation of the standard as set forth by the Supreme Court and the Ninth Circuit. The Court is not convinced that the circumstances here, though posing difficulties in finding a next friend for children who have spent much time in the foster care system, are any more extreme than the difficulties posed in finding a suitable next friend for detainees at Guantanamo Bay.

Plaintiffs rely on *Tinsley v. Flanagan*, an unpublished case from the District of Arizona, for the proposition that, "[i]n the specific context of foster children who have 'lack[ed] significant ties with their parents' and who are under the legal custody and guardianship of the state, courts have acknowledged that a 'significant relationship' should not be an absolute prerequisite for appointing a Next Friend."[60]

In that case, the district court found that "[i]n circumstances involving foster care children, the significant relationship requirement—to the extent it exists— must account for the 'realities' facing foster care children.'"[61] The court found that the significant relationship requirement was satisfied as to one next friend because she had met with the named plaintiff before the suit was filed and discussed the case with him. As to another next friend, the court found that the significant

---

[59] *Id.*

[60] Docket 149 at 5-6 (quoting Case No. CV-15-00185-PHX-ROS, 2016 WL 8200450, at *3 (D. Ariz. May 13, 2016)).

[61] *Tinsley,* 2016 WL 8200450, at *5 (citing *Sam M. ex rel. Elliott v. Carcieri*, 608 F.3d 77, 89 (1st Cir. 2010)).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 16 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 16 of 20

relationship requirement was satisfied because, even though she had never met with the named plaintiff, she had met with adults in the child's life and "attempted to learn about her situation."[62]

Even under the more lenient standard used by the *Tinsley* court, Ms. Skarbek has not satisfied the significant relationship requirement as to Mary B. or Connor B. She has not met with or talked to Mary B. or Connor B.; nor is there evidence in the current record that she has spoken with adults in those children's lives to learn about their situation.[63] As such, the Court denies Plaintiffs' Motion to Substitute Next Friend at Docket 110.

    b. Lana H.

The Court finds that Ms. Skarbek has satisfied the significant relationship requirement as to Lana H. She spoke with Lana H. over the phone and discussed serving as Lana H.'s next friend. She also attempted to contact Lana again a few months later, but was unable to reach her based on the unstable nature of Lana's housing. The Court finds that, in "adapt[ing]" the significant relationship requirement "to the circumstances facing" Lana H., this relationship is sufficiently significant.[64] The Court will therefore not disqualify her on that basis.

---

[62] *Id.* at *6.

[63] Docket 141-1 at 15, 18 (Skarbek Dep.) (testifying that she does not know Mary B. or Connor B.'s names, how old they are, or who their parents are, and that she has made no effort to contact them).

[64] *Coal. of Clergy*, 310 F.3d at 1162.

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 17 of 20

Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 17 of 20

Defendants also contend that Ms. Skarbek's participation as a next friend "creates a direct conflict of interest as well as an appearance of impropriety" because she "is (and has long been) 'directly involved in the care provided to foster care children,' including [N]amed [P]laintiffs and putative class members in this case."[65]

In *Tinsley*, a lawsuit brought by minor plaintiffs challenging the Arizona state foster care system, the district court denied the appointment of a next friend because, even though she lacked "a straightforward conflict of interest, her employment . . . may create an appearance of impropriety in that she is directly involved in the care provided to foster care children."[66] The putative next friend was employed as a social work supervisor for a county office of children's counsel. "In that role, she work[ed] with the social workers and attorneys assigned to children in foster care," and she often attempt[ed] to secure services for the children [she] work[ed] with."[67]

Further, "she [was] involved in the services provided to particular children," and "[t]he treatment of particular children will, of course, be used to establish Defendants' liability."[68] As such, the court reasoned that, "[d]epending on the

---

[65] Docket 141 at 16-17 (quoting *Tinsley*, 2016 WL 8200450, at *5).

[66] *Tinsley*, 2016 WL 8200450, at *5.

[67] *Id.* at *4.

[68] *Id.*

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 18 of 20
Case 3:22-cv-00129-SLG   Document 220   Filed 02/14/25   Page 18 of 20

circumstances and why services were not provided to a certain child, [the putative next friend] *may* be in the position of questioning the actions or inactions of social workers and attorneys in her office or other governmental agencies. This possibility raises an appearance of impropriety . . . ."[69] The court therefore denied appointment of the next friend because "appointment of a different next friend will obviate even this appearance of impropriety."[70]

The Court is presented with a nearly identical situation here. Ms. Skarbek testified that she currently owns a business doing "forensic social work," which includes "custody investigations and parent coordination, supervised visitations, [and] expert witness testimony."[71] In April 2023, Ms. Skarbek contracted with OCS to supervise family contact and to provide therapy for the five V. Named Plaintiffs.[72] She provided those services to the V. family, but she was replaced with another visitation supervisor in June 2023 after voicing disagreement with the family's contact plan that OCS had developed.[73]

Ms. Skarbek may not have known that the V. children were Named Plaintiffs in this case because of the pseudonyms used here. Nonetheless, and even

---

[69] *Id.* at *5 (emphasis in original).

[70] *Id.*

[71] Docket 141-1 at 11.

[72] Docket 143-1 at ¶¶ 3-4 (sealed); Docket 143-2 (sealed).

[73] Docket 143-1 at ¶¶ 3-4 (sealed); Docket 143-2 (sealed).

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 19 of 20
Case 3:22-cv-00129-SLG    Document 220    Filed 02/14/25    Page 19 of 20

though the V. children have been dismissed from this case, as explained above, Ms. Skarbek actively contracts with OCS to provide services to children currently in OCS custody, including Named Plaintiffs who remain in this litigation as well as other members of the putative class. As such, the Court finds that Ms. Skarbek is inappropriate as a next friend based on, at least, the appearance of impropriety. The Court therefore grants Defendants' Motion to Disqualify Melissa Skarbek as next friend for Lana H.

## CONCLUSION

In light of the foregoing, the Court GRANTS Defendants' Motion to Dismiss Out-of-Custody Plaintiffs at Docket 97 and Motion to Dismiss Gayle T. at Docket 140. Jeremiah M., Hannah M., Hunter M., David V., George V., Lawrence V., Karen V., Damien V., and Gayle T. are DISMISSED as Named Plaintiffs from this case.

Further, the Court DENIES Plaintiffs' Motion to Substitute Next Friend at Docket 110 and GRANTS Defendants' Motion to Disqualify Next Friend Melissa Skarbek at Docket 141. Plaintiffs may seek substitution of next friends for Mary B., Connor B., and Lana H. within 30 days of the date of this order.

DATED this 14th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00129-SLG, *Jeremiah M., et al. v. Kovol, et al.*
Order on Defendants' Motions to Dismiss Several Named Plaintiffs, Plaintiffs' Motion to Substitute Next Friend, and Defendants' Cross-Motion to Disqualify Next Friend
Page 20 of 20
Case 3:22-cv-00129-SLG    Document 220    Filed 02/14/25    Page 20 of 20