Marcia Robinson Lowry (admitted *pro hac vice*)
mlowry@abetterchildhood.org
Julia K. Tebor (admitted *pro hac vice*)
jtebor@abetterchildhood.org
Anastasia Benedetto (admitted *pro hac vice*)
abenedetto@abetterchildhood.org
David Baloche (admitted *pro hac vice*)
dbaloche@abetterchildhood.org
**A BETTER CHILDHOOD**
355 Lexington Avenue, Floor 16
New York, NY 10017
Telephone:     (646) 795-4456
Facsimile:      (212) 692-0415

Elena M. Romerdahl, AK Bar No. 1509072
eromerdahl@perkinscoie.com
**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501
Telephone:     (907) 279-8561
Facsimile:      (907) 276-3108

Mark Regan, AK Bar No. 8409081
mregan@dlcak.org
**DISABILITY LAW CENTER OF ALASKA**
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone:     (907) 565-1002
Facsimile:      (907) 565-1000

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO AMEND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT
OF CLASS COUNSEL
*Mary B., et al., v. Kim Kovol, et al.*; Case No. 3:22-cv-00129-SLG
PAGE 1 OF 12

Case 3:22-cv-00129-SLG     Document 324     Filed 06/11/25     Page 1 of 12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

Mary B., et al.,

        Plaintiffs,

v.

Kim Kovol, et al.,

        Defendants.

Case No. 3:22-cv-00129-SLG

## PLAINTIFFS' MOTION TO AMEND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Plaintiffs move to modify their Motion for Class Certification and Appointment of Class Counsel (ECF No. 134) in order to request the addition of Kevin Homiak and Galen Bellamy of Wheeler Trigg O'Donnell LLP as co-class counsel to represent the proposed class and proposed subclass in this action. This motion is supported by the following memorandum of law and the Declarations of Kevin Homiak and Galen Bellamy.

## <u>MEMORANDUM OF LAW</u>

To provide additional resources to the proposed class and proposed subclass to prepare for trial in this matter, Plaintiffs move to amend their Motion for Class Certification and Appointment of Class Counsel and to appoint Kevin Homiak and Galen Bellamy of the law firm Wheeler Trigg O'Donnell LLP as co-class counsel. Mr. Homiak and Mr. Bellamy have extensive experience with complex civil litigation and civil rights litigation—including jury and bench trials involving claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act. From their experience litigating tort and civil rights

claims, Mr. Homiak and Mr. Bellamy know well the substantive law governing the rights of children in the custody of state foster care systems, and state foster care systems' obligations to those children. Their experience with civil rights cases and the foster care system will assist Plaintiffs in completing discovery and preparing for the upcoming August 25, 2025 trial. The interests of the class will be strengthened by the addition of Mr. Homiak and Mr. Bellamy as co-counsel.

## FACTUAL BACKGROUND

On July 15, 2022, Plaintiffs filed their amended class action complaint against Defendants, alleging claims under 42 U.S.C. § 1983 for violations of substantive due process, the right to familial association, the Adoption Assistance and Child Welfare Act of 1980, and the Indian Child Welfare Act; and the Americans with Disabilities Act and the Rehabilitation Act. (ECF No. 16.) On November 15, 2024, Plaintiffs moved to certify a general class of all children for whom OCS has or will have legal responsibility and who are or will be in the legal and physical custody of OCS, and an Americans with Disabilities Act Subclass of children who are or will be in foster care and experience physical, cognitive, and psychiatric disabilities. (ECF No. 134.) Plaintiffs also moved the Court to appoint A Better Childhood, Perkins Coie LLP, Northern Justice Project, and the Disability Law Center of Alaska as class counsel. (*Id.*) Northern Justice Project withdrew from this action on February 11, 2025. (ECF No. 213.) On December 30, 2024, the parties completed briefing on Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. (ECF No. 202.)

The Court has yet to rule on Plaintiffs' Motion. On February 14, 2025, the Court vacated the previously-scheduled May 2025 trial date and set trial for August 2025. (ECF No. 219.)

Plaintiffs now move to amend their Motion for Class Certification and Appointment of Class Counsel and ask the Court to appoint Mr. Homiak and Mr. Bellamy as co-class counsel to assist in the preparation for trial in this case. Mr. Homiak and Mr. Bellamy are well-qualified to prosecute this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(1) governs the appointment of class counsel once a class is certified. It provides that, in considering a motion to appoint class counsel, the court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A).

Class counsel must also "fairly and adequately represent the interests of the class." *Id*. at 23(g)(4). In general, a class is fairly and adequately represented where counsel is "qualified, experienced, and generally capable of conducting class action [] litigation." *See Jordan v. County of Los Angeles*, 669 F.2d 1311, 1323 (9th Cir. 1982), *vacated on other grounds sub nom. County of Los Angeles v. Jordan*, 459 U.S. 810 (1982).

**ARGUMENT**

The addition of Mr. Homiak and Mr. Bellamy as co-class counsel more than satisfies the requirements of Rule 23(g)(1). Moreover, given the withdrawal of the Northern Justice Project, the addition of Mr. Homiak and Mr. Bellamy ensures that Plaintiffs' legal counsel maintains the same number of attorneys and same amount of attorney resources for trial. Together with existing proposed class counsel, Mr. Homiak and Mr. Bellamy will fairly and adequately represent the interests of the class.

**A.    Plaintiffs' counsel has identified and thoroughly investigated the claims.**

Existing class counsel has worked to identify, investigate, and litigate the claims in this case thus far. Mr. Homiak and Mr. Bellamy have in turn analyzed the pleadings and significant motions, as well as reviewed the entire docket, to familiarize themselves with the legal and factual issues involved and the history of the case in order to begin work on behalf of the putative class. (Ex. A, Homiak Decl. ¶ 9; Ex. B, Bellamy Decl. ¶ 6.) Mr. Homiak and Mr. Bellamy's contributions to this case—especially through preparation for trial and trial proceedings before this Court—will represent a high degree of professionalism, dedication, and thoroughness, and will be used to further prove the claims alleged by the class. These efforts will be made alongside those of existing proposed class counsel and, combined, will lead to the best outcome for the class.

### B. Mr. Homiak and Mr. Bellamy have extensive experience handling complex litigation.

Mr. Homiak and Mr. Bellamy have handled significant and complex civil rights claims against states and their employees. They are currently serving as co-counsel with A Better Childhood in a case filed in the United States District Court for the Middle District of Louisiana, Case No. 3:24-cv-00289. (Ex. A, Homiak Decl. ¶ 8; Ex. B, Bellamy Decl. ¶ 5.) Like this case, that case involves claims brought on behalf of a putative class of foster care children against the Louisiana child welfare system. (Ex. A, Homiak Decl. ¶ 8; Ex. B, Bellamy Decl. ¶ 5.)

Mr. Homiak is a partner and Chair of Wheeler Trigg O'Donnell's Pro Bono Committee, and has nearly a decade of experience with civil litigation. (Ex. A, Homiak Decl. ¶ 1.) After law school, he served as a term law clerk for the Honorable James O. Browning in the U.S. District Court for the District of New Mexico from 2014 to 2015. (*Id.* ¶ 2.) As an associate attorney at Gibson Dunn & Crutcher in New York City, Mr. Homiak worked on complex civil litigation matters across the country from November 2015 to January 2017. (*Id.* ¶ 3.) While serving as an associate attorney at Wheeler Trigg O'Donnell in Denver from January 2017 to January 2020, Mr. Homiak focused his practice on medical and legal malpractice defense, and tried two cases, including a three-week jury trial and one Fourteenth Amendment Procedural Due Process and First Amendment Retaliation case—which led to a complete plaintiff's verdict for his client and $180,000 in punitive damages awarded to his client. (*Id.* ¶ 4.)

PLAINTIFFS' MOTION TO AMEND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL
*Mary B., et al., v. Kim Kovol, et al.*; Case No. 3:22-cv-00129-SLG
PAGE 6 OF 12

Case 3:22-cv-00129-SLG    Document 324    Filed 06/11/25    Page 6 of 12

In January 2020, Mr. Homiak started his own law firm, Homiak Law LLC, where he focused on plaintiffs'-side civil rights work, complex civil litigation, medical malpractice defense, and legal malpractice defense. (*Id.* ¶ 5.) He then returned to Wheeler Trigg O'Donnell in 2023 to serve as co-Chair of its Pro Bono Committee. (*Id.* ¶¶ 1, 7.) From 2020 to the present, Mr. Homiak has obtained exceptional results for his clients in plaintiffs'-side civil rights cases. For instance:

- In one case, he won a preliminary injunction under the Eighth Amendment to the U.S. Constitution to transfer an incarcerated pro bono client to protective custody after he was viciously stabbed over 40 times by other inmates for serving as a cooperating witness in a murder prosecution. (*Id.* ¶ 5.)

- In another, he won a $750,000 settlement for a pro bono client in a case involving claims for excessive force and denial of timely medical care while the client was detained at the El Paso County Criminal Justice Center—which represented one of the highest settlements in any civil rights case in El Paso County, Colorado. (*Id.*)

- In a third case, he won a $300,000 settlement in two cases brought against the City of Aurora and several Aurora police officers for unlawfully searching and seizing a pro bono client in violation of his Fourth Amendment rights. (*Id.*)

- He won a record-setting $3.5 million jury verdict as lead trial counsel against the Colorado Department of Corrections for intentionally discriminating against his pro bono client by denying him access to over 2,000 meals in a five-year period in violation of the Americans with Disabilities Act. (*Id.*)

- He litigated a four-day preliminary injunction hearing in the U.S. District Court for the Western District of Texas, after which the court found extreme heat in unairconditioned Texas prisons' extreme heat to be "plainly unconstitutional" under the Eighth Amendment. (*Id.*)

PLAINTIFFS' MOTION TO AMEND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL
*Mary B., et al., v. Kim Kovol, et al.*; Case No. 3:22-cv-00129-SLG
PAGE 7 OF 12

Case 3:22-cv-00129-SLG     Document 324     Filed 06/11/25     Page 7 of 12

In recognition of Mr. Homiak's efforts, he was appointed to the U.S. District Court for the District of Colorado's Pro Se Prisoner Task Force on December 14, 2021, and has served on the Task Force ever since. (*Id.* ¶ 6.) He was also named a Colorado Rising Star in 2022 and 2023. (*Id.*)

Mr. Bellamy is a partner at Wheeler Trigg O'Donnell, and has more than two decades of experience litigating class actions. (Ex. B, Bellamy Decl. ¶ 3.) After law school, Mr. Bellamy served as a clerk for the Honorable Edward E. Carnes with the U.S. Court of Appeals for the Eleventh Circuit. (*Id.* ¶ 2.) Mr. Bellamy has been admitted to the California bar, the Colorado bar, and the District of Columbia bar, and has practiced in front of federal trial and appellate courts across the country. (*Id.*)

For more than twenty years, Mr. Bellamy has defended class actions on behalf of companies in the consumer products, healthcare, automotive, and oil and gas industries in connection with products liability, securities, real estate, and consumer protection claims. (*Id.* ¶ 3.) He has substantial experience at all stages of a class action, including trial and appeal. (*Id.*) He has also negotiated and implemented dozens of class action settlements. (*Id.*)

In recognition of his work, Mr. Bellamy was named a Colorado Rising Star in business litigation in 2009, and in class action and mass torts in 2010, 2011, 2012, and 2013. (*Id.* ¶ 4.) He was also named to The Best Lawyers in America list for his work on product liability defense litigation in 2022, 2023, 2024, and 2025. (*Id.*) Mr. Bellamy is a

Plaintiffs' Motion to Amend Motion for Class Certification and Appointment of Class Counsel
*Mary B., et al., v. Kim Kovol, et al.*; Case No. 3:22-cv-00129-SLG
Page 8 of 12

Case 3:22-cv-00129-SLG    Document 324    Filed 06/11/25    Page 8 of 12

member of the Product Liability Advisory Council, and the American Bar Association. (*Id.*)

**C. Mr. Homiak and Mr. Bellamy are knowledgeable about the applicable law.**

Mr. Homiak and Mr. Bellamy both have experience litigating claims involving legal issues at the center of this case. Mr. Homiak has litigated several plaintiffs'-side civil rights cases, and Mr. Bellamy has litigated numerous class actions involving tort allegations. Moreover, existing class counsel will continue to dedicate their knowledge and expertise to the class. The combined knowledge and expertise of Plaintiffs' counsel and the additional counsel represented by this motion will more than meet the requirements of Rule 23(g)(1)(A)(iii).

Since 2024, both Mr. Homiak and Mr. Bellamy have been working alongside A Better Childhood, representing a proposed class of children under the care of the Louisiana Department of Children & Family Services. (Ex. A, Homiak Decl. ¶ 8; Ex. B, Bellamy Decl. ¶ 5.) In connection with their work on this case, they have closely studied the policies and practices of state child welfare agencies and reviewed audits of the child welfare system. (Ex. A, Homiak Decl. ¶ 8; Ex. B, Bellamy Decl. ¶ 5.)

**D. Wheeler Trigg O'Donnell has the necessary resources and is willing to commit them effectively to the class.**

The final Rule 23(g)(1)(A) factor concerns the resources that counsel will commit to the case. This factor also strongly supports the appointment of co-class counsel. The addition of Mr. Homiak and Mr. Bellamy as co-class counsel will further ensure that class

counsel has the financial resources and personnel necessary to pursue this action on behalf of the class. Their firm handles complex litigation in federal and state courts nationwide, and has more than 110 litigators. (Ex. A, Homiak Decl. ¶ 7; Ex. B, Bellamy Decl. ¶ 1.) Since its founding more than 25 years ago, Wheeler Trigg O'Donnell lawyers have taken more than 1,100 trials and arbitrations to verdict or award and 300 appeals to opinion across the country. (Ex. A, Homiak Decl. ¶ 7; Ex. B, Bellamy Decl. ¶ 1.) Mr. Homiak's and Mr. Bellamy's experience will thus be especially useful to the class in preparing this case for trial.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs request that the Court allow the amendment of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel and appoint Kevin Homiak and Galen Bellamy of Wheeler Trigg O'Donnell LLP as co-class counsel, joining A Better Childhood, Perkins Coie LLP, and Disability Law Center of Alaska.

PLAINTIFFS' MOTION TO AMEND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL
*Mary B., et al., v. Kim Kovol, et al*.; Case No. 3:22-cv-00129-SLG
PAGE 10 OF 12

Case 3:22-cv-00129-SLG     Document 324     Filed 06/11/25     Page 10 of 12

Dated:  June 11, 2025.                    Respectfully submitted,


                                          *s/ Marcia Robinson Lowry*
                                          Marcia Robinson Lowry (*pro hac vice*)
                                          mlowry@abetterchildhood.org
                                          Julia K. Tebor (*pro hac vice*)
                                          jtebor@abetterchildhood.org
                                          Anastasia Benedetto (*pro hac vice*)
                                          abenedetto@abetterchildhood.org
                                          David Baloche (*pro hac vice*)
                                          dbaloche@abetterchildhood.org
                                          **A BETTER CHILDHOOD**
                                          355 Lexington Avenue, Floor 16
                                          New York, NY 10017
                                          Telephone:    (646) 795-4456
                                          Facsimile:    (212) 692-0415

                                          Elena M. Romerdahl, AK Bar No. 1509072
                                          eromerdahl@perkinscoie.com
                                          **PERKINS COIE LLP**
                                          1029 West Third Avenue, Suite 300
                                          Anchorage, AK 99501
                                          Telephone:    (907) 279-8561
                                          Facsimile:    (907) 276-3108

                                          Mark Regan, AK Bar No. 8409081
                                          mregan@dlcak.org
                                          **DISABILITY LAW CENTER OF
                                          ALASKA**
                                          3330 Arctic Blvd., Suite 103
                                          Anchorage, AK 99503
                                          Telephone:    (907) 565-1002
                                          Facsimile:    (907) 565-1000

                                          *Attorneys for Plaintiffs*


PLAINTIFFS' MOTION TO AMEND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT
OF CLASS COUNSEL
*Mary B., et al., v. Kim Kovol, et al*.; Case No. 3:22-cv-00129-SLG
PAGE 11 OF 12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:22-cv-00129-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Marcia Lowry
Marcia Lowry (pro hac vice)

PLAINTIFFS' MOTION TO AMEND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL
*Mary B., et al., v. Kim Kovol, et al.*; Case No. 3:22-cv-00129-SLG
PAGE 12 OF 12

Case 3:22-cv-00129-SLG     Document 324     Filed 06/11/25     Page 12 of 12