# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARY B., *et al.*, <br><br>    Plaintiffs, <br> v. <br><br>KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*, <br><br>    Defendants. | Case No. 3:22-cv-00129-SLG |

## ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

Before the Court at Docket 337 is Defendants' Motion for Reconsideration of Order Denying Motion for Summary Judgment on Count 3. In the order denying Defendants summary judgment on Count 3, the Court rejected Defendants' argument that *Henry A. v. Willden*[1]—which held that certain Child Welfare Act ("CWA") provisions created statutory rights enforceable through 42 U.S.C. § 1983—was clearly irreconcilable with *Health & Hospital Corp. of Marion County v. Talevski*, 143 S.Ct. 1444 (2022).[2]

Defendants now contend that "the Supreme Court's new decision in *Medina* [*v. Planned Parenthood South Atlantic*] makes clear that 'mandatory language' and 'a focus on the protected individual' are not enough to meet the requirement for

---

[1] 678 F.3d 991 (9th Cir. 2012).

[2] Docket 286 at 7-15.

'rights creating language.'"[3] In Defendants' view, "*Willden* does not survive *Medina*, and under *Medina*, the CWA provisions in Count 3 do not create rights enforceable under § 1983."[4]

At issue in *Medina* was 42 U.S.C. "§ 1396a(a)(23)(A), Medicaid's any-qualified-provider provision," which "requires States to ensure that 'any individual eligible for medical assistance . . . may obtain' it 'from any [provider] qualified to perform the service . . . who undertakes to provide' it."[5] "[I]f a State fails 'to comply substantially' with this (or any) congressionally specified condition, the Secretary may withhold some or all of the State's federal funding until he is 'satisfied that there will no longer be any such failure to comply.'"[6] The Supreme Court explained that Section "1983 permits private plaintiffs to sue for violations of federal spending-power statutes only in 'atypical' situations, where the provision in question 'clear[ly]' and 'unambiguous[ly]' confers an individual 'right'"; the Court then determined that Medicaid's any-qualified-provider provision "is not such a statute."[7]

To disregard the Ninth Circuit's binding holding in *Willden*, the Court would

---

[3] Docket 337 at 2 (citing *Medina v. Planned Parenthood S. Atl.*, __ S. Ct. __, Case No. 23-1275, 2025 WL 1758505 (U.S. June 26, 2025)).

[4] Docket 337 at 2.

[5] *Medina*, 2025 WL 1758505, at *4.

[6] *Id.* (quoting 42 U.S.C. § 1396c).

[7] *Id.* at *14 (first quoting *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 183 (2023); and then quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002)).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Reconsideration
Page 2 of 4
Case 3:22-cv-00129-SLG    Document 338    Filed 07/09/25    Page 2 of 4

have to find that *Willden* is "clearly irreconcilable" with *Medina*.[8]  This "high standard"[9] is only met when the prior precedent has been "effectively overruled" by the intervening higher authority, although "the issues decided by the higher court need not be identical in order to be controlling."[10]  "For [a court] to hold that an intervening Supreme Court decision has 'effectively overruled' circuit precedent, the intervening decision must do more than simply 'cast doubt' on our precedent.  Rather, it must 'undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.'"[11]

In *Willden*, the Ninth Circuit reasoned that the CWA's provision regarding case plans, 42 U.S.C. § 671(a)(16), "unambiguously requires the State to provide for the development of a case plan 'for each child'" and that "rights-creating language 'is readily discernible' in § 671(a)(16) because it 'expresses a clear mandate by using the term "shall"' and 'discusses how the state must distribute benefits to *each child*.'"[12]  The Circuit also held that the CWA provision regarding a case review system was "privately enforceable along with the case plan provisions" due to the "statute's repeated focus on the individuals benefitted by §§

---

[8] *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).

[9] *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (citation omitted).

[10] *Miller*, 335 F.3d at 893, 900.

[11] *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) (quoting *Miller*, 335 F.3d at 900).

[12] *Willden*, 678 F.3d at 1006-07 (emphasis in original) (quoting *Connor B. v. Patrick*, 771 F. Supp. 2d 142, 171 (D. Mass. 2011)).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Reconsideration
Page 3 of 4
Case 3:22-cv-00129-SLG    Document 338    Filed 07/09/25    Page 3 of 4

671(a)(16) and 675(5)(D)."[13]

The Court does not find that the Ninth Circuit's reasoning in *Willden* is "undercut [by *Medina*] . . . in such a way that the cases are clearly irreconcilable."[14] As such, the Court declines to find that *Medina* effectively overruled *Willden*, and therefore Defendants have not shown that an intervening change in the law requires the Court to reconsider its order at Docket 286 with respect to Count 3, the CWA claim.[15]

In light of the foregoing, Defendants' Motion for Reconsideration at Docket 337 is DENIED.

DATED this 9th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *Id.* at 1008-09.

[14] *Delgado-Ramos*, 635 F.3d at 1239.

[15] D. Alaska L.Civ.R. 7.3(h)(1)(C).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Reconsideration
Page 4 of 4
Case 3:22-cv-00129-SLG    Document 338    Filed 07/09/25    Page 4 of 4