# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARY B., *et al.*,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:22-cv-00129-SLG |

### ORDER ON DEFENDANTS' MOTIONS TO SUPPLEMENT AND FOR SUMMARY JUDGMENT ON COUNTS SIX AND SEVEN

Before the Court at Docket 210 is Defendants' Motion for Summary Judgment on Counts Six and Seven. Plaintiffs responded in opposition at Docket 222, to which Defendants replied at Docket 238. Also before the Court is Defendants' Motion to Supplement Factual Materials Regarding Defendants' Motion for Summary Judgment on Counts 6 and 7 at Docket 298. Plaintiffs responded in opposition at Docket 308, to which Defendants replied at Docket 315. Oral argument was not requested on either motion and was not necessary to the Court's determination.

### BACKGROUND

In this class action, Plaintiffs seek wide-ranging reform of Alaska's foster care system, administered by Alaska's Office of Children's Services ("OCS"), alleging that the system harms the children it is designed to protect and violates Plaintiffs'

federal rights.[1]  Plaintiffs bring claims on behalf of themselves and on behalf of a class consisting of "[a]ll children for whom OCS has or will have legal responsibility and who are or will be in the legal and physical custody of OCS."[2]  In addition, the Court has certified an ADA Subclass, comprised of children "who are or will be in foster care and experience physical, cognitive, and psychiatric disabilities."[3]

Relevant here, Plaintiffs bring claims for alleged violations of the Americans with Disabilities Act and the Rehabilitation Act on behalf of the ADA Subclass.[4] Plaintiffs' ADA and Rehabilitation Act claims are based on the integration mandate.[5] The integration mandate, 28 C.F.R. § 35.130(d), provides that "[a] public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities."  "In order to comply with the integration mandate, states must implement reasonable modifications to avoid unnecessary institutionalization or isolation, at least where the modifications do not fundamentally alter the state's program or activity."[6]  "[U]nder the integration

---

[1] For a more detailed summary of Plaintiffs' allegations, see this Court's prior order at Docket 55.

[2] Docket 16 at ¶ 28(a); Docket 336 at 57-58.

[3] Docket 16 at ¶ 28(d); Docket 336 at 58.  Plaintiffs have proposed two additional subclasses, but did not move for class certification for those classes and the subclasses remain uncertified. Docket 16 at ¶¶ 28(b)-(c).

[4] Docket 16 at ¶¶ 298-315.

[5] Docket 55 at 66-68.  This Court dismissed Plaintiffs' claims insofar as they alleged violations based on reasonable accommodations of OCS Safety Plans, healthcare services, and services to foster care providers.  Docket 55 at 64-66.

[6] Docket 55 at 68 (citations omitted).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 2 of 17
Case 3:22-cv-00129-SLG     Document 362     Filed 07/30/25     Page 2 of 17

mandate of the ADA . . . [a] plaintiff need not show that institutionalization is 'inevitable' or that she has 'no choice' but to submit to institutional care in order to state a violation of the integration mandate. Rather, a plaintiff need only show that the challenged state action creates a serious risk of institutionalization."[7]

Defendants seek summary judgment on Plaintiffs' integration mandate claim. Defendants maintain that *M.R. v. Dreyfus*—the Ninth Circuit case on which this Court relied in its prior order to find that Plaintiffs had stated a claim for a violation of the integration mandate—is "no longer good law."[8] Defendants also contend that Plaintiffs did not allege an ADA or Rehabilitation Act claim based on the integration mandate in their Amended Complaint and, in any event, Plaintiffs have not presented evidence of a violation of the integration mandate.[9]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[P]urely legal issues appropriate for resolution in a motion for summary judgment include the interpretation of a statute or regulation."[10]

---

[7] *M.R. v. Dreyfus*, 697 F.3d 706, 734 (9th Cir. 2012).

[8] Docket 210 at 9; Docket 55 at 67-70.

[9] Docket 210 at 17, 20-25.

[10] *Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*, 218 F. Supp. 2d 1243, 1245

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 3 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 3 of 17

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action includes claims arising under federal law including the Americans with Disabilities Act.

## DISCUSSION

### I. Motion to Supplement

As an initial matter, Defendants move for leave to supplement the record regarding their motion for summary judgment on Counts 6 and 7.[11] Defendants seek to supplement their motion with excerpts from the deposition of Justin Lazenby, Named Plaintiff Lana H.'s next friend.[12] Defendants contend that Mr. Lazenby's testimony is relevant to the summary judgment motion, the motion is made in good faith and within ten days of receiving the transcript of Mr. Lazenby's deposition, and supplementation would not unfairly prejudice Plaintiffs.[13] Plaintiffs oppose supplementation, contending that the excerpts of Mr. Lazenby's deposition do little to resolve outstanding factual disputes in this case about OCS's practices as to Lana H.[14]

---

(S.D. Cal. 2002) (citing *Edwards v. Aguillard*, 482 U.S. 578, 581-82 (1987)).

[11] Docket 298.

[12] Docket 298 at 1-2.

[13] Docket 298 at 3-5.

[14] Docket 308 at 3-5.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 4 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 4 of 17

Pursuant to District of Alaska Local Rule 7.1(d)(2), a party may supplement its factual materials after briefing is complete by filing a motion and showing good cause. The motion must have the factual materials attached as an exhibit and explain why earlier filing was not possible. The Court finds that Defendants have satisfied the requirements of Local Rule 7.1(d)(2) and therefore GRANTS Defendants' Motion to Supplement at Docket 298. The Court will consider the supplemented materials in its consideration of the merits of Defendants' summary judgment motion.

## II. Motion for Summary Judgment

Defendants maintain that they are entitled to summary judgment on Plaintiffs' ADA and Rehabilitation Act claims because *Kisor v. Wilkie* and *Loper Bright Enterprises v. Raimondo* undermine *M.R.*'s holding that a state violates the integration mandate if it creates a serious risk of institutionalization, because that holding deferred to the Department of Justice's ("DOJ") interpretation of the integration mandate.[15] Specifically, Defendants assert that *M.R.* is clearly irreconcilable with *Kisor* because "the court deferred to the DOJ without first asking whether the regulation was 'genuinely ambiguous.'"[16] Defendants contend that the

---

[15] Docket 210 at 8-10 (relying on *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and *Kisor v. Wilkie*, 588 U.S. 558 (2019)); 28 C.F.R. § 35.130(d) ("A public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities.").

[16] Docket 210 at 9 (citing *Kisor*, 588 U.S. at 573). Defendants contend that the integration mandate is not genuinely ambiguous and therefore deference to the Department of Justice interpretation is

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 5 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 5 of 17

"Ninth Circuit has recognized that these Supreme Court decisions may be 'clearly irreconcilable' with its own cases that previously applied substantial deference," relying on *United States v. Castillo*.[17] In *Castillo*, the Ninth Circuit held that *Kisor* was clearly irreconcilable with the Court's prior decisions deferring to the United States Sentencing Commission commentary to the Sentencing Guidelines to interpret the language of U.S.S.G. § 4B1.2(b) because "the plain text of § 4B1.2(b) unambiguously excludes inchoate crimes, [and so courts] are not permitted under *Kisor* to defer to the Commission's commentary."[18] Defendants also maintain that "to the extent *M.R.* deferred to the DOJ's interpretation of Title II itself, the Supreme Court squarely rejected any such deference in a second decision, *Loper Bright* . . . ."[19] Therefore, in Defendant's view, the "Court must . . . take a fresh look at the statutes, rather than following *M.R.* and simply deferring to the DOJ."[20]

Plaintiffs respond that, in the Court's order denying Defendants' motion to dismiss the ADA and Rehabilitation Act claims, this Court found "that there was 'no reason to deviate from' the Ninth Circuit's on-point holding in *M.R.* that a plaintiff asserting a violation of the integration mandate need only show that the state action

---

not warranted. Docket 210 at 13-15.

[17] Docket 210 at 10-11 (citing *United States v. Castillo*, 69 F.4th 648, 657-58 (9th Cir. 2023)).

[18] *Castillo*, 69 F.4th at 658.

[19] Docket 210 at 9.

[20] Docket 210 at 11.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 6 of 17
Case 3:22-cv-00129-SLG   Document 362   Filed 07/30/25   Page 6 of 17

at issue 'creates a serious risk of institutionalization'"; "[b]ecause that issue was 'decided explicitly,' the law of the case doctrine applies, and this court is 'precluded from reexamining [the] issue.'"[21] And, in any event, Plaintiffs maintain that "*M.R.* is based on more than the Department of Justice's interpretation . . . and so *Kisor* and *Loper Bright* are not 'directly at odds' with *M.R.* and do not undermine its reasoning."[22] Regarding *Castillo*, Plaintiffs contend that the three-judge panel in that case was a "competent body" to hold that prior Ninth Circuit decisions were clearly irreconcilable with *Kisor* and, "after exercising its independent judgment," held that the commentary to the U.S. Sentencing Guidelines was inconsistent with the particular Sentencing Guideline at issue.[23]

To disregard *M.R.*, the Court would have to find that *M.R.* is "clearly irreconcilable" with *Kisor* and *Loper Bright*.[24] This "high standard"[25] is only met when the prior precedent has been "effectively overruled" by the intervening higher authority, although "the issues decided by the higher court need not be identical in order to be controlling."[26] "For [a court] to hold that an intervening Supreme Court

---

[21] Docket 222 at 7 (first quoting Docket 55 at 67-68 n.318; and then quoting *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012)).

[22] Docket 222 at 10.

[23] Docket 222 at 9.

[24] *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).

[25] *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (citation omitted).

[26] *Miller*, 335 F.3d at 893, 900.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 7 of 17

Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 7 of 17

decision has 'effectively overruled' circuit precedent, the intervening decision must do more than simply 'cast doubt' on our precedent. Rather, it must 'undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.'"[27]

In *M.R.*, the Ninth Circuit held that "to state a violation of the integration mandate . . . a plaintiff need only show that the challenged state action creates a serious risk of institutionalization."[28] In that case, the DOJ had "filed a statement of interest in the district court in which it . . . wrote that '[t]he integration mandate prohibits public entities from pursuing policies that place individuals at risk of unnecessary institutionalization.'"[29] The *M.R.* Court "afford[ed] DOJ's view considerable respect," and noted that courts "'defer to an agency's reasonable interpretation of its own statutorily authorized regulation" and "[a]n agency's interpretation of its own regulation is 'controlling unless plainly erroneous or inconsistent with the regulation.'"[30] The Ninth Circuit reasoned that the DOJ's interpretation in *M.K.* was similar to the regulation at issue in *Auer v. Robbins*, where the Supreme Court deferred to an agency position taken in an amicus brief

---

[27] *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) (quoting *Miller*, 335 F.3d at 900).

[28] *M.R.*, 697 F.3d at 734.

[29] *Id.*

[30] *Id.* at 735 (first citing *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1214 (9th Cir. 2009); and then quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 8 of 17
Case 3:22-cv-00129-SLG   Document 362   Filed 07/30/25   Page 8 of 17

regarding an interpretation of one of the agency's regulations.[31]  The Ninth Circuit held that DOJ's interpretation of the integration mandate was "not only reasonable; it also better effectuates the purpose of the ADA 'to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities.'"[32]  The Court also noted that "DOJ's interpretation of the integration mandate in this case is consistent with its interpretation in another case before this court," although the Court did not identify the other case.[33]

In *Kisor v. Wilkie*, the Supreme Court clarified the legal standard for deferring to an agency's interpretation of its own regulation, so-called *Auer* deference.  The Court held that "the possibility of deference" to an agency's interpretation of its own regulation "can arise only if a regulation is genuinely ambiguous."[34]  "[B]efore concluding that a rule is genuinely ambiguous, a court must exhaust all the traditional tools of construction."[35]  And, even so, "not all reasonable agency constructions of those truly ambiguous rules are entitled to deference."[36]  In determining whether *Auer* deference is appropriate, a court should consider whether

---

[31] *Id.*

[32] *Id.* (quoting 42 U.S.C. § 12101(b)(2)).

[33] *Id.*

[34] *Kisor*, 588 U.S. at 573.

[35] *Id.* at 575 (internal quotation marks and citation omitted).

[36] *Id.* at 573.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 9 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 9 of 17

the interpretation is the "agency's authoritative or official position," implicates the agency's "substantive expertise," and reflects the agency's "fair and considered judgment."[37]

The Court finds that *M.R.* remains binding. At most, *Kisor* may "cast doubt" on *M.R.*'s analysis of whether it is appropriate to defer to the DOJ's interpretation of the integration mandate.[38] While the *M.R.* Court did not address whether the integration mandate regulation was ambiguous, the rationale the *M.R.* Court provided for deferring to the DOJ's interpretation remains relevant even after *Kisor*.[39] The *M.R.* Court held that DOJ's interpretation was reasonable, uniform across different cases, supported by holdings by other courts, and "better effectuates the purpose of the ADA."[40]

---

[37] *Id.* at 576-79 (internal quotation marks and citation omitted).

[38] *Delgado-Ramos*, 635 F.3d at 1239; *see Friends of the Inyo v. U.S. Forest Serv.*, 103 F.4th 543, 553 n.2 (9th Cir. 2024) (noting the continuing viability of *Auer* deference within the bounds set forth in *Kisor*).

[39] *See Kisor*, 588 U.S. at 570 ("[T]he presumption that Congress intended *Auer* deference stems from the awareness that resolving genuine regulatory ambiguities often 'entail[s] the exercise of judgment grounded in policy concerns.'"); *id.* at 572 ("[T]he presumption we use reflects the well-known benefits of uniformity in interpreting genuinely ambiguous rules."); *id.* at 576 ("[A] court must make an independent inquiry into whether the character and context of the agency interpretation entitles it to controlling weight."); *see also id.* at 630 (Gorsuch, J., concurring) ("[D]ecisions construing particular statutes continue to command respect even when the interpretive methods that led to those constructions fall out of favor.").

[40] *M.R.*, 697 F.3d at 735-36 (first citing *V.L. v. Wagner*, 669 F. Supp. 2d 1106, 1119 (N.D. Cal. 2009) ("[P]laintiffs who currently reside in community settings may assert ADA integration claims to challenge state actions that give rise to a risk of unnecessary institutionalization."); then citing *Brantley v. Maxwell-Jolly*, 656 F. Supp. 2d 1161, 1170-71 (N.D. Cal. 2009) ("[T]he *risk* of institutionalization is sufficient to demonstrate a violation of [the ADA]."); and then citing *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1182 (10th Cir. 2003) ("*Olmstead* does not imply that disabled persons who, by reason of a change in state policy, stand imperiled with segregation, may

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 10 of 17
Case 3:22-cv-00129-SLG     Document 362     Filed 07/30/25     Page 10 of 17

Further, *Castillo* is distinguishable as, in that case, the Ninth Circuit held that the plain language of a Sentencing Guideline regarding controlled substance offenses was unambiguous, and therefore the commentary's expansion of the list of crimes that constituted controlled substance offenses was not entitled to deference.[41] In so holding, the Court reasoned that prior Ninth Circuit precedent deferring to the commentary was clearly irreconcilable with *Kisor*, in part because the Sentencing Guideline at issue was not "within '*Kisor*'s 'zone of ambiguity' so as to trigger deference."[42] Here, the integration mandate—which requires a state to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities"—is not clearly unambiguous, as "the word 'appropriate' is inherently context-dependent."[43]

As for Defendants' claim that *M.R.* is clearly irreconcilable with *Loper Bright* "to the extent *M.R.* deferred to the DOJ's interpretation of Title II itself,"[44] the Court declines to speculate as to whether the *M.R.* panel deferred to the DOJ's

---

not bring a challenge to that state policy under the ADA's integration regulation without first submitting to institutionalization.")).

[41] 69 F.4th at 662-63.

[42] *Id.* at 662.

[43] *Cf. Sossamon v. Texas*, 563 U.S. 277, 288 (2011) (holding that "the phrase 'appropriate relief' in [the Religious Land Use and Institutionalized Persons Act] is not so free from ambiguity that we may conclude that the States, by receiving federal funds, have unequivocally expressed intent to waive their sovereign immunity to suits for damages").

[44] Docket 210 at 9-10.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 11 of 17

Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 11 of 17

interpretation of Title II of the ADA, as the holding in *M.R.* regards a federal regulation—the integration mandate—and the *M.R.* Court deferred to the DOJ's interpretation of that regulation. Because *M.R.* remains binding precedent for this Court, Plaintiffs can show a violation of the ADA's integration mandate by showing that the challenged state action creates a serious risk of unnecessary institutionalization.[45]

Defendants further contend that "[e]ven if the Court rejects the analysis above and concludes that 'serious risk of institutionalization' claims remain viable, the plaintiffs did not plead one here" because the Amended Complaint "does not use the phrase 'risk of institutionalization' or any paraphrase of it."[46] Therefore, Defendants assert "the Court should grant this motion regardless of whether Title II or Section 504 allow claims based on risk of institutionalization."[47] Further, Defendants contend that "the novel 'risk of institutionalization' theory the plaintiffs have . . . described as the litigation has progressed bears no resemblance to such claims as previously recognized by courts."[48]

---

[45] *M.R.*, 697 F.3d at 734; Docket 336 at 49.

[46] Docket 210 at 16-17.

[47] Docket 210 at 16-17 & n.64 (citing *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 637-38 (9th Cir. 2015) (holding that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint"); *Saccato v. Davis L. Firm*, Case No. 12-35133, 2012 WL 5951608, at *1 (9th Cir. Nov. 26, 2012); *De La Fuente v. Wyman*, Case No. 16-cv-5801, 2018 WL 646958, at *7 (W.D. Wash. Jan. 31, 2018)).

[48] Docket 210 at 17.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 12 of 17
Case 3:22-cv-00129-SLG   Document 362   Filed 07/30/25   Page 12 of 17

Plaintiffs respond that the Amended Complaint "put Defendants on notice of the ADA claim" and that they "are not required to plead every theory of liability in the complaint."[49] And Plaintiffs contend that "there are at least three ways in which Defendants violate the ADA," none of which are novel.[50]

"[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) . . . generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."[51] In the Amended Complaint, Plaintiffs allege that Defendants placed Lana H. at North Star, after her placements in non-therapeutic foster homes disrupted, five times.[52] They also allege that Lana H. has been sedated and restrained repeatedly while at North Star, and that Defendants have "repeatedly failed to find an appropriate placement for Lana, either in an appropriate home with necessary services, or in a treatment facility where her needs will be

---

[49] Docket 222 at 19 & n.9 (citing *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) ("Pleadings need suffice only to put the opposing party on notice of the claim. . . . Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief.")).

[50] Docket 222 at 30-32 (advancing theories of liability under the ADA because the "deprivation of community-based placements and services driven by Defendants' conduct [(1)] forces children to forgo living in the community to receive necessary medical services"; (2) "creates a serious risk that children will be unjustly placed in an institution"; and (3) "creates a serious risk that children will be unjustly *retained* in an institutional setting after their condition has stabilized and the treatment team had determined that it is no longer medically necessary for the child to remain in the institution").

[51] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation omitted).

[52] Docket 16 at ¶¶ 126-32.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 13 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 13 of 17

met."[53] Further, the Amended Complaint alleges that the ADA and Rehabilitation Act require "state and local officials [to] make available a full range of home and community-based placements, and necessary and appropriate community-based services, to ensure access to the least restrictive and integrated setting appropriate to their needs."[54] These allegations in the Amended Complaint were adequate to put Defendants on notice that Plaintiffs alleged a violation of the ADA and the integration mandate.[55]

Defendants also maintain that they are entitled to summary judgment on Counts 6 and 7 because "[t]he plaintiffs have not identified a state action or policy that has caused or created a serious risk of unjustified institutionalization"[56] and that the evidence demonstrates that "only approximately 4.7 percent of foster children are placed in residential facilities of any kind, significantly less than national average," which they maintain is a rate that "does not represent a 'serious risk of institutionalization.'"[57]

Plaintiffs respond that "when federal law imposes an affirmative obligation on

---

[53] Docket 16 at ¶¶ 127, 136.

[54] Docket 16 at ¶ 147 (citing 42 U.S.C. § 12131 *et seq.*; 29 U.S.C. § 701 *et seq.*; 28 C.F.R. § 35.101, *et seq.*; 45 C.F.R. § 84.1, *et seq.*).

[55] *M.R.*, 697 F.3d at 734 ("[T]o state a violation of the integration mandate . . . a plaintiff need only show that the challenged state action creates a serious risk of institutionalization.").

[56] Docket 210 at 20.

[57] Docket 210 at 24 (citing Docket 212 at ¶ 8 (Donahue Decl.); Docket 212-2; Docket 212-3) ("113 children in residential facilities compared to 2385 foster children: 113/2385=4.7%").

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 14 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 14 of 17

a state, the state's failure to fulfill its affirmative obligation is treated as state action" and that "the record contains numerous examples of state actions that exacerbate the systemic crisis and increase the risk of institutionalization."[58] As an example, Plaintiffs note that "OCS's official placement policy instructs caseworkers to bring foster children to the emergency room whenever their 'behavior or mental health is effecting placement options,'" which Plaintiffs maintain results in children being institutionalized when it is not medically necessary but rather because OCS is "unable to provide community-based placements or services."[59] Plaintiffs also contend that "[t]he record is replete with evidence showing that foster children in Alaska experience varying degrees of concrete harm *after* entering the State's care that '*exacerbate* Plaintiffs' already severe mental and physical difficulties.'"[60]

In the order granting class certification, this Court rejected Defendants' arguments that Plaintiffs had not presented evidence showing that any Named Plaintiff was unnecessarily institutionalized or faced a serious risk thereof and that Plaintiffs had not shown that the alleged ADA violation was traceable to Defendants.[61] The Court also rejected Defendants' argument that Plaintiffs failed

---

[58] Docket 222 at 24 (citing *Castro v. County of Los Angeles,* 833 F.3d 1060 (9th Cir. 2016); *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018)).

[59] Docket 222 at 24-25.

[60] Docket 222 at 25 (emphasis in original) (quoting *M.R.*, 697 F.3d at 733).

[61] Docket 336 at 14-17.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 15 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 15 of 17

to show commonality as to their ADA claim because they did not identify an OCS official policy or practice.[62] The Court declines to revisit those determinations here. And, in any event, disputes of material fact remain as to whether OCS policies or practices place children in the ADA Subclass at a serious risk of unnecessary institutionalization.

Defendants also contend that Plaintiffs have presented "no evidence that any foster children face a risk of *unjustified* institutionalization."[63] Plaintiffs respond that "[e]ven when institutionalization placement is warranted, there is a serious risk that children will be unjustly retained in an institutional setting beyond medically necessary because the lack of community-based placements and services persist."[64] They point to their expert's report which recounts that, during an interview the expert conducted with staff at institutions that treat children in OCS custody, the Director of Admissions at AK Child and Family reported a "lack of responsive, timely, appropriate, comprehensive assessments, and causing delays in facilities getting the information needed from OCS and others . . . to determine the appropriate level of care" for children placed in the facility by OCS.[65] The report also notes that a North Star staff member had challenges "getting OCS caseworkers to show up to

---

[62] Docket 336 at 29, 47-49.

[63] Docket 210 at 25.

[64] Docket 222 at 29.

[65] Docket 222 at 29; Docket 222-10 at 8-9, 26.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 16 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 16 of 17

discharge meetings and follow up with action items identified during the meetings," which can delay the discharge process.[66] Again, the Court finds that disputes of material fact remain as to whether OCS policies or practices place children in the ADA Subclass at a serious risk of unnecessary institutionalization.

In sum, the Court finds that *M.R.* remains binding on this Court and disputes of material fact remain as to whether OCS policies and practices place children in the ADA Subclass at a serious risk of unnecessary institutionalization.[67]

## CONCLUSION

In light of the foregoing, the Court GRANTS Defendants' Motion to Supplement at Docket 298 and DENIES Defendants' Motion for Summary Judgment on Counts Six and Seven at Docket 210.

DATED this 29th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[66] Docket 222-10 at 26.

[67] Defendants also maintain that "plaintiffs have not met their burden of identifying a reasonable modification that would redress the alleged discrimination." Docket 210 at 26-27. This Court already rejected Defendants claim that Plaintiffs lack standing as to their ADA claim on redressability grounds, Docket 336 at 16-17, and, in any event, this argument goes to remedy, which the Court declines to address prior to a determination of Plaintiffs' claims on the merits.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motions to Supplement and for Summary Judgment on Counts Six and Seven
Page 17 of 17
Case 3:22-cv-00129-SLG    Document 362    Filed 07/30/25    Page 17 of 17