# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARY B., *et al.*,

        Plaintiffs,

  v.

KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,

        Defendants.

Case No. 3:22-cv-00129-SLG

## ORDER ON DEFENDANTS' MOTION TO EXCLUDE UNTIMELY IDENTIFIED WITNESSES

Before the Court at Docket 281 is Defendants' Motion to Exclude Untimely Identified Witnesses. Plaintiffs responded in opposition at Docket 288, to which Defendants replied at Docket 294. Oral argument was not requested and was not necessary to the Court's determination. For the reasons below, Defendants' motion is granted.

## BACKGROUND

Defendants' motion concerns Plaintiffs' purportedly untimely identification of five witnesses. As relevant, the parties' Federal Rule of Civil Procedure 26(f) report proposed a June 14, 2024 deadline for the parties to serve and file their "Final Discovery Witness List," with the close of fact discovery on August 1, 2024.[1]

---

[1] Docket 68 at 5.

The Court adopted the parties' proposed deadlines.[2]

On June 14, 2024, the parties stipulated to extend the deadline for final discovery witness lists; the Court approved the parties' stipulation, extending the "Final (fact) Witness List" deadline to September 30, 2024.[3] After Plaintiffs sought further amendment of certain pretrial deadlines, on September 27, 2024, the Court entered an order extending the final fact discovery witness list deadline to October 31, 2024.[4] Plaintiffs served on Defendants a "Final Witness List" on October 31, 2024, but did not file it with the Court at that time.[5] The list named 29 potential witnesses.[6] Then, on December 9, 2024, on motion by Plaintiffs, which was opposed by Defendants, the Court further extended the final fact discovery witness list deadline to December 16, 2024.[7] Plaintiffs "did not serve or file any updated final fact discovery witness list on the amended deadline."[8]

On August 2, 2024, the Court issued a Trial Scheduling Order setting trial for May 2025; the Trial Scheduling Order also established a April 14, 2025 deadline

---

[2] Docket 69.

[3] Docket 88; Docket 90; Docket 91.

[4] Docket 106 at 1-2 (The order contains two deadlines for Final Fact Discovery Witness Lists, with the latter of the two being October 31, 2024).

[5] Docket 198-5 (SEALED).

[6] Docket 198-5 (SEALED).

[7] Docket 164 at 1-2.

[8] Docket 281 at 11 n.54.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 2 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 2 of 14

for the parties to file and serve a trial witness list, which is a witness list separate and distinct from the final fact discovery witness list.[9] The order provided that the trial witness list "shall include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list."[10] On September 27, 2024, the Court amended the trial witness list deadline to March 31, 2025.[11] In a December 9, 2024 order amending certain pretrial deadlines, the Court left the March 31, 2025 trial witness list deadline unchanged.[12] As noted above, that same order specified that the deadline for the final fact discovery witness list was December 16, 2024.[13]

On February 14, 2025, upon request from Plaintiffs, the Court held a status conference to discuss whether the May 2025 trial date was still feasible.[14] At the status conference, the Court rescheduled trial to begin on August 25, 2025.[15] The Court entered an Amended Trial Scheduling Order directing the parties to file and serve their trial witness lists by August 4, 2025, which again provided that the trial

---

[9] Docket 92 at 1-2.

[10] Docket 92 at 2.

[11] Docket 106 at 2.

[12] Docket 164 at 1, 3 (Modified dates are in bold and the deadline for the Trial Final Witness List is not in bold.).

[13] Docket 164 at 2.

[14] Docket 216; Docket 219.

[15] Docket 219.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 3 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 3 of 14

witness list "shall include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list."[16]

Defendants filed their Final Trial Witness List on March 31, 2025.[17] That same day, Plaintiffs served on Defendants an amended discovery witness list, but did not file the list with the Court at that time.[18] That list "included three lay witnesses that the plaintiffs had never previously identified": Mateo Jaime, a former foster youth; Les Gara, a former legislator and foster care consultant; and Kxlo Stone, a former foster youth.[19] After receiving the list, Defendants' counsel sent an email to Plaintiffs' counsel indicating that Defendants "will move to strike the three new witnesses in this recent list unless your motion adequately explains why these witnesses could not have been identified in a discovery witness list at any point before March 31."[20]

On April 9, 2025, Plaintiffs filed a Motion to File Second Amended Discovery Witness List.[21] The Second Amended Discovery Witness List includes the three new witnesses that Plaintiffs had disclosed to Defendants on March 31, 2025, as well as two more witnesses that had not been previously identified: Deko Harbi, a

---

[16] Docket 221 at 1-2.

[17] Docket 256.

[18] Docket 282-8 at 6-7.

[19] Docket 281 at 7 (citing Docket 282-2 at 13).

[20] Docket 282-8 at 5-6.

[21] Docket 266.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 4 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 4 of 14

former foster youth; and Maliaka Tesson, a foster parent.[22] In their motion, Plaintiffs explained that they interpreted the Court's December 9, 2024 scheduling order "to require the parties to serve, rather than file, amended *discovery witness lists* by March 31, 2025."[23] The motion also indicated that "Defendants do not object to the filing of the witness list" but "have expressed that they will potentially object to the inclusion of additional witnesses in Plaintiffs' amended witness lists."[24] The Court accepted Plaintiffs' Second Amended Discovery Witness List as filed, and now resolves Defendants' motion to exclude the five new witnesses identified therein.[25]

## LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 16

Rule 16(b) provides that a court "must issue a scheduling order" limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions."[26] A scheduling order may also set forth discovery limits, set dates for pretrial conferences and trial, and "include other appropriate matters."[27] Once entered, the schedule "may be modified only for good cause and with the judge's

---

[22] Docket 268 at 2.

[23] Docket 266 at 2 (emphasis added).

[24] Docket 266 at 2.

[25] Docket 268; Docket 269; Docket 281.

[26] Fed. R. Civ. P. 16(b)(3)(A).

[27] Fed. R. Civ. P. 16(b)(3)(A)-(B).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 5 of 14
Case 3:22-cv-00129-SLG   Document 364   Filed 07/30/25   Page 5 of 14

consent."[28] The good cause standard "primarily considers the diligence of the party seeking the amendment."[29] "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end."[30]

## II. Federal Rule of Civil Procedure 37

Rule 26(a) requires each party to "provide to the other parties and promptly file . . . the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises."[31] Rule 37(c) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless."[32]

In determining whether the failure to timely identify a witness is substantially

---

[28] Fed. R. Civ. P. 16(b)(4).

[29] *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

[30] *Johnson*, 975 F.2d at 609.

[31] Fed. R. Civ. P. 26(a)(3)(A).

[32] *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 6 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 6 of 14

justified or harmless, a court assesses several "non-exclusive factors . . . : (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."[33] Failure to comply with a witness disclosure deadline is not harmless when it disrupts "the schedule of the court and other parties," as "[c]ourts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."[34]

## DISCUSSION

The purpose of a discovery witness list is to require the parties to disclose the names of potential witnesses prior to the close of discovery. The trial witness list narrows the list of witnesses identified to only those who the party actually intends to call at trial. As such, only those witnesses disclosed on the final discovery witness list can testify at trial, absent a modification of the scheduling order for good cause shown. Pursuant to this Court's scheduling order, both parties were required to serve and file their final discovery witness list by December 16, 2024.[35] Contrary to Plaintiffs' assertion, Plaintiffs' disclosure of five

---

[33] *Voyager Indem. Ins. Co. v. Zalman N., Inc.*, 668 F. Supp. 3d 990, 998 (C.D. Cal. 2023) (citing *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)).

[34] *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005).

[35] Docket 164 at 1-2.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 7 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 7 of 14

previously unidentified witnesses several months later is untimely.[36] Plaintiffs have not moved to modify the scheduling order to permit the identification of additional discovery witnesses nor have they attempted to show that good cause supports such an amendment. As such, the Court will not amend the scheduling order under Rule 26.

The Court now considers whether exclusion of the five late-identified witnesses is proper under Rule 37. Defendants contend that "Les Gara and Mateo Jaime . . . were indisputably well known to the plaintiffs many months before both the December 16 discovery witness list deadline and their ultimate disclosure more than three months later."[37] Regarding Mr. Gara, Plaintiffs indicate that he "may be called to testify to his work in the legislature on child welfare legislation, work on House Bill 151, interactions with OCS, and role as a foster care consultant."[38] Defendants contend that Plaintiffs' disclosure of Mr. Gara as a potential witness in March 2025 is untimely and not substantially justified because Plaintiffs were aware of House Bill 151, and Mr. Gara, "since at least January 19, 2024."[39] As to

---

[36] Docket 288 at 3-4 n.4 (expressing confusion as to what the Court was referring to in ordering that trial witness lists include only individuals previously disclosed as potential witnesses in a timely filed prior witness list).

[37] Docket 281 at 12.

[38] Docket 268 at 2.

[39] Docket 281 at 12 & n.57 (first citing Docket 282-10 at 4-5 (Pls.' Jan. 2024 Req. for Produc.) ("All Documents and/or Communications concerning OCS's efforts to lower caseworker Caseloads, including efforts to comply with Caseload requirements as stated in House Bill 151."); and then citing Docket 135 at 28-29 (Pls.' Nov. 2024 Mot. for Class Certification) ("Alaska law—House Bill 151—limits caseworkers to 13 cases, with cases being counted by families prior to the termination of parental rights and although this is still higher than recommended professional standards, OCS

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 8 of 14
Case 3:22-cv-00129-SLG   Document 364   Filed 07/30/25   Page 8 of 14

Mr. Jaime, Plaintiffs indicate that he "may be called to testify to his personal experience in the Alaska foster care system, including the impact of his placement changes and his time at North Star Behavioral Health."[40] Defendants maintain that Plaintiffs' disclosure of Mr. Jaime in March 2025 is untimely and not substantially justified because Plaintiffs "produced news articles highlighting Mr. Jaime during discovery as early as April 11, 2024," and "the plaintiffs' February 7, 2025 expert report of Dr. Anne Farina relied heavily on an interview she conducted with Mr. Jaime."[41] Regarding the other newly identified witnesses, Defendants maintain that Plaintiffs "make no attempt" to show that Plaintiffs' late disclosure of them is substantially justified.[42] And Defendants assert that the belated disclosure of these five witnesses is prejudicial to them because discovery closed on February 3, 2025, and "[t]he burden to depose and prepare to cross-examine late-disclosed witnesses is precisely the sort of consideration courts cite when excluding late-disclosed witnesses under Rule 37(a)."[43]

---

consistently fails to meet even this goal.")).

[40] Docket 268 at 2.

[41] Docket 281 at 13 & n.60 (first citing Docket 282-11 at 3-5, 15 (news articles covering Mr. Jaime's experience as a foster youth in OCS custody); and then citing Docket 249-1 (SEALED) at 6).

[42] Docket 281 at 14.

[43] Docket 281 at 14 (citing *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (holding that the district court did not abuse its discretion in finding that a defendant's failure to comply with Rule 26's disclosure requirements was not harmless because, had those witnesses been allowed to testify at trial, "Plaintiffs would have had to depose them—or at least to consider which witnesses were worth deposing—and to prepare to question them at trial," burdening the plaintiffs and disrupting the court's and the parties' schedules)).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 9 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 9 of 14

In their response, Plaintiffs maintain that their belated disclosure was substantially justified because this is a complex case, "Defendants control virtually all relevant information," including who are potential class members, and many individuals involved with OCS are hesitant to testify for fear of retaliation.[44] Plaintiffs also maintain that Defendants will suffer no prejudice if the witnesses are permitted to testify at trial because the parties had discussed "that supplementation would occur as the case evolved and once the class was certified."[45] And, in Plaintiffs' view, there would be no prejudice to Defendants because "the witnesses were disclosed well in advance of trial, and Defendants are free to depose them," and the "disclosure of former foster children and current and former foster parents as potential witnesses . . . is entirely foreseeable given that the core issue in this case is whether Defendants are violating the rights of foster children and placing them at risk of harm."[46] Plaintiffs also maintain that they "are not and should not be prohibited from supplementing their trial witness list under these circumstances."[47]

Specifically as to Ms. Harbi, Ms. Stone, and Ms. Tesson, Plaintiffs state that those witnesses were not known to them until March 17, 2025, or April 3, 2025.[48]

---

[44] Docket 288 at 5-8.

[45] Docket 288 at 8-9.

[46] Docket 288 at 10-11.

[47] Docket 288 at 19.

[48] Docket 288 at 16-17 (citing Docket 289 at ¶¶ 6-8 (Lowry Decl.) ("Ms. Harbi was not known to

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 10 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 10 of 14

Plaintiffs contend that permitting these witnesses to testify at trial would not prejudice Defendants because Defendants possess Ms. Harbi and Ms. Stone's case files and information on Ms. Tesson's history as a foster parent, and Defendants have "ample time to depose" these witnesses before trial.[49] Regarding Mr. Jaime, Plaintiffs contend that permitting Mr. Jaime to testify at trial would not prejudice Defendants because Defendants have had "ample time to depose" him and "have been aware of Mr. Jaime" because they "reviewed and cited Mr. Jaime's case file in connection with their motion to exclude the testimony of Dr. Anne Farina," which Defendants filed on March 24, 2025.[50] Lastly, as to Mr. Gara, Plaintiffs maintain that "Defendants face no prejudice, as they have longstanding knowledge of Mr. Gara's involvement in child welfare reform and sufficient time to depose him before trial."[51]

The Court finds that Plaintiffs have not met their burden to show that their failure to timely identify any of the five contested witnesses is substantially justified or harmless. Plaintiffs' generalized reasons for failing to disclose the contested witnesses to Defendants by the December 16, 2024 deadline could apply to any

---

Plaintiffs until March 17, 2025. Plaintiffs scheduled an initial call at her earliest convenience on March 28, 2025. Ms. Stone was not known to Plaintiffs until March 17, 2025. Plaintiffs scheduled an initial call at her earliest convenience on March 31, 2025. Ms. Tesson was not known to Plaintiffs until April 3, 2025, and they contacted her on that date.").

[49] Docket 288 at 16-17.

[50] Docket 288 at 17-18 (citing Docket 247).

[51] Docket 288 at 18.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 11 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 11 of 14

witness discovered up until the eve of trial. Further, as Defendants' point out, Plaintiffs "do not connect their arguments about the nature of discovery in this case to their disclosures of Mr. Jaime, Mr. Gara, Ms. Harbi, Ms. Stone, or Ms. Tesson."[52] Plaintiffs maintain that their late disclosures are justified because "Defendants have not provided Plaintiffs with the names of class members and other relevant individuals and have produced only redacted discovery" when the class certification motion was pending.[53] However, while three of the newly identified witnesses are former foster youth, none of them were in OCS custody at the time Plaintiffs moved for class certification on November 15, 2024.[54]

Further, while Plaintiffs assert that Ms. Harbi, Ms. Stone, and Ms. Tesson were not known to them before late March and early April 2025, Plaintiffs do not explain why or how they only learned of them at that time.[55] And Plaintiffs "do not dispute the defendants' argument that they knew about [Mr. Gara and Mr. Jaime] for many months before disclosing their names."[56] Therefore, Plaintiffs have not established substantial justification for their late disclosure of Mr. Jaime, Ms. Harbi,

---

[52] Docket 294 at 4.

[53] Docket 288 at 5-6.

[54] Docket 295 at ¶ 6 (providing dates for when Mr. Jaime, Ms. Stone, and Ms. Harbi were in OCS custody); *see* Docket 220 at 10.

[55] Plaintiffs indicate that they continued to receive discovery from Defendants through January 2025, but that approximately "70% of all discovery materials produced in late August through October 2024." Docket 288 at 6 n.5.

[56] Docket 294 at 5.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 12 of 14
Case 3:22-cv-00129-SLG   Document 364   Filed 07/30/25   Page 12 of 14

Ms. Stone, Mr. Gara, or Ms. Tesson.

The Court also disagrees with Plaintiffs' assertion that Defendants would not be prejudiced by the testimony of the five contested witnesses because Defendants were already "aware" of the witnesses. The purpose of a discovery witness list is to identify to the other party those persons who might be called to testify at trial so that discovery can be sought about them before the close of discovery. It is unreasonable to expect or require Defendants to be prepared to cross-examine any former foster youth, current or former foster parent, or any other witnesses simply because Defendants are aware of them. Further, Plaintiffs only indicate that they "may" call the five newly identified witnesses; none of these witnesses are presented as critical witnesses for trial; and Plaintiffs have timely identified 29 other potential trial witnesses. Requiring Defendants to prepare to cross-examine five additional witnesses that may not be called to testify so close to trial is not harmless. Further, fact discovery closed in this case on February 3, 2025,[57] approximately two months before the witnesses were disclosed to Defendants, and reopening discovery at this time would clearly disrupt the parties' trial preparation.

Finally, the Court finds it prudent to make clear that, while the parties have until August 4, 2025, to serve and file a final trial witness list, that list must only

---

[57] Docket 164 at 2.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 13 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 13 of 14

include witnesses that the parties have previously identified in a timely filed prior witness list (including a discovery witness list), unless the Court permits an additional witness to be called upon a showing of substantial justification or that the addition of the witness is harmless.[58] Plaintiffs' only timely filed discovery witness list is the Second Amended Discovery Witness List, and the only timely identified witnesses on that list are those that were included on the list that Plaintiffs served on Defendants on October 31, 2024.[59] As such, each party's trial witness list due on August 4, 2025, must only include witnesses from the parties timely filed discovery witness lists.[60]

## CONCLUSION

The Court GRANTS Defendants' Motion to Exclude Untimely Identified Witnesses at Docket 281. Mr. Jaime, Mr. Gara, Ms. Harbi, Ms. Stone, and Ms. Tesson are STRICKEN from Plaintiff's Second Amended Witness List at Docket 268. Plaintiffs shall not include Mr. Jaime, Mr. Gara, Ms. Harbi, Ms. Stone, or Ms. Tesson on their final trial witness list.

DATED this 30th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[58] Docket 221 at 2 ("On or before August 4, 2025, each party will file and serve a trial witness list which shall include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list.").

[59] Docket 268; Docket 269; Docket 198-5 (SEALED).

[60] *See* Docket 256 (Defendants' Final Trial Witness List).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion to Exclude Untimely Identified Witnesses
Page 14 of 14
Case 3:22-cv-00129-SLG    Document 364    Filed 07/30/25    Page 14 of 14