# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARY B., *et al.*,<br><br>    Plaintiffs,<br> v.<br><br>KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00129-SLG |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE AND TWO

Before the Court at Docket 232 is Defendants' Motion for Summary Judgment on Counts One and Two. Plaintiffs responded in opposition at Docket 283, to which Defendants replied at Docket 291. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

In this class action, Plaintiffs seek wide-ranging reform of Alaska's foster care system, administered by Alaska's Office of Children's Services ("OCS"), alleging that the system harms the children it is designed to protect and violates Plaintiffs' federal rights.[1] Relevant here, Plaintiffs bring claims on behalf of themselves and on behalf of a class consisting of "[a]ll children for whom OCS has

---

[1] For a more detailed summary of Plaintiffs' allegations, see this Court's prior order at Docket 55.

or will have legal responsibility and who are or will be in the legal and physical custody of OCS."[2]  Specifically, Plaintiffs bring as Count 1 a claim for a violation of their substantive due process rights pursuant to the Fourteenth Amendment[3] and, as Count 2, a claim for the deprivation of the right to parent-child association pursuant to the First, Ninth, and Fourteenth Amendments.[4]  Defendants seek summary judgment on both claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The burden of showing the absence of a genuine dispute of material fact lies with the movant.[5]  If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[6]  The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine

---

[2] Docket 16 at ¶ 28(a); Docket 336 at 57-58.

[3] Docket 16 at ¶¶ 264-69. The substantive due process claim is based on "(a) the right to freedom from the foreseeable risk of maltreatment while under the protective supervision of the State; (b) the right to protection from unnecessary intrusions into the child's emotional wellbeing once the State has established a special relationship with that child; . . . [and] (e) the right to treatment and care consistent with the purpose and assumptions of government custody." Docket 16 at ¶ 269.

[4] Docket 16 at ¶¶ 270-76.

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[6] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 2 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 2 of 12

dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[7] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[8]

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action includes claims arising under federal law including the Fourteenth Amendment of the U.S. Constitution.

## DISCUSSION

### I. Count 1 – Substantive Due Process Claim

"Once the state assumes wardship of a child, the state owes the child, as part of that person's protected liberty interest, reasonable safety and minimally adequate care and treatment appropriate to the age and circumstances of the child."[9] "To prevail on a claim for failure to meet this duty, a plaintiff must prove that state officials acted with such deliberate indifference to the plaintiffs' liberty interest that their actions 'shock the conscience.'"[10] To make this showing, a

---

[7] *Anderson*, 477 U.S. at 248-49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

[8] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[9] *Lipscomb v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992); *see B.K. v. Snyder*, 922 F.3d 957, 968 (9th Cir. 2019) ("Due process requires the state to provide children in its care 'reasonable safety and minimally adequate care and treatment appropriate to the age and circumstances of the child.'" (quoting *Lipscomb*, 962 F.2d at 1379)).

[10] *B.K.*, 922 F.3d at 968 (quoting *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 844 (9th

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 3 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 3 of 12

plaintiff must prove "(1) an objectively substantial risk of harm, and (2) the official's subjective awareness of that risk."[11]

Count 1 of Plaintiffs' Amended Complaint alleges that Defendants are deliberately indifferent to their liberty interests, specifically their rights to "(a) freedom from the foreseeable risk of maltreatment while under the protective supervision of the State; (b) protection from unnecessary intrusions into the child's emotional wellbeing once the State has established a special relationship with that child; . . . [and] (e) treatment and care consistent with the purpose and assumptions of government custody."[12]

Defendants contend that they are entitled to summary judgment on Count 1 because "[t]he plaintiffs cannot show that OCS is deliberately indifferent to the needs of foster children."[13] Specifically, in Defendants' view, Plaintiffs have not shown that Defendants are deliberately indifferent to Plaintiffs' right to freedom from foreseeable maltreatment because "the plaintiffs do not establish that issues like caseworker shortages are actually resulting in maltreatment."[14] Further, Defendants maintain that "the plaintiffs have not identified a single instance when

---

Cir. 2010)).

[11] *Id.* (citing *Tamas*, 630 F.3d at 845).

[12] Docket 55 at 39-40 (citing Docket 16 at ¶ 269); Docket 55 at 40 & n.191 (citations omitted); Docket 232 at 19.

[13] Docket 232 at 17.

[14] Docket 232 at 21.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 4 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 4 of 12

OCS allegedly failed to protect a foster child from *foreseeable* maltreatment—let alone enough incidents to show a substantial risk of foreseeable maltreatment on a class-wide basis."[15] As such, Defendants contend that Plaintiffs "have no evidence showing that OCS's policies or practices create a high enough risk to implicate substance [sic] due process."[16]

Next, Defendants contend that Plaintiffs have not shown deliberate indifference to Plaintiffs' right to protection from unnecessary intrusions into the child's emotional wellbeing.[17] That is because, In Defendant's view, "plaintiffs have not articulated a clear causal connection between emotional wellbeing and the OCS shortcomings they allege," including placement instability and exposure to maltreatment.[18] Defendants contend that placement instability is not a constitutionally cognizable harm under the Fifth Circuit's standard and that, even if it was, "plaintiffs have failed to show that this is such a major issue for OCS as to create a substantial, class-wide risk of harm" because "most children in OCS custody experience very few placement changes."[19] Further, Defendants contend

---

[15] Docket 232 at 23 (emphasis in original).

[16] Docket 232 at 26.

[17] Docket 232 at 26.

[18] Docket 232 at 27.

[19] Docket 232 at 27-28 (citing Docket 157 at 26-27 & n.103; Docket 159 at ¶ 33); Docket 159 at ¶ 33 (Donahue Decl.) ("OCS produced a spreadsheet on March 28, 2024 (Bates reference 069232) to the plaintiffs on containing data reflecting the experiences of 9,565 children who spent time in OCS custody between January 1, 2018 through [date]. That spreadsheet includes the number of placements for each child. The mean number of placements is 3.34. The median is 2. The mode (number of placements that appears most frequently) is 1. 56.7 percent of children had either 1

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 5 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 5 of 12

that Plaintiffs have not shown that any placement changes were unnecessary.[20]

Lastly, Defendants maintain that "[w]hether foster children, as a class, are receiving treatment and care consistent with the purpose and assumptions of government custody is not something that can be obviously measured, like maltreatment rates" and that the contours of that purported liberty interest are unclear.[21] In any event, in Defendants' view, "no evidence supports the notion that OCS ignores the relevant challenges or is deliberately indifferent to any risk of constitutional harms that may stem from inadequate service provision" because Plaintiffs "fail to even show that service provision is consistently inadequate."[22]

Plaintiffs respond that "Defendants mistakenly believe that Plaintiffs must show actual harm to prove a violation of freedom from foreseeable risk of maltreatment."[23] And Plaintiffs contend that they can show a substantive due process violation due to "several contributing factors" and not just a single purported deficiency in an OCS policy or practice.[24]

At its core, Defendants' argument for summary judgment is that too few children in OCS custody experience substantial placement instability or

---

or 2 total placements. Only 18.4 percent of children experienced more than four placements.").

[20] Docket 232 at 28.

[21] Docket 232 at 30-31.

[22] Docket 232 at 31-32.

[23] Docket 283 at 14.

[24] Docket 283 at 14-15 (quoting *Hoptowit v. Ray,* 682 F.2d 1237, 1247 (9th Cir. 1982)).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 6 of 12
Case 3:22-cv-00129-SLG   Document 379   Filed 08/05/25   Page 6 of 12

maltreatment and therefore Plaintiffs have not shown that Defendants are deliberately indifferent to Plaintiffs' liberty interests. However, the Court agrees with Plaintiffs that they need not show actual harm in order to prove a substantive due process violation; rather, a substantial risk of harm is all that is required.[25]

Further, Plaintiffs may establish their substantive due process claim by showing that OCS policies or practices, whether alone or in combination, demonstrate OCS's deliberate indifference to Plaintiffs' liberty interests. The question for trial is whether OCS, in its administration of the foster care system, is deliberately indifferent—there is an objectively substantial risk of harm and OCS is aware of that risk—to Plaintiffs' rights to "(a) freedom from the foreseeable risk of maltreatment while under the protective supervision of the State; (b) protection from unnecessary intrusions into the child's emotional wellbeing once the State has established a special relationship with that child; . . . [and] (e) treatment and care consistent with the purpose and assumptions of government custody."[26]

Plaintiffs contend that they need not satisfy the deliberate indifference standard in this case because "a lesser standard applies"; specifically, the professional judgment standard articulated in *Youngberg v. Romeo* applicable to claims brought by individuals who have been involuntary committed by the state.[27]

---

[25] *B.K.*, 922 F.3d at 968.

[26] *B.K.*, 922 F.3d at 968; Docket 55 at 39-40 (citing Docket 16 at ¶ 269); Docket 55 at 40 & n.191 (citations omitted); Docket 232 at 19.

[27] Docket 283 at 16-19 (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982) ("Persons

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 7 of 12
Case 3:22-cv-00129-SLG   Document 379   Filed 08/05/25   Page 7 of 12

However, Plaintiffs sought—and this Court granted—certification of a general class as to their substantive due process claim, and the class is not limited to children whom OCS has placed in treatment facilities or hospitals. Therefore, the *Youngberg* standard does not apply and, to prevail at trial, Plaintiffs must satisfy the deliberate indifference standard articulated above.

In sum, the Court finds that disputes of material fact remain as to whether Plaintiffs have met their burden on Count 1 and the Court denies Defendants' motion for summary judgment as to Count 1.

## II. Count 2 – Familial Association Claim

"Parents and children have a substantive due process right to a familial relationship free from unwarranted state interference."[28] For a substantive due process violation, the harmful conduct must "shock the conscience."[29] When a defendant had time for deliberation, a plaintiff can show that the state action "shocks the conscience" by showing deliberate indifference.[30]

Defendants contend that Plaintiffs have waived Count 2 because they

---

who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.").

[28] *Scott v. Smith*, 109 F.4th 1215, 1227-28 (9th Cir. 2024).

[29] *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1079 (9th Cir. 2011) (alteration omitted) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952)); *see Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008); *but see Crowe v. County of San Diego*, 608 F.3d 406, 441 n.23 (9th Cir. 2010) ("The standard for deprivation of familial companionship is 'unwarranted interference,' not conduct which 'shocks the conscience.'").

[30] *Porter*, 546 F.3d at 1137-38.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 8 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 8 of 12

"fail[ed] to brief it in moving for class certification."[31] Defendants also maintain that none of the Named Plaintiffs have standing to bring a familial association claim because "the Amended Complaint and the evidence about the remaining named plaintiffs does not support a claim that OCS policies or practices improperly interfered with their right to associate with their parents."[32] And Defendants contend that Plaintiffs have not identified an OCS policy or procedure that creates a substantial risk to Plaintiffs' right to familial association on a class-wide basis, as 78% of OCS cases in 2022 and 68% of OCS cases in 2023 were rated a strength on an indicator described as Relationship of Child in Care with Parents.[33]

Plaintiffs respond that they have not waived Count 2, and they maintain that disputes of material fact preclude summary judgment on their familial association claim.[34] Plaintiffs contend that "the lack of placements and services near his relatives in Chitina has deprived Connor B. of meaningful contact with his mother"

---

[31] Docket 232 at 35. In a prior order denying class certification on Count 2, the Court noted that "Plaintiffs assert that 'the proper disposition would be to grant Plaintiffs leave to amend their motion for class certification, not to dismiss them outright.'" Docket 336 at 46 (quoting Docket 283 at 50). The Court found that if Plaintiffs wished to amend the scheduling order to permit a second motion for class certification, they must move to modify the scheduling order. Docket 336 at 46 n.182 (citing Fed. R. Civ. P. 16(b)(4)). Plaintiffs have not so moved. However, even though Count 2 has not been certified as to a class, Named Plaintiffs may still bring that claim as to themselves.

[32] Docket 232 at 35-37.

[33] Docket 232 at 38; Docket 291 at 21.

[34] Docket 283 at 47-50. In a prior order denying class certification on Count 2, the Court noted that "Plaintiffs assert that 'the proper disposition would be to grant Plaintiffs leave to amend their motion for class certification, not to dismiss them outright.'" Docket 336 at 46 (quoting Docket 283 at 50). The Court found that if Plaintiffs wished to amend the scheduling order to permit a second motion for class certification, they must move to modify the scheduling order. Docket 336 at 46 n.182 (citing Fed. R. Civ. P. 16(b)(4)). Plaintiffs have not so moved.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 9 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 9 of 12

and point to evidence in Connor B.'s case file demonstrating that between December 2022 and October 2024, Connor B. only had one visit and one phone call with his mother.[35] Plaintiffs contend that the limited visitation issue is "systemic" because, while Alaska overall scored 78% in 2022 and 68% in 2023 on the Relationship of Child in Care with Parents indicator, only 39% of Anchorage cases in 2023 were rated as a strength on this indicator.[36]

As an initial matter, Plaintiffs do not have to show a violation of their right to familial association on a class-wide basis, as the Court did not certify a class as to Count 2. However, to defeat summary judgment on Count 2, Plaintiffs must show that a reasonable factfinder could return a verdict for at least one Named Plaintiff on Count 2. In a prior order, this Court found that "distance or failure to 'facilitate' visitation do not, without more, amount to unwarranted state interference in the child-parent relationship."[37] Even accepting as true Plaintiffs' allegations about the limited visitation between Connor B. and his mother, the Court finds that a reasonable factfinder could not find that those allegations show deliberate indifference by OCS to Connor B.'s right to familial association. Further, even if the statistics cited by Plaintiff established a systemic violation, they do not create

---

[35] Docket 283 at 48-49.

[36] Docket 283 at 49.

[37] Docket 55 at 44.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 10 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 10 of 12

a dispute of material fact as to Connor B.[38]

In sum, no reasonable factfinder could return a verdict for Plaintiffs on Count 2. The Court therefore grants Defendants summary judgment on Count 2.

### III. Redressability

Defendants maintain that Plaintiffs "do not provide meaningful or appropriate solutions" to OCS's purported statutory and constitutional violations because Plaintiffs' proposed remedies would "place this Court in the untenable position of having to 'step in and govern.'"[39] Plaintiffs respond that district courts have broad equitable powers that "permit the district court to order programs to alleviate conditions contributing to the existence of the constitutional violation even when those conditions do not by themselves constitute [constitutional] violations."[40]

This Court previously rejected Defendants' claim that Plaintiffs lack standing as to their substantive due process claim on redressability grounds and, in any event, the Court declines to address the appropriate scope of any remedy prior to a determination of Plaintiffs' claims on the merits.[41]

---

[38] In Plaintiffs' Trial Brief, they do not mention Count 2. *See generally* Docket 371.

[39] Docket 232 at 40-41 (quoting *Jonathan R. v. Morrisey*, 768 F. Supp. 3d 756, 759-61 (S.D.W. Va. 2025) (dismissing sua sponte, on redressability grounds, a class action against West Virginia Department of Human Services that raised statutory and constitutional claims as to the department's administration of the foster care system)).

[40] Docket 283 at 51 (alteration in original) (quoting *Hoptowit,* 682 F.2d at 1265 (Tang, J., concurring)).

[41] Docket 336 at 18-19.

Case No. 3:22-cv-00129-SLG, Mary B., et al. v. Kovol, et al.
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 11 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 11 of 12

## CONCLUSION

In light of the foregoing, the Court GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment on Counts One and Two at Docket 232 as follows: the Court GRANTS summary judgment to Defendants on Count 2; that claim is DISMISSED. The Court DENIES summary judgment to Defendants on Count 1.

DATED this 5th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion for Summary Judgment on Counts One and Two
Page 12 of 12
Case 3:22-cv-00129-SLG    Document 379    Filed 08/05/25    Page 12 of 12