# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARY B., *et al.*,<br><br>        Plaintiffs,<br>  v.<br><br>KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,<br><br>        Defendants. | Case No. 3:22-cv-00129-SLG |

**ORDER ON PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE WITHIN THE SCOPE OF A PRIOR ASSERTION OF PRIVILEGE**

Before the Court at Docket 342 is Plaintiffs' Motion in Limine to Exclude Evidence Within the Scope of a Prior Assertion of Privilege. Defendants responded in partial opposition at Docket 355.

In the motion, Plaintiffs seek an order excluding "testimony or documents at trial within the scope of Defendants' assertion of the executive deliberative process privilege."[1] Plaintiffs maintain that at their deposition of Defendant Commissioner Kim Kovol, Ms. Kovol relied on the executive process privilege to "refuse[] to answer questions about topics ranging from OCS-related budgetary requests to actions taken to improve Defendants' failing and outdated data-entry system to requests for proposals to solicit additional services and foster home providers."[2]

---

[1] Docket 342 at 2.

[2] Docket 342 at 3.

Plaintiffs maintain that Defendants should not be permitted to elicit testimony at trial regarding "the steps they are allegedly taking to address their violations of federal law and the U.S. Constitution, while simultaneously refusing to answer questions from Plaintiffs (or produce documents) about those steps."[3]

Specifically, Plaintiffs seek exclusion of testimony or evidence about any of the following topics:

(1) Ms. Kovol's budgetary recommendations regarding OCS to the governor;

(2) Ms. Kovol's (or her office's) discussions with the governor about efforts to bring its data-entry system into compliance with federal standards;

(3) The State's current assessment over the need for therapeutic foster homes,

(4) Discussion regarding Requests for Proposals to create additional foster care homes; and

(5) Discussions about the reform efforts contemplated by OCS following Ms. Kovol's visit to the Oklahoma child welfare agency.[4]

Defendants respond that they do not object to precluding Ms. Kovol from "testifying about discussions with the Governor's office in connection with the budget for fiscal year 2026" because that is the topic on which Ms. Kovol exercised her executive privilege and Defendants have already informed Plaintiffs that they

---

[3] Docket 342 at 4.

[4] Docket 342 at 8.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Plaintiffs' Motion in Limine to Exclude Evidence Within the Scope of a Prior Assertion of Privilege Evidence
Page 2 of 3
Case 3:22-cv-00129-SLG    Document 381    Filed 08/07/25    Page 2 of 3

do not intend to rely on any privileged material at trial.[5] To the extent that the Plaintiffs seek broader exclusions, Defendants contend Plaintiffs' "motion has no merit and should be denied."[6]

Upon consideration of the briefing and Ms. Kovol's deposition transcript at Docket 284-3, the Court hereby **GRANTS** in part Plaintiffs' motion in limine at Docket 342 as follows and **ORDERS** that Ms. Kovol is precluded from testifying as to the following topics:

(1) Ms. Kovol's (or her office's) budgetary recommendations to the Governor regarding OCS for fiscal year 2026;

(2) Ms. Kovol's (or her office's) budgetary discussions with the Governor about efforts to bring OCS's data-entry system into compliance with federal standards for fiscal year 2026;

(3) Ms. Kovol's (or her office's) budgetary discussions with the Governor for fiscal year 2026 regarding therapeutic foster homes;

(4) Ms. Kovol's (or her office's) budgetary discussions with the Governor for fiscal year 2026 regarding Requests for Proposals to create additional foster care homes; and

(5) Ms. Kovol's discussions with the Governor about funding one unnamed initiative that was implicated in the budgetary process for fiscal year 2026 following Ms. Kovol's visit to the Oklahoma child welfare agency.

DATED this 7th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[5] Docket 355 at 2-3; Docket 356-1 at 1.

[6] Docket 355 at 3.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Plaintiffs' Motion in Limine to Exclude Evidence Within the Scope of a Prior Assertion of Privilege Evidence
Page 3 of 3
Case 3:22-cv-00129-SLG   Document 381   Filed 08/07/25   Page 3 of 3