# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARY B., *et al.*,

        Plaintiffs,

    v.

KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,

        Defendants.

Case No. 3:22-cv-00129-SLG

## ORDER ON PLAINTIFFS' MOTION IN LIMINE TO REQUIRE DEFENDANTS TO PRODUCE POST-DISCOVERY EVIDENCE

Before the Court at Docket 340 is Plaintiffs' Motion in Limine to Require Defendants to Produce Post-Discovery Evidence. Defendants responded in opposition at Docket 357.

In the motion, Plaintiffs request (1) "an order requiring Defendants to produce any and all formal analyses or reports evaluating the efficacy of Defendant's purported reforms to the Alaska child welfare system"; (2) "the opportunity to depose any individuals responsible for those records or reports prior to trial" or, "if Defendants reference the efficacy of any efforts to improve the Alaska child welfare system at trial without disclosing their analysis, . . . the opportunity to depose the individuals responsible for analyzing those measures outside of trial hours, and for Plaintiffs' experts to have the opportunity to discuss that evidence during Plaintiffs' rebuttal case"; and (3) an order "prohibit[ing] Defendants from

introducing into evidence, eliciting testimony about, or otherwise referencing during trial the efficacy of remedial measures for which no formal analysis or report has been performed or produced."[1]

Plaintiffs maintain that they are entitled to the analyses and reports because they are responsive to Plaintiffs' written discovery requests pursuant to Federal Rule of Civil Procedure 26(e)(1) and that Plaintiffs will be prejudiced if Defendants are permitted to discuss at trial "recent reform efforts without producing any existing formal analyses of those efforts."[2] Specifically, in their motion, Plaintiffs contend that Defendants have not produced a report cited in Defendants' motion for summary judgment—the "Fiscal Year 2025 Statewide Recruitment and Retention Plan"—and a 2025 Foster Parent Survey.[3]

Defendants respond that "[t]he admissibility of evidence regarding OCS's efforts and responses to challenges does not turn on the existence or content of formal reports regarding the results of those measures" because "OCS's 'remedial efforts' are clearly relevant to Plaintiffs' substantive due process claims, even if 'no formal analysis or report has been performed.'"[4] Defendants note that, in response to Plaintiffs' motion in limine, they "undertook reasonable efforts to identify all

---

[1] Docket 340 at 3.

[2] Docket 340 at 4-8.

[3] Docket 340 at 8-9 & n.4.

[4] Docket 357 at 3-4.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Plaintiffs' Motion in Limine to Require Defendants to Produce Post-Discovery Evidence
Page 2 of 4

Case 3:22-cv-00129-SLG   Document 382   Filed 08/07/25   Page 2 of 4

formal analyses, reports, or surveys related to OCS's improvement efforts relevant to this case, and have produced all such analyses, reports, or surveys," including the Recruitment and Retention Plan.[5]

Based on Defendants' representation that they have provided Plaintiffs with all available formal analyses, reports, or surveys related to OCS's improvement efforts, the Court **DENIES** the first request in Plaintiffs' motion in limine as moot. If there is an additional specific report that Plaintiffs are aware of that Defendants have not produced, they may file a motion as to that specific report.

Further, the Court **DENIES** Plaintiffs' second request for an open-ended order allowing additional depositions and supplemental expert reports related to the recently disclosed analyses and reports. If there is a specific individual responsible for a specific report that Plaintiffs wish to depose, Plaintiffs may file a motion as to that specific individual. Any motion shall provide the individual's name, his or her relevance to this case, the reason for the deposition, the expected length of time for the deposition, and proposed dates and times for the deposition.

Finally, the Court **DENIES** Plaintiffs' third request. Defendants will be permitted to introduce evidence of their efforts to improve OCS policies and practices regardless of whether a formal analysis or report demonstrates the efforts' efficacy. The absence of formal reports, analyses and/or surveys goes to

---

[5] Docket 357 at 4-5 & n.5 (internal quotation marks omitted); Docket 358 at ¶ 5. The 2025 Foster Parent Survey is not yet complete. Docket 357 at 5 n.5; Docket 358 at ¶ 6.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Plaintiffs' Motion in Limine to Require Defendants to Produce Post-Discovery Evidence
Page 3 of 4
Case 3:22-cv-00129-SLG    Document 382    Filed 08/07/25    Page 3 of 4

the weight to accord such evidence, not its admissibility.

For the foregoing reasons, the motion in limine at Docket 340 is DENIED.

DATED this 7th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Plaintiffs' Motion in Limine to Require Defendants to Produce Post-Discovery Evidence
Page 4 of 4

Case 3:22-cv-00129-SLG    Document 382    Filed 08/07/25    Page 4 of 4