# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARY B., *et al.*,

        Plaintiffs,

    v.

KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,

        Defendants.

Case No. 3:22-cv-00129-SLG

### ORDER ON MOTIONS REGARDING PLAINTIFFS' CASE SUMMARIES

Before the Court at Docket 339 is Plaintiffs' Motion in Limine to Admit Rule 1006 Summaries of Child Welfare Case Files as Evidence. Defendants responded in opposition at Docket 354. Also before the Court at Docket 343 is Defendants' Motion in Limine to Exclude Attorney Summaries of Case Files. Plaintiffs responded in opposition at Docket 359.

Plaintiffs seek the admission of summaries of case files of the current and former Named Plaintiffs prepared by Plaintiffs' counsel "as substantive evidence at trial."[1] Plaintiffs maintain that the case summaries are admissible pursuant to

---

[1] Docket 339 at 1 & nn.1-2; *see* Docket 138-1 (SEALED); Docket 138-2 (SEALED); Docket 138-3 (SEALED); Docket 138-4 (SEALED); Docket 138-5 (SEALED); Docket 203-3.

Federal Rule of Evidence 1006.[2] Defendants disagree.[3]

Rule 1006 provides that a "court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence."[4] As a condition of admission of evidence under Rule 1006, the proponent of the summary "must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."[5]

Plaintiffs assert that the case summaries satisfy the criteria for admittance pursuant to Rule 1006 because, while the underlying case files contain hearsay, they fall within the hearsay exception for business records pursuant to Federal Rule of Evidence 803(6).[6] Plaintiffs also contend that the underlying materials are voluminous—totaling more than 44,000 pages, with the summaries citing approximately 1,000 pages of documents—and that Plaintiffs' case summaries are "fact-based, neutral, and accurate."[7] Plaintiffs maintain that "Defendants have full access to the underlying case files" and "have had ample opportunity to review

---

[2] Docket 339 at 3-4.

[3] Docket 354 at 1; Docket 343 at 2.

[4] Fed. R. Evid. 1006(a).

[5] Fed. R. Evid. 1006(b).

[6] Docket 339 at 4-5.

[7] Docket 339 at 6; Docket 359 at 4.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Motions Regarding Plaintiffs' Case Summaries
Page 2 of 5
Case 3:22-cv-00129-SLG    Document 384    Filed 08/08/25    Page 2 of 5

these records and challenge the accuracy of the summaries, if warranted."[8]

In Defendants' view, Plaintiffs' case summaries are inadmissible hearsay, they violate the "best evidence" rule, and they do not qualify as summaries of voluminous evidence under Rule 1006.[9] Defendants contend that "[t]he facts of the named plaintiffs' cases can be more accurately introduced using documents from their case files."[10]

Plaintiffs counter—without citing any case law—that Defendants' arguments that the summaries are hearsay or violate the best evidence rule are "irrelevant where Plaintiffs rely on Rule 1006 for the admissibility of the summaries."[11] But that rule itself only applies to "voluminous *admissible* writings." Further, while the underlying documents likely fall within the business records hearsay exception, as Defendants point out, some of the underlying documents relied on in the case summaries contain hearsay within hearsay.[12] Because the case summaries are not based entirely on admissible documents, the case summaries are not admissible as substantive evidence under Rule 1006.[13]

---

[8] Docket 339 at 7.

[9] Docket 343 at 2; Docket 354.

[10] Docket 343 at 2.

[11] Docket 359 at 5 n.3.

[12] Docket 354 at 7.

[13] *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1260 (9th Cir. 1984) ("[I]it is clear that a summary of both inadmissible and admissible hearsay should not be admitted under Rule 1006.").

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Motions Regarding Plaintiffs' Case Summaries
Page 3 of 5
Case 3:22-cv-00129-SLG   Document 384   Filed 08/08/25   Page 3 of 5

Even though the Court is denying admission of the case summaries under Rule 1006 as substantive evidence, this order does not preclude an expert witness from relying on the case summaries in formulating her opinion in this case. "[U]nder Rule 703, an expert may rely on hearsay '[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject.'"[14] The facts "need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."[15] As noted in this Court's prior order, the parties will have an opportunity at trial to voir dire each expert witness as to the witness's qualifications and the relevance and reliability of the witness's opinion.[16]

Because Plaintiffs' case summaries are not admissible pursuant to Rule

---

[14] *United States v. Holguin*, 51 F.4th 841, 856 (9th Cir. 2022) (quoting Fed. R. Evid. 703).

[15] Fed. R. Evid. 703; *see* Advisory Committee Note on 2000 amendments ("When information is reasonably relied upon by an expert and yet is admissible only for the purpose of assisting the jury in evaluating an expert's opinion, a trial court applying this Rule must consider the information's probative value in assisting the jury to weigh the expert's opinion on the one hand, and the risk of prejudice resulting from the jury's potential misuse of the information for substantive purposes on the other."); *Williams v. Illinois*, 567 U.S. 50, 78 (2012) ("The purpose of disclosing the facts on which the expert relied is to allay these fears—to show that the expert's reasoning was not illogical, and that the weight of the expert's opinion does not depend on factual premises unsupported by other evidence in the record—not to prove the truth of the underlying facts."), *abrogated by Smith v. Arizona*, 602 U.S. 779, 783 (2024) (holding that, pursuant to the Confrontation Clause, "when an expert conveys an absent analyst's statements in support of his opinion, and the statements provide that support only if true, then the statements come into evidence for their truth").

[16] Docket 332 at 4.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Motions Regarding Plaintiffs' Case Summaries
Page 4 of 5
Case 3:22-cv-00129-SLG    Document 384    Filed 08/08/25    Page 4 of 5

1006, the Court **DENIES** Plaintiffs' Motion in Limine to Admit Rule 1006 Summaries of Child Welfare Case Files as Evidence at Docket 339. Because the summaries may be admissible pursuant to Rule 703, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion in Limine to Exclude Attorney Summaries of Case Files at Docket 343.

Because the Court is denying admission of the case summaries at this time, the parties shall have available to them at trial the approximately 1000 pages referenced in the case summaries and any additional documents from the case summaries that the parties may wish to rely on. Further, as noted at the Final Pretrial Conference, the parties shall provide the Court with the 44,000 underlying documents in an electronic and searchable format when the parties file their Trial Exhibit Lists, which are due on August 18, 2025.[17]

DATED this 8th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] Docket 221 at 3.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Motions Regarding Plaintiffs' Case Summaries
Page 5 of 5
Case 3:22-cv-00129-SLG    Document 384    Filed 08/08/25    Page 5 of 5