IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARY B., *et al.*,<br><br>    Plaintiffs,<br>  v.<br><br>KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00129-SLG |

### ORDER ON DEFENDANTS' MOTION IN LIMINE TO ADMIT RULE 1006 CHARTS

Before the Court at Docket 347 is Defendants' Motion in Limine to Admit Rule 1006 Charts. Plaintiffs responded in opposition at Docket 360. At Docket 387 through 389, Defendants filed a reply and two declarations that responded to the Court's query at Docket 380.

Pursuant to Federal Rule of Evidence 1006, Defendants seek the admission of two charts—Exhibits A and C—summarizing information regarding the number of placements children in OCS custody experiences between January 1, 2018, and February 23, 2024.[1] Exhibit C is the same as Exhibit A except that Exhibit C does not include children "who were still in custody at the end of the data collection

---

[1] Docket 347 at 3; Docket 348-1 (Exhibit A); Docket 348-2 (Exhibit B).

period."[2] Defendants also seek the admission of a third chart—Exhibit B—summarizing information about "the timing and circumstances surrounding petitions for termination of parental rights."[3]

Rule 1006 provides that a "court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence."[4] As a condition of admission of evidence under Rule 1006, the proponent of the summary "must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."[5]

Plaintiffs contend that Exhibit A skews the data represented by the chart because it includes children who entered foster care shortly before the February 23, 2024 cut-off date.[6] As to Exhibit C, Plaintiffs admit that the "alteration presents a more accurate image of the *total* number of placements that children in foster care had during that time."[7] Plaintiffs also maintain that Exhibits A and C understate the number of placements per child because "both charts likely list the

---

[2] Docket 347 at 3.

[3] Docket 347 at 6; Docket 348-3 (Exhibit C).

[4] Fed. R. Evid. 1006(a).

[5] Fed. R. Evid. 1006(b).

[6] Docket 360 at 4.

[7] Docket 360 at 5 (emphasis in original).

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion in Limine to Admit Rule 1006 Charts
Page 2 of 5
Case 3:22-cv-00129-SLG    Document 390    Filed 08/11/25    Page 2 of 5

same child multiple times" as "each child can have more than one unique ID number, if they are taken into OCS custody multiple times based on distinct investigations."[8]  In Plaintiffs' view, Exhibits A and C are also misleading because they group children who have had 20 or more placements together and, according to Plaintiffs' calculations, "[i]n Exhibit A, for example, 34 of those children had 30 or more placements and four children had between 55 and 66 placements."[9]  And Plaintiffs assert that Exhibits A and C are misleading for showing a median of 2 placements per child while omitting that there was a mean of 3.34 placements per child.[10]

As to Exhibit B, Plaintiffs contend that it overstates Defendants' compliance with 42 U.S.C. § 675(5)(E), in part because that statute "requires that the state must, concurrent with filing a Termination of Parental Rights ("TPR"), 'identify, recruit, process, and approve a qualified family for an adoption'" and "the pie chart does nothing to indicate whether the state has met its obligation regarding cultivating qualified adoption families."[11]  And Plaintiffs maintain that the labels

---

[8] Docket 360 at 5. In their reply, Defendants explain that there are 19 children included in Exhibit A who were adopted and later removed from their adoptive family that have two identification numbers, and 12 such children are included in Exhibit C.  The Court finds that this does not render Defendants' Rule 1006 summaries inaccurate.  *See* Docket 387.

[9] Docket 360 at 6.

[10] Docket 360 at 7.

[11] Docket 360 at 8.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion in Limine to Admit Rule 1006 Charts
Page 3 of 5
Case 3:22-cv-00129-SLG    Document 390    Filed 08/11/25    Page 3 of 5

used on the charts are misleading.[12]

The Court finds that Defendants' Exhibits A and C are properly admitted pursuant to Rule 1006. Defendants have shown that they are based on voluminous admissible data that cannot be conveniently examined in court. Plaintiffs challenge Exhibit A and C only on the basis that the data is misleading because more information should be included in the charts—like a more granular view of the number of placements experienced by children in the 20 or more category. Plaintiffs were able to follow the process described by Defendants to generate their own summary data on the number of placements. Plaintiffs may present their own calculations of the underlying data to argue as to the weight the Court should give Exhibits A and C. The Court further finds that these exhibits each pass the balancing test of Evidence Rule 403.

As to Exhibit B, the Court finds that it is properly admitted pursuant to Rule 1006. Defendants have shown that Exhibit B is based on voluminous admissible data that cannot be conveniently examined in court. Plaintiffs contend that Defendants' chosen labels are misleading and that the chart fails to demonstrate whether OCS has complied with the portion of § 675(5)(E) that requires a state to secure a qualified family for adoption concurrently with the filing of a TPR petition. As to the mislabeling allegation, Plaintiffs can raise their concerns at trial in arguing

---

[12] Docket 360 at 8-9.

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion in Limine to Admit Rule 1006 Charts
Page 4 of 5
Case 3:22-cv-00129-SLG   Document 390   Filed 08/11/25   Page 4 of 5

as to the weight the Court should afford Exhibit B. As to the statutory requirement to concurrently secure an adoptive family, to the Court's knowledge, this is the first time that Plaintiffs suggest that they are pursuing their § 675(5)(E) claim on that theory. Thus far, it appears Plaintiffs have pursued a claim only as to the clause in § 675(5)(E) that provides for "the right to have a petition to terminate parental rights filed if the child has been in foster care for 15 out of the last 22 months, unless doing so goes against the best interest of the child as documented in the case record, or subject to a statutory exemption."[13] Therefore, any objection to Exhibit B based on the chart's exclusion of information regarding the concurrent recruitment of an adoptive family would appear to be irrelevant, and in any event does not make the Exhibit B an inaccurate summary of the underlying data. Further, the exhibit passes the balancing test of Evidence Rule 403.

In light of the foregoing, the Court **GRANTS** Defendants' Motion in Limine to Admit Rule 1006 Charts at Docket 347.

DATED this 11th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] Docket 16 at ¶ 279(g); *see* Docket 135 at 26, 48; Docket 163 at 2 ("Plaintiffs allege that the State violates the CWA by failing to place foster children in proper settings, failing to give foster children the services needed for their safety, health or well-being, failing to provide foster children with appropriate case plans or case plan reviews, and failing to timely petition to terminate parental rights for foster children that are trapped for too long in foster care.").

Case No. 3:22-cv-00129-SLG, *Mary B., et al. v. Kovol, et al.*
Order on Defendants' Motion in Limine to Admit Rule 1006 Charts
Page 5 of 5
Case 3:22-cv-00129-SLG   Document 390   Filed 08/11/25   Page 5 of 5