# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARY B., *et al.*,

        Plaintiffs,

   v.

KIM KOVOL, Director, Alaska Department of Family and Community Services, in her official capacity, *et al.*,

        Defendants.

Case No. 3:22-cv-00129-SLG

## ORDER ON DEPOSITION DESIGNATIONS

### I. Plaintiffs' Deposition Designations

Before the Court at Docket 373 is the Plaintiffs' Designation of Deposition Testimony for Trial. Plaintiffs seek to designate deposition testimony by four witnesses: Kim Kovol, Kim Guay, Kim Swisher, and Travis Erickson.[1] In their filing, Plaintiffs acknowledge that they "plan to call all of the witness for whom they have designated deposition testimony at trial."[2] Plaintiffs seek to designate deposition testimony for those witnesses only if any of them becomes unavailable to testify at trial. Defendants objected to Plaintiffs' deposition designations at Docket 391, contending that it would be more prudent to address deposition designations if one of the witnesses actually becomes unavailable "rather than

---

[1] Docket 373 at 2-5.

[2] Docket 373 at 2.

devoting time and resources now to identifying deposition testimony for witnesses who will testify live at trial."[3]

The Court agrees with Defendants that the appropriate time to consider Plaintiffs' designations of deposition testimony is if and when a witness becomes unavailable. Therefore, Defendants' objection to Plaintiffs' deposition designations is SUSTAINED at this time.

## II.     Defendants' Deposition Designations

Also before the Court at Docket 378 is Defendants' Deposition Designations for Trial. Defendants seek to designate portions of the deposition testimony of Justin Lazenby and Bonnie Yazzie.[4] Plaintiffs filed their objections to Defendants' designations at Docket 392. There, Plaintiffs objected to all but nine of Defendants' 97 designations for various reasons, including lack of relevance, the allegedly improper use of a lay witness to elicit expert testimony, the prejudicial effect of the deposition testimony, and that the designated deposition testimony was speculative, constitutes hearsay, and/or is leading or self-serving.[5] Plaintiffs also offer counter-designations.

---

[3] Docket 391 at 2.

[4] Docket 378 at 2-4. Defendants also sought to designate deposition testimony by Clinton Lasley. Docket 378 at 5. But in Defendants' later-filed Trial Exhibit List, Defendants did not include Mr. Lasley's deposition as an exhibit. *See* Docket 394-1. The Court therefore assumes that Defendants will not be seeking admission of Mr. Lasley's deposition and therefore Defendants' proposed designations for that witness are moot.

[5] Docket 392 at 2-7.

"[I]in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial."[6] Further, the exclusion under Rule 403 of relevant evidence because of the possibility of undue prejudice has limited application in a bench trial.[7] Because this is a bench trial, the Court intends to take a more relaxed approach to the Rules of Evidence when evaluating any objections to the admissibility of the opposing party's evidence at trial.[8]

As such, the Court OVERRULES Plaintiffs' objections to Defendants' designations but GRANTS Plaintiffs' counter-designations of the depositions of Mr. Lazenby and Ms. Yazzie. Plaintiffs may move to reconsider this order if there are one or more of Defendants' deposition designations that Plaintiffs are of the firm belief that this Court should carefully review and, based on that review, exclude from the Court's consideration in this case.

---

[6] *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994).

[7] *United States v. Caudle*, 48 F.3d 433, 435 (9th Cir. 1995) ("There is nothing in the record to suggest that the probative value of the theft conviction to the magistrate judge evaluating Caudle's credibility was outweighed by such prejudice, and it would be most surprising if such potential prejudice had any significance in a bench trial.").

[8] *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) ("'The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial.'" (quoting *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004))); *United States v. 1291.83 Acres of Land*, 411 F.2d 1081, 1087 (6th Cir. 1969) ("While it is settled law that the trial judge has considerable discretion as to what evidence should be admitted, the federal rules and practice favor admission of evidence rather than exclusion if the proffered evidence has any probative value. In particular, rules of admissibility should not be applied with the same strictness where the case is tried before the court without a jury.").

DATED this 22nd day of August, 2025, at Anchorage, Alaska

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE