# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MARY B., *et al.*,

               Plaintiffs,

     v.

TRACY DOMPELING, Acting Commissioner, Alaska Department of Family and Community Services, in her official capacity, *et al.*,

               Defendants.

Case No. 3:22-cv-00129-SLG

## NOTICE OF INTENT TO DECERTIFY CLASS ACTION

At Docket 461 this Court issued its Decision and Order, which found that Plaintiffs had failed to establish that any Named Plaintiff had suffered an injury sufficient to confer standing as to any of Plaintiffs' claims.[1] The order stayed entry of final judgment for seven days to provide the parties an opportunity to move to decertify the classes in this case.[2] Neither party so moved.

Federal Rule of Civil Procedure 23 provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."[3] "[T]he tentative nature of class status determinations is that they generally involve considerations that are closely tied to the factual and legal issues

---

[1] Docket 461 at 60.

[2] Docket 461 at 60 & n.235.

[3] Fed. R. Civ. P. 23(c)(1)(C).

of the case."[4]  Further, "named plaintiffs generally lack standing to sue defendants that have not injured them personally, even if they allege that those defendants injured absent class members" and therefore "a named plaintiff who has not been harmed by a defendant is generally an inadequate and atypical class representative for purposes of Federal Rule of Civil Procedure 23."[5]

In *NEI Contracting and Engineering Inc. v. Hanson Aggregates Pacific Southwest, Inc.*, the Ninth Circuit considered "whether a class must be decertified when the class representative is found to lack standing as to its individual claims."[6] In answering that question in the affirmative, the Circuit Court noted that "circuit precedent indicates that when a class is certified and the class representatives are subsequently found to lack standing, the class should be decertified and the case dismissed."[7]  The Court then held that because the district court had found that the named plaintiffs lacked standing to bring their individual claims—a ruling that the named plaintiffs did not challenge on appeal—decertification of the class was proper because "a class must be decertified when the class representatives are found to lack standing as to their individual claims."[8]

---

[4] *Officers for Just. v. Civil Serv. Comm'n*, 688 F.2d 615, 633 (9th Cir. 1982).

[5] *Martinez v. Newsom*, 46 F.4th 965, 970 (9th Cir. 2022) (citing *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 465-66 (9th Cir. 1973)).

[6] 926 F.3d 528, 532 (9th Cir. 2019).

[7] *Id.*

[8] *Id.* at 532-33.

Case No. 3:22-cv-00129-SLG, *Mary B., et al., v. Dompeling, et al.*
Notice of Intent to Decertify Class Action
Page 2 of 4

Case 3:22-cv-00129-SLG     Document 463     Filed 04/15/26     Page 2 of 4

Similarly, in *Williams v. Boeing Co.*, on a motion for summary judgment by the defendant, the district court decertified a class after the court found that the class representatives lacked standing as to their claim that they suffered racial discrimination after May 2000.[9]  The "district court found that 'the named Plaintiffs [did] not offer[ ] affidavits or other evidence that, even if taken as true, would show that they themselves have suffered injury after May 28, 2000 due to compensation discrimination' and therefore '[had] not demonstrated standing to maintain such individual claims during the relevant liability period.'"[10]  The Ninth Circuit affirmed the decertification order, holding that "the district court did not abuse its discretion because the named Plaintiffs concede that they do not have standing with regard to the post-2000 claim."[11]

Further, in *O'Brien v. Sky Chefs, Inc.*, the Ninth Circuit affirmed the decertification of a class because the "plaintiffs produced no evidence of classwide discrimination in terminations" such that "decertification of the class was more appropriate than summary judgment against the class."[12]  That was because the "plaintiffs' failure to produce evidence may have been due to inadequate

---

[9] 517 F.3d 1120, 1125 (9th Cir. 2008).

[10] *Id.* (alterations in original) (quoting *Williams v. Boeing Co.*, Case No. C98-761P, 2005 WL 2921960, at *6-7 (W.D. Wash. Nov. 4, 2005)).

[11] *Id.* at 1136 (citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (holding that named plaintiff who did not have a viable claim against defendant could not serve as a class representative and vacating class certification accordingly)).

[12] 670 F.2d 864, 869 (9th Cir. 1982), *overruled on other grounds by Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477 (9th Cir 1987).

Case No. 3:22-cv-00129-SLG, *Mary B., et al., v. Dompeling, et al.*
Notice of Intent to Decertify Class Action
Page 3 of 4
Case 3:22-cv-00129-SLG     Document 463     Filed 04/15/26     Page 3 of 4

representation of the class interests rather than to absence of classwide discrimination, [and] decertification avoided any *res judicata* effect against the class."[13]

In light of the foregoing Ninth Circuit precedent, the Court provides this notice of its intent to decertify the General Class and ADA Subclass in this case. The parties may file responses to this Notice **within 14 days of the date of this order**.  Thereafter, the Court shall promptly enter an order regarding decertification and a final judgment in this matter.

DATED this 15th day of April 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *Id.*

Case No. 3:22-cv-00129-SLG, *Mary B., et al., v. Dompeling, et al.*
Notice of Intent to Decertify Class Action
Page 4 of 4

Case 3:22-cv-00129-SLG     Document 463     Filed 04/15/26     Page 4 of 4