Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Julia K. Tebor (*pro hac vice*)
jtebor@abetterchildhood.org
Anastasia Benedetto (*pro hac vice*)
abenedetto@abetterchildhood.org
David Baloche (*pro hac vice*)
dbaloche@abetterchildhood.org
**A BETTER CHILDHOOD**
420 Lexington Avenue, Room 2035
New York, NY 10017
Telephone: (646) 795-4456

Elena M. Romerdahl, AK Bar No. 1509072
eromerdahl@perkinscoie.com
**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501
Telephone: (907) 279-8561

Mark Regan, AK Bar No. 8409081
mregan@dlcak.org
**DISABILITY LAW CENTER OF ALASKA**
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone: (907) 565-1002

Galen D. Bellamy (*pro hac vice*)
bellamy@wtotrial.com
Kevin D. Homiak (*pro hac vice*)
homiak@wtotrial.com
Colleen Koch (*pro hac vice*)
koch@wtotrial.com
**WHEELER TRIGG O'DONNELL LLP**
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800


*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO NOTICE OF INTENT TO DECERTIFY CLASS ACTION
*Mary B., et al., v. Tracy Dompeling, et al.*; Case No.: 3:22-cv-00129-SLG
Page 1 of 6

Case 3:22-cv-00129-SLG     Document 464     Filed 04/29/26     Page 1 of 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MARY B., et al.

            Plaintiffs,

    v.

TRACY DOMPELING, Acting
Commissioner, Alaska Department of
Family and Community Services, in her
official capacity, et al.

            Defendants.

Case No. 3:22-cv 00129-SLG

## PLAINTIFFS' RESPONSE TO NOTICE OF INTENT TO DECERTIFY CLASS ACTION

Plaintiffs respectfully respond to this Court's Notice of Intent to Decertify Class Action. ECF No. 463.

Plaintiffs do not dispute the Court's authority to decertify the class under Rule 23(c)(1)(C), or the general proposition that class representatives who lack standing cannot maintain a class action. *See NEI Contracting & Engineering, Inc. v. Hanson Aggregates Pacific Southwest, Inc.*, 926 F.3d 528, 532–33 (9th Cir. 2019). But the premise of the Court's intent to decertify—that Named Plaintiffs lack Article III standing—rests on legal errors that Plaintiffs intend to challenge on appeal.

The Court ruled that the Named Plaintiffs failed to establish an Article III injury-in-fact because their past experiences in foster care were not sufficiently dire to demonstrate

PLAINTIFFS' RESPONSE TO NOTICE OF INTENT TO DECERTIFY CLASS ACTION
*Mary B., et al., v. Tracy Dompeling, et al.*; Case No.: 3:22-cv-00129-SLG
Page 2 of 6

Case 3:22-cv-00129-SLG    Document 464    Filed 04/29/26    Page 2 of 6

a substantial risk of harm. ECF No. 461 at 6, 9, 10, 17, 26. This holding departs from well-settled law in three distinct ways.

First, it relies on the wrong line of standing authority. *See Edwards v. Hutchings*, No. 22-16738, 2025 WL 1132828, at *1–2 (9th Cir. Apr. 17, 2025) (distinguishing *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) from *Helling v. McKinney*, 509 U.S. 25, 33–35 (1993)). Plaintiffs here assert actual constitutional injury, not imminent physical injury. The present and ongoing exposure to the agency's risk-creating policies and practices is "sufficiently concrete" to establish standing in a suit for injunctive relief. *See id*. at *1.

Second, it converts the merits standard—substantial risk of serious harm—into a standing prerequisite. The constitutional injury in this case exists for every foster child in the agency's custody so long as the risk-creating policies and practices remain in place; and every custodial plaintiff "suffers exactly the same constitutional injury," even those plaintiffs who have not previously suffered any physical or psychological harm. *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014); *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 969 (9th Cir. 2019) (citing *Parsons*, 754 F.3d at 678). Those plaintiffs have an ongoing constitutional injury because "[t]hey are that system's next potential victims." *Brown v. Plata*, 563 U.S. 493, 531–32 (2011) (quoted in *Parsons*, 754 F.3d at 679). Whether there is a substantial risk that plaintiffs will suffer tangible harms in the future is a merits question. *Accord* ECF No. 336 at 19 ("Whether Plaintiffs have proven that OCS practices caused any substantive due process injury . . . goes to the merits, not to standing").

PLAINTIFFS' RESPONSE TO NOTICE OF INTENT TO DECERTIFY CLASS ACTION
*Mary B., et al., v. Tracy Dompeling, et al*.; Case No.: 3:22-cv-00129-SLG
Page 3 of 6

Case 3:22-cv-00129-SLG    Document 464    Filed 04/29/26    Page 3 of 6

Third, it answers a systemic, forward-looking question with individual, backward-looking evidence, and as a result, does not engage with the systemic evidence. The Court conducted a "[child]-by-[child] inquiry," *Parsons*, 754 F.3d at 680; asked whether each child "faced a substantial risk of harm while in OCS custody due to OCS policies or practices," ECF No. 461 at 9, 10, 17, 26; answered that question by looking backward at the child's past experience and whether specific harms had befallen her; and then treated the absence of past harm as evidence that no substantial risk existed. This is reversible error. *Parsons*, 754 F.3d at 677 (citing *Thomas v. Ponder*, 611 F.3d 1144, 1151 n.5 (9th Cir. 2010)). In a custodial class action for injunctive relief—where plaintiffs challenge the custodial agency's policies and practices as creating a present, ongoing risk of harm—the relevant evidence is *present* conditions of confinement created by the agency's policies and practices, not the individual plaintiffs' *past* experiences. *Parsons*, 754 F.3d at 677–78 (collecting cases); *Brown*, 563 U.S. at 505 n.3.

The decertification cases this Court cites share a common feature: the named plaintiffs' lack of standing was either conceded or unchallenged on appeal. In *NEI Contracting*, the named plaintiff "did not contest the [district court's] standing determination on appeal." 926 F.3d at 532–33. In *Williams v. Boeing Co.*, the named plaintiffs "concede[d]" they lacked standing for the relevant claim. 517 F.3d 1120, 1136 (9th Cir. 2008). Plaintiffs here do not concede the point. They contend that the standing determination is legally erroneous for the reasons described above and will seek de novo review in the Ninth Circuit.

Plaintiffs' Response to Notice of Intent to Decertify Class Action
*Mary B., et al., v. Tracy Dompeling, et al.*; Case No.: 3:22-cv-00129-SLG
Page 4 of 6

Case 3:22-cv-00129-SLG     Document 464     Filed 04/29/26     Page 4 of 6

Plaintiffs therefore do not oppose decertification as an alternative to entry of judgment against the class. Plaintiffs respectfully submit, however, that any decertification order should make clear that it rests on the Court's standing determination—a determination Plaintiffs will challenge on appeal—and should not preclude recertification in the event of reversal and remand.

DATED: April 29, 2026

Respectfully submitted,

/s/ *Marcia Robinson Lowry*
Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Julia K. Tebor (*pro hac vice*)
jtebor@abetterchildhood.org Anastasia
Benedetto (*pro hac vice*)
abenedetto@abetterchildhood.org David
Baloche (*pro hac vice*)
dbaloche@abetterchildhood.org
**A BETTER CHILDHOOD**
420 Lexington Avenue, Room 2035
New York, NY 10017
Telephone: (646) 795-4456

Elena M. Romerdahl, AK Bar No. 1509072
eromerdahl@perkinscoie.com
**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501
Telephone: (907) 279-8561

Mark Regan, AK Bar No. 8409081
mregan@dlcak.org
**DISABILITY LAW CENTER OF ALASKA**
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

PLAINTIFFS' RESPONSE TO NOTICE OF INTENT TO DECERTIFY CLASS ACTION
*Mary B., et al., v. Tracy Dompeling, et al.*; Case No.: 3:22-cv-00129-SLG
Page 5 of 6

Case 3:22-cv-00129-SLG    Document 464    Filed 04/29/26    Page 5 of 6

Telephone: (907) 565-1002

Galen D. Bellamy (*pro hac vice*)
bellamy@wtotrial.com
Kevin D. Homiak (*pro hac vice*)
homiak@wtotrial.com
Colleen Koch (*pro hac vice pending*)
koch@wtotrial.com
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800

***Attorneys for Plaintiffs***