**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

MARY B., *et al.*,

          Plaintiffs,

     v.

TRACY DOMPELING, Acting
Commissioner, Alaska Department of
Family and Community Services, in
her official capacity, *et al.*,

          Defendants.

Case No. 3:22-cv-00129-SLG

## <u>ORDER ON BILL OF COSTS</u>

Before the Court at Docket 468 is Defendants' Bill of Costs. Named Plaintiffs

filed objections to Defendants' Bill of Costs at Docket 472-2, to which Defendants

replied at Docket 478.

Named Plaintiffs are minors who, during the period relevant to this case,

were in the custody and care of the State of Alaska's Office of Children's Services,

an agency overseen by Defendants. On May 11, 2026, this Court entered

judgment against Named Plaintiffs, and now Defendants seek $40,422,74 in

costs.[1]

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal

---

[1] Docket 468.

statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) "create[s] a presumption for awarding costs to prevailing parties," placing the burden on the unsuccessful party to "show why costs should not be awarded."[2] However, costs may be denied if equitable considerations counsel against an award of costs.

> Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.[3]

Named Plaintiffs maintain that any costs awarded would be against the Named Plaintiffs, not against their next friends, and awarding costs against the Named Plaintiffs, "current or former foster youth who possess little or no financial resources," "would impose a crushing burden on these young people."[4]

In their response, Defendants state that "[i]f the Court agrees that costs may only be assessed against the foster children, rather than their next friends, the State withdraws its request for costs."[5] Defendants then "note[] . . . that a rule that

---

[2] *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010).

[3] *Id.* at 888-89 (internal quotation marks omitted).

[4] Docket 472-2 at 3-4 n.2 (citing *Ashley W. v. Holcomb*, 40 F.4th 593, 594 (7th Cir. 2022) (denying costs under Fed. R. App. P. 39(a) that Indiana sought against next friends of foster children and noting that some district courts have awarded costs against next friends under Fed. R. Civ. P. 54(d)(1) but only when the next friend is responsible for the child's expenses generally)).

[5] Docket 478 at 2.

Case No. 3:22-cv-00129-SLG, *Mary B., et al., v. Dompeling, et al.*
Order on Bill of Costs
Page 2 of 4
Case 3:22-cv-00129-SLG    Document 481    Filed 07/24/26    Page 2 of 4

insulates plaintiffs—real parties and next friends alike—in civil rights litigation from *any* financial exposure, while imposing liability for full reasonable attorneys' fees and costs on defendants, creates one-sided incentives for plaintiffs' attorneys working in this field."[6]

The Court agrees with Named Plaintiffs that any awarded costs would be against Named Plaintiffs themselves and not their next friends, as the next friends are not parties to this litigation.[7] Because the Court agrees that costs cannot be recovered from Named Plaintiffs' next friends, the Court **GRANTS** Defendants' request to withdraw its Bill of Costs. The Bill of Costs at Docket 468 is hereby **WITHDRAWN**.[8]

---

[6] Docket 478 at 2.

[7] *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."); *Ashley W.*, 40 F.4th at 594 ("[T]he next friends in this litigation are neither the children's natural parents nor their foster parents. That may explain why Indiana does not ask for an award of costs against the children, as the state may need to reimburse foster parents for the expenses of these children. Indiana does not want a circular award under which it pays with one hand what it receives with the other. . . . [Indiana's] request for an award of costs against the next friends is denied.").

[8] The Court notes that while there are different standards for the recovery of attorney's fees and costs in civil rights litigation as to prevailing plaintiffs and prevailing defendants, that is what Congress intended. *See, e.g., Fox v. Vice*, 563 U.S. 826, 832-33 (2011) ("The statute involved here, 42 U.S.C. § 1988, allows the award of 'a reasonable attorney's fee' to 'the prevailing party' in various kinds of civil rights cases, including suits brought under § 1983. . . . When a plaintiff succeeds in remedying a civil rights violation, we have stated, he serves 'as a "private attorney general," vindicating a policy that Congress considered of the highest priority.' . . . Fee shifting in such a case at once reimburses a plaintiff for 'what it cos[t] [him] to vindicate [civil] rights' and holds to account 'a violator of federal law.' . . . § 1988 also authorizes a fee award to a prevailing defendant, but under a different standard reflecting the 'quite different equitable considerations' at stake. In enacting § 1988, . . . Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis.' Accordingly, § 1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" (citations omitted)); *Christiansburg Garment Co. v. Equal*

Case No. 3:22-cv-00129-SLG, *Mary B., et al., v. Dompeling, et al.*
Order on Bill of Costs
Page 3 of 4

Case 3:22-cv-00129-SLG    Document 481    Filed 07/24/26    Page 3 of 4

DATED this 24th day of July 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

*Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978) ("To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.").

Case No. 3:22-cv-00129-SLG, *Mary B., et al., v. Dompeling, et al.*
Order on Bill of Costs
Page 4 of 4

Case 3:22-cv-00129-SLG     Document 481     Filed 07/24/26     Page 4 of 4